UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| NIZAR S. NAYANI, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:22-cv-06833-JSR |
|  | : |  |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
|  | : | MEMORANDUM OF LAW IN SUPPORT |
| vs. | : | OF MOTION FOR APPOINTMENT AS |
|  | : | LEAD PLAINTIFF AND APPROVAL OF |
| LIFESTANCE HEALTH GROUP, INC. | : | LEAD PLAINTIFF'S SELECTION OF |
| MICHAEL K. LESTER, J. MICHAEL | : | LEAD COUNSEL |
| BRUFF, ROBERT BESSLER, DARREN | : |  |
| BLACK, JEFFREY CRISAN, WILLIAM | : |  |
| MILLER, JEFFREY RHODES, ERIC | : |  |
| SHUEY, KATHERINE WOOD, MORGAN | : |  |
| STANLEY & CO. LLC, GOLDMAN SACHS | : |  |
| & CO. LLC, J.P. MORGAN SECURITIES | : |  |
| LLC, JEFFERIES LLC, TPG CAPITAL BD, | : |  |
| LLC, UBS SECURITIES LLC, and WILLIAM | : |  |
| BLAIR & COMPANY, L.L.C., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

---

Pursuant to the October 14, 2022 Status Conference and this Court's Order, Nizar S. Nayani respectfully submits this memorandum of law in support of his motion for entry of an order: (i) appointing Mr. Nayani as lead plaintiff for the class pursuant to §27A(a)(3)(B) of the Securities Act of 1933 ("1933 Act"), 15 U.S.C §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approving Mr. Nayani's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel.

## I.    PRELIMINARY STATEMENT

Mr. Nayani filed the above-captioned securities class action on August 10, 2022, on behalf of all purchasers of common stock of LifeStance Health Group, Inc. ("LifeStance" or the "Company") pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with LifeStance's June 10, 2021 initial public stock offering (the "IPO"), seeking to pursue remedies under the 1933 Act.

The PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §77z-1(a)(3)(B)(i).  Here, Mr. Nayani should be appointed as lead plaintiff because he: (1) filed the initial complaint; (2) has a financial interest in the outcome of this litigation; and (3) will continue to typically and adequately represent the class's interests.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).  In addition, Mr. Nayani's selection of Robbins Geller to serve as lead counsel should be approved because the firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

LifeStance is one of the nation's largest providers of virtual and in-person outpatient mental health care services.  LifeStance benefitted from the state and local lockdown orders necessitated by

4891-8817-9258.v1

the COVID-19 pandemic starting in the spring of 2020. But by December 2020, several COVID-19 vaccines were being approved and administered, meaning LifeStance's access to clients seeking virtual mental health services would significantly decline while demand for in-person services would increase. LifeStance conducted the IPO on June 10, 2021, selling 46 million shares at $18.00 per share, raising $828 million in gross proceeds. LifeStance common stock trades on the NASDAQ under the ticker LFST.

Mr. Nayani alleges that the IPO's registration statement failed to disclose the following material facts: (i) that the number of virtual visits clients were undertaking utilizing LifeStance was decreasing as the COVID-19 lockdowns were being lifted, thereby flat-lining LifeStance's out-patient/virtual revenue growth; (ii) that the percentage of in-person visits clients were undertaking utilizing LifeStance was increasing as the COVID-19 lockdowns were being lifted, thereby causing LifeStance's operating expenses to increase substantially; (iii) that LifeStance had lost a large number of physicians due to burn-out and, as a result, its physician retention rate had fallen significantly below the 87% highlighted in the IPO's registration statement and LifeStance had been expending additional costs to onboard new physicians who were less productive than the outgoing physicians they were replacing; and (iv) as a result, LifeStance's business metrics and financial prospects were not as strong as the IPO's Registration Statement represented.

At the time of the filing of Mr. Nayani's complaint (ECF 1), LifeStance stock traded in a range of $4.77-$7.70, a reduction of upwards of 73% from the price the shares were sold at in the IPO.

4891-8817-9258.v1

III.    ARGUMENT

    A.    **Mr. Nayani Is the "Most Adequate" Plaintiff and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. 15 U.S.C. §77z-1(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I). Mr. Nayani meets these requirements and should be appointed Lead Plaintiff.

