UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| NIZAR S. NAYANI, Individually and on Behalf of All Others Similarly Situated, | x : : : | Civil Action No. 1:22-cv-06833-JSR |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : : | NIZAR S. NAYANI'S RESPONSE TO BRITTNY JORDAN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF (ECF 14) |
| LIFESTANCE HEALTH GROUP, INC. MICHAEL K. LESTER, J. MICHAEL BRUFF, ROBERT BESSLER, DARREN BLACK, JEFFREY CRISAN, WILLIAM MILLER, JEFFREY RHODES, ERIC SHUEY, KATHERINE WOOD, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TPG CAPITAL BD, LLC, UBS SECURITIES LLC, and WILLIAM BLAIR & COMPANY, L.L.C., | : : : : : : : : : : : : : : | |
| Defendants. | : : : x | |

4859-5023-3147.v1

Plaintiff Nizar S. Nayani respectfully submits this response to Brittny Jordan's lead plaintiff motion (ECF 14) pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA provides that courts are to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial  interest in the relief sought by the class" **and** "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). While Ms. Jordan claims a loss that is roughly $200 larger than Mr. Nayani's loss, the facts before the Court – namely Ms. Jordan's failure to spell her name correctly in her lead plaintiff motion, Certification, and Declaration as well as her failure to disclose her professional affiliation with defendant LifeStance Health Group, Inc. – casts doubt as to Ms. Jordan's ability and willingness to adequately represent the class and monitor her two law firms. Mr. Nayani, who filed the initial Complaint in this Action that protected the class from any possible timeliness argument by defendants, remains committed to ensuring that this Action is prosecuted by an engaged and determined lead plaintiff.

On October 17, 2022, Ms. Jordan confirmed for the Court that "[d]ue to a scrivener's error, Jordan's last name was incorrectly spelled as 'Jordon' in the papers submitted in support of her Lead Plaintiff Motion, including her Shareholder Certification (Dkt. No. 17-3) and Declaration (Dkt. No. 17-4)." ECF 24. To be clear, this was not the sort of error in which Ms. Jordan's last name was misspelled once or twice in a court filing that she might not have been expected to have reviewed before its filing. The error in the spelling of her own name was repeated throughout her personally executed Certification **and** Declaration – which means she had to review them, even if just cursorily – as well as her lead plaintiff motion, memorandum, proposed order, and loss calculation. *See* ECF 14-17. Such a blatant gaffe in the very first filing in this case suggests an inattention to detail and deference to counsel inconsistent with the PSLRA's lead plaintiff provisions.

4859-5023-3147.v1

While it is certainly true that "the goal of the PSLRA was not to select [lead plaintiffs] who make no mistakes," Ms. Jordan's failure to file a sworn Certification and Declaration that accurately reflect *her own name* is the type of error that other courts in this district have found disqualifying, even when later corrected by counsel. *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 399 (S.D.N.Y. 2014).[1] And while Ms. Jordan's counsel characterizes the misspelling of Ms. Jordan's name throughout *all* of the seven different documents filed with the Court as a mere "scrivener's error" (ECF 24), they ignore the concerning sequence of events that had to transpire for such a "scrivener's error" to have occurred in the first place. Indeed, as was the case in *In re Boeing Co. Aircraft Sec. Litig*, 2020 WL 476658, at \*5 (N.D. Ill. Jan. 28, 2020), *recons. denied by* 2020 WL 476658 (N.D. Ill. Jan. 28, 2020), "[o]ne of two things happened here: either [Jordan] reviewed the [lead plaintiff papers] and neglected to correct them despite errors that should have been obvious to [her] based on [her] own [name], or [she] didn't review the [lead plaintiff papers] at all." *Id*. "Under either scenario, [her] failure to discover these obvious errors independently warrants a determination that [Ms. Jordan] will not be [an] adequate representative[] of the class." *Id*. (collecting cases).