    1.    **Mr. Nayani Filed the Complaint and Published Notice**

Mr. Nayani filed the initial complaint in this case on August 10, 2022 and published statutory notice the same day on *Business Wire* advising class members of the pendency of the action, its alleged claims, its class definition, and the deadline for class members to seek lead plaintiff status by filing a motion. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Rosenfeld Decl."). Given that the PSLRA provides that the presumptively most adequate plaintiff is one who "***either*** filed the complaint or made a motion in response to a notice," (*see* 15 U.S.C. §77z-

- 3 -

1(a)(3)(B)(iii)(I)(aa)) (emphasis added), Mr. Nayani is plainly eligible for appointment as lead plaintiff.[1]

### 2.     Mr. Nayani Has a Financial Interest in the Relief Sought by the Class that He Is Determined to Protect

As evidenced by his PSLRA Certification and loss chart submitted herewith, Mr. Nayani purchased LifeStance common stock in or traceable to the IPO and suffered a loss of approximately $385.32 as a result of defendants' alleged violations of the federal securities laws.  *See* Rosenfeld Decl., Exs. B, C.

### 3.     Mr. Nayani Satisfies Typicality and Adequacy Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff movant must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  At this early stage of litigation, only typicality and adequacy are pertinent.  *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).  As explained below, Mr. Nayani readily meets these requirements.

### a.     Mr. Nayani's Claims Are Typical

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id*. (citation omitted).

Mr. Nayani satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of LifeStance common stock and suffered losses as a result of defendants' alleged misconduct.  Indeed, like all other class members, Mr. Nayani: (1) purchased LifeStance

---

[1]     *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 566 n.1 (S.D.N.Y. 2015) ("Although Ostroviak did not file a formal motion to serve as lead plaintiff, the Court considers him as a potential lead plaintiff because he filed a Complaint.").

4891-8817-9258.v1

common stock in or traceable to the Company's IPO; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby.  In other words, Mr. Nayani's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.  Thus, Mr. Nayani's claims are typical of the class.

### b.      Mr. Nayani Will Continue to Adequately Represent the Class

Mr. Nayani also meets the adequacy requirement of Rule 23.  "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'"  *Lopez*, 2015 WL 2431484, at \*2 (citations omitted).

Mr. Nayani's interests are aligned with those of other class members given that each class member's theory of securities law violations is fundamentally the same.  Mr. Nayani has demonstrated his adequacy by filing the only complaint in this action and submitting a Declaration reaffirming his willingness to serve as, and to assume the responsibilities of, lead plaintiff.  *See* Rosenfeld Decl., Exs. B, D.  Finally, Mr. Nayani has demonstrated his adequacy through his selection of Robbins Geller to serve as lead counsel.

### B.      The Court Should Approve Mr. Nayani's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).  Mr. Nayani has selected Robbins Geller to serve as lead counsel in this case.[2]

---

[2]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4891-8817-9258.v1

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See*, *e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").  In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[3]  As such, Mr. Nayani's selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[3]    *See*, *e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691- JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,

4891-8817-9258.v1

## IV.    CONCLUSION

For the foregoing reasons, Mr. Nayani respectfully requests that the Court: (i) appoint him as lead plaintiff and (ii) approve his selection of Robbins Geller as lead counsel.

DATED:  October 17, 2022                    Respectfully submitted,

                                                    ROBBINS GELLER RUDMAN
                                                      & DOWD LLP
                                                    SAMUEL H. RUDMAN
                                                    DAVID A. ROSENFELD
                                                    MARY K. BLASY


                                                    _s/ David A. Rosenfeld_
                                                    DAVID A. ROSENFELD

                                                    58 South Service Road, Suite 200
                                                    Melville, NY  11747
                                                    Telephone:  631/367-7100
                                                    631/367-1173 (fax)
                                                    srudman@rgrdlaw.com
                                                    drosenfeld@rgrdlaw.com
                                                    mblasy@rgrdlaw.com

                                                    Proposed Lead Counsel for Proposed Lead Plaintiff

---

No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

4891-8817-9258.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I authorized the electronic filing of the foregoing on October 17, 2022, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4891-8817-9258.v1

# Mailing Information for a Case 1:22-cv-06833-JSR Nayani v. LifeStance Health Group, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Sara A. Bellin**
  sara.bellin@ropesgray.com,courtalert@ropesgray.com

- **Martin Jonathan Crisp**
  martin.crisp@ropesgray.com,courtalert@ropesgray.com

- **William T Davison**
  william.davison@ropesgray.com,CourtAlert@RopesGray.com

- **Cole A Goodman**
  cole.goodman@ropesgray.com,courtalert@ropesgray.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,tsayre@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **James Michael LoPiano**
  jlopiano@pomlaw.com,ashmatkova@pomlaw.com

- **Daniel V McCaughey**
  daniel.mccaughey@ropesgray.com,courtalert@ropesgray.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Brittny Jordan
,