---

[1]     *See Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at \*5 (S.D.N.Y. Sept. 19, 2019) (finding that "[a]lthough Meitav submits that this clerical error was a 'minor defect[ ],' . . . this error 'nonetheless speak[s] to a level of carelessness,' and causes me 'to doubt whether [Meitav] possesses the necessary adequacy and sophistication to be lead plaintiff'"); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at \*6 (S.D.N.Y. Oct. 30, 2019), *adhered to on recons. by* 2019 WL 6619341 (S.D.N.Y. Dec. 5, 2019) (denying motion by movant with larger financial interest and concluding that the "Court is disquieted by the errors contained in [movant's] original submissions" which "took the [movant] nearly two weeks [to correct]" because the certification "struck at the core of the PSLRA's lead plaintiff inquiry"); *Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at \*6 n.7 (S.D.N.Y. Dec. 5, 2019) (disqualifying movant who failed to list a case in which he sought lead plaintiff status in his PSLRA certification, finding that "[e]ven if [movant] had the largest financial interest in this action, I find that '[t]he certification errors in [movant's] submissions "militate against appointment and render [him] inadequate to serve as lead plaintiff under Rule 23's adequacy requirement."'"); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at \*3 (S.D.N.Y. July 31, 2007) (finding that discrepancies in certification "indicate[] a certain carelessness about detail that undermines the adequacy of [the movant] as a lead plaintiff"). Unless otherwise noted herein, all emphasis is added and citations are omitted.

4859-5023-3147.v1

"Had [Ms. Jordan] been serious about h[er] responsibilities as a budding class representative, [s]he should not have had to have been alerted to these basic errors in the first place." *Id.*; *Rodriguez v. DraftKings Inc*., 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("Kaintz seeks to minimize the issue as a 'clerical error' . . . . The Court is not buying.").

Compounding that fundamental problem, Ms. Jordan neglected to inform the Court when describing her background in her Declaration that she was employed by or affiliated with LifeStance Health during and/or after the Company's IPO and was one of the "Providers" profiled on LifeStance Health's website as recently as June 19, 2021,[2] which likewise casts doubt on her ability to satisfy the PSLRA's typicality requirement.[3]  Specifically, while Ms. Jordan states that she "***is not aware of any unique defenses Defendants could raise that would render her inadequate to represent the Class***," it strains credulity to believe that neither Ms. Jordan nor her counsel thought it relevant to her "background" or "decision to seek appointment as Lead Plaintiff [in this Action]" that, as a mental health professional affiliated with LifeStance Health, she had first-hand information regarding the allegations in the Complaint.[4]  ECF 16 at 11.

---

[2]    https://web.archive.org/web/20210619004837/https://lifestance.com/provider/brittny-jordan-lcsw/ (archive of LifeStance Health's website as of June 19, 2021) (last visited Oct. 21, 2022).

[3]    *See* https://www.zocdoc.com/professional/brittny-jordan-lcsw-295894 ("What practice does Brittny Jordan work with?  Brittny Jordan works with LifeStance Health – Pennsylvania") (last visited Oct. 21, 2022).

[4]    *See* ECF 1 at ¶14 ("Also, because LifeStance had been utilizing physicians from around the country to meet strong patient demand during the COVID-19 lockdowns, increasing inpatient service demand was increasing the workload on certain of its physicians, many of whom were getting burned out and resigning, requiring that new physicians be hired and trained.").

4859-5023-3147.v1



Ms. Jordan's recent role as a LifeStance Health Provider, at a minimum, creates "the appearance of a conflict of interest" that may render Ms. Jordan unable to lead the case. *Lifschitz v. Hexion Specialty Chems., Inc.*, 2009 WL 734040, at *2 (S.D.N.Y. Mar. 18, 2009). Nowhere does Ms. Jordan state, for example, that in connection with either the commencement and/or termination of her employment/affiliate relationship with LifeStance Health was there no "'agree[ment] to release each other from all claims and actions they have or may have against each other.'" *Id*. Equally concerning, neither Ms. Jordan nor her counsel "advise[d] the Court that she was a [defendant] employee . . . until counsel for [an opposing movant] raised it." *In re Michaels Stores, Inc. Sec. Litig.*, 2003 WL 27391238, at *2 (N.D. Tex. Oct. 24, 2003).[5] Whether Ms. Jordan's non-disclosure reflects a decision to withhold this information (because of the negative implications on her typicality and adequacy) or is simply further indicia of a relative inattentiveness and/or

---

[5]    *See id*. (declining to appoint lead plaintiff movant because of the "potential conflict of interest which arises from her working for [defendant], and particularly in areas such as inventory control, that may very well be a subject of this litigation, cause the Court to conclude that [movant] is subject to unique defenses that render her incapable of adequately representing the class, and that her claims are not typical and that she is not an adequate representative of the class").

4859-5023-3147.v1

unfamiliarity with the lead plaintiff role, what is clear is that Ms. Jordan has not made a robust Rule 23 showing thus far.

By contrast, Mr. Nayani has already demonstrated his commitment to ensuring a successful outcome to this litigation. For example, Mr. Nayani filed the initial Complaint in this Action, and in doing so safeguarded the entire class against any timeliness arguments in connection with the Company's August 11, 2021 disclosures. *See* ECF 1 at ¶25. Moreover, Mr. Nayani has made arrangements to appear **in person** at the October 27, 2022 hearing to further demonstrate his commitment to this case and to act on behalf of the class. To be clear, Mr. Nayani understands that both his and Ms. Jordan's financial interests are modest in absolute terms.[6] But Mr. Nayani does not claim – as Ms. Jordan does – that his motivation to maximize the recovery in this case is solely rooted in the significance of his financial interest.[7] Rather, Mr. Nayani's motivation to zealously prosecute this Action is also driven by a sincere desire to ensure that the alleged wrongdoing in this case does not go unaddressed, and that all class members' recoveries are maximized. Mr. Nayani is familiar with this Court's practices and preferences for selecting lead plaintiffs and to ensuring that any lead plaintiff has demonstrated an ability to effectively oversee lead counsel in accordance with the PSLRA's intention of promoting client-driven litigation. Mr. Nayani is looking forward to

---

[6]    *But see Solomon v. Sprint Corp.*, No. 1:19-cv-05272-MKV (S.D.N.Y. May 13, 2020) (sole lead plaintiff who lost $65 under the last-in, first-out method led the class to a recovery of $3,750,000, pending final approval); *Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-cv-00815-PPS-MGG (N.D. Ind.) (sole lead plaintiff with loss of $5,473 appointed in case that resulted in $50 million settlement); *City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 5:12-cv-5162 (W.D. Ark.) (sole institutional lead plaintiff movant which admitted to having a **gain** under the first-in, first-out method (but a loss of less than $20,000 under the last-in, first-out method) led the class to a recovery of $160 million).

[7]    *Cf*. ECF 17-4 at ¶5 (Ms. Jordan claiming that: "***Given my significant financial interest in the claims against the defendants***, I am strongly motivated to recover the significant losses that I and the Class suffered as a result of defendants' violations of the federal securities laws.").

- 5 -

addressing the Court in person and demonstrating that he satisfies these and the PSLRA's other requirements.

DATED:  October 21, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARY K. BLASY

*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mblasy@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 6 -

4859-5023-3147.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 21, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  srudman@rgrdlaw.com

4859-5023-3147.v1

# Mailing Information for a Case 1:22-cv-06833-JSR Nayani v. LifeStance Health Group, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Sara A. Bellin**
  sara.bellin@ropesgray.com,courtalert@ropesgray.com

- **Martin Jonathan Crisp**
  martin.crisp@ropesgray.com,courtalert@ropesgray.com

- **William T Davison**
  william.davison@ropesgray.com,CourtAlert@RopesGray.com

- **Cole A Goodman**
  cole.goodman@ropesgray.com,courtalert@ropesgray.com

- **Michael Grunfeld**
  mgrunfeld@pomlaw.com,ipareja@pomlaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,tsayre@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **James Michael LoPiano**
  jlopiano@pomlaw.com,ashmatkova@pomlaw.com

- **Daniel V McCaughey**
  daniel.mccaughey@ropesgray.com,courtalert@ropesgray.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Esther C. Townes**
  esther.townes@davispolk.com,ecf.ct.papers@davispolk.com

- **Brian Stryker Weinstein**
  brian.weinstein@dpw.com,ecf.ct.papers@davispolk.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)