**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIZAR S. NAYANI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIFESTANCE HEALTH GROUP, INC., MICHAEL K. LESTER, J. MICHAEL BRUFF, ROBERT BESSLER, DARREN BLACK, JEFFREY CRISAN, WILLIAM MILLER, JEFFREY RHODES, ERIC SHUEY, KATHERINE WOOD, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TPG CAPITAL BD, LLC, UBS SECURITIES LLC, and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Civil Action No. 1:22-cv-06833-JSR |

**DEFENDANTS' JOINT MEMORANDUM OF LAW OPPOSING THE MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF OF BRITTNY JORDAN AND NIZAR NAYANI**

**ROPES & GRAY LLP**
Martin J. Crisp
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 596-5000
Fax: (212) 596-9090
Martin.Crisp@ropesgray.com

Daniel V. McCaughey (admitted *pro hac vice*)
William T. Davison (admitted *pro hac vice*)
Cole A. Goodman (admitted *pro hac vice*)
Sara A. Bellin (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street

**DAVIS POLK & WARDWELL LLP**
Brian S. Weinstein
Esther C. Townes
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
Brian.Weinstein@davispolk.com
Esther.Townes@davispolk.com

*Attorneys for Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, TPG Capital BD, LLC, UBS Securities LLC, and William Blair & Company, L.L.C.*

Boston, MA 02199
Tel: (617) 951-7000
Fax: (617) 951-7050
Daniel.McCaughey@ropesgray.com
William.Davison@ropesgray.com
Cole.Goodman@ropesgray.com
Sara.Bellin@ropesgray.com

*Attorneys for Defendants LifeStance Health
Group, Inc., Michael K. Lester, J. Michael
Bruff, Robert Bessler, Darren Black, Jeffrey
Crisan, William Miller, Jeffrey Rhodes, Eric
Shuey, and Katherine Wood*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT....................................................................................................................... 2

I.    NEITHER PROPOSED LEAD PLAINTIFF SATISFIES THE PSLRA'S LEAD
      PLAINTIFF REQUIREMENTS.................................................................................... 2

      A.   The Proposed Lead Plaintiffs' *De Minimis* Losses Do Not Adequately Incentivize Them
           to Properly Supervise this Action ........................................................................ 3

      B.   The Proposed Lead Plaintiffs' Filings Show That They Are Not Adequately Incentivized
           to Properly Supervise This Action....................................................................... 5

II.   NEITHER THE PROPOSED LEAD PLAINTIFFS NOR THE CLASS WOULD BE
      PREJUDICED BY DENIAL OF THE MOTIONS................................................. 8

CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Allergan PLC Sec. Litig.*,
  2020 WL 5796763 (S.D.N.Y Sept. 29, 2020)................................................................6

*Bosch v. Credit Suisse Grp. AG*,
  2022 WL 4285377 (E.D.N.Y. Sept. 12, 2022) ......................................................2, 5, 8

*In re Century Bus. Servs. Sec. Litig.*,
  202 F.R.D. 532 (N.D. Ohio 2001) ...........................................................................2, 8

*City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*,
  844 F. Supp. 2d 498 (S.D.N.Y. 2012)..............................................................1, 4, 6, 7

*Faria v. Allstate Merchant Serv., LLC*,
  2010 WL 1541576 (S.D.N.Y. Apr. 13, 2010)..............................................................8

*Finocchiaro v. NQ Mobile, Inc.*,
  2016 WL 7031613 (S.D.N.Y. Dec. 1, 2016) ...............................................................2

*Guo v. Tyson Foods, Inc.*,
  2022 WL 5041798 (E.D.N.Y. Sept. 30, 2022) ....................................................2, 5, 8

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Serv. and
  Securitization, LLC*,
  616 F. Supp. 2d 461 (S.D.N.Y. 2009)......................................................................3, 4

*Pirelli Armstrong Tire Corp. Ret. Med. Benefits v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................3

*Plaut v. Goldman Sachs Grp., Inc.*,
  2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019)............................................................7

*Plymouth Cnty. Ret. Ass'n v. Innovative Tech., Inc.*,
  2021 WL 4298191 (S.D.N.Y. Sept. 21, 2021)............................................................3

*In re Razorfish, Inc. Sec. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001)........................................................................4

*Richman v. Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) ...............................................................................5

*Solomon v. Sprint Corp.*,
  2020 WL 8084268 (S.D.N.Y. May 13, 2020) ............................................................4

**Statutes**

15 U.S.C. § 77m.................................................................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ............................................................................................2

Pursuant to the Court's minute order of October 14, 2022, Defendants respectfully submit this memorandum of law opposing Brittny Jordan's ("Plaintiff Jordan") and Nizar Nayani's ("Plaintiff Nayani") Motions for Appointment as Lead Plaintiff and for Approval of Lead Counsel (Dkt. Nos. 14 and 26) (together, the "Motions").

## PRELIMINARY STATEMENT

In enacting the Private Securities Litigation Reform Act ("PSLRA"), Congress sought "to curtail the champertous vice of 'lawyer-driven' securities litigation." *City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 844 F. Supp. 2d 498, 500 (S.D.N.Y. 2012). To prevent such lawyer-driven suits, Congress required that any proposed lead plaintiff make a preliminary showing that it satisfies the adequacy and typicality requirements of Federal Rule of Civil Procedure 23. The PSLRA therefore mandates that a proposed lead plaintiff show that it has a sufficient interest in the outcome of the case such that it will adequately monitor counsel's performance and control the litigation on behalf of the putative class.

Neither proposed lead plaintiff can make such a showing. Plaintiff Jordan and Plaintiff Nayani each claim losses of less than $700—only $608 and $385.32, respectively. These *de minimis* losses are insufficient to incentivize them to adequately supervise the litigation and protect the interests of absent class members. Their filings to date prove as much. Instead of vigorously prosecuting his claim, Plaintiff Nayani allowed his attorneys to wait until the very last day of the statute of limitations period to file suit—a lawyer-driven tactic with no discernable benefit to him. For her part, Plaintiff Jordan failed to file a claim before the statute of limitations period expired. When she filed her Motion, she signed a certification and declaration in which her name was repeatedly misspelled, and which omitted that she is a former employee of a practice affiliated with Defendant LifeStance Health Group, Inc. ("LifeStance"), which issued the public disclosures Plaintiff Jordan seeks to challenge.

These initial filings expose this action as the type of lawyer-driven litigation that the PSLRA was designed to prevent, and underscore the importance of having a lead plaintiff with an economic stake sufficient to incentivize proper oversight.  Defendants therefore respectfully request that the Court deny the Motions.

## ARGUMENT

**I.    NEITHER PROPOSED LEAD PLAINTIFF SATISFIES THE PSLRA'S LEAD PLAINTIFF REQUIREMENTS**

The PSLRA states that a lead plaintiff must show, among other things, that it "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).  Accordingly, a proposed lead plaintiff must "make a preliminary, prima facie showing that its claims satisfy the typicality and adequacy requirements of Rule 23."  *Bosch v. Credit Suisse Grp. AG*, 2022 WL 4285377, at *4 (E.D.N.Y. Sept. 12, 2022) (collecting cases).[1] A proposed lead plaintiff makes a preliminary showing of adequacy under Rule 23 when: (1) class counsel is qualified and experienced, (2) there is no conflict between the proposed lead plaintiff and members of the class, and (3) the proposed lead plaintiff "***has a sufficient interest in the outcome of the case to ensure vigorous advocacy***."  *Plymouth Cnty. Ret. Ass'n v. Innovative Tech.,*

---

[1]The PSLRA does not require a court to appoint a lead plaintiff if no proposed plaintiff has made the necessary prima facie showing under Rule 23.  To the contrary, "it is well settled that the Court is obligated to evaluate the requirements of the PSLRA" for each lead plaintiff, and a court may decline to appoint any lead plaintiff if none make a prima facie showing of adequacy.  *Bosch*, 2022 WL 4285377, at *6 (denying lead plaintiff application and rejecting argument that the court could not deny his motion because the PSLRA's "language that the court 'shall appoint as lead plaintiff' is mandatory and removes a court's discretion to deny appointment"); *see also Guo v. Tyson Foods, Inc.*, 2022 WL 5041798, at *6 (E.D.N.Y. Sept. 30, 2022) (denying sole lead plaintiff application due to inadequacy); *Finocchiaro v. NQ Mobile, Inc.*, 2016 WL 7031613, at *3 (S.D.N.Y. Dec. 1, 2016) (same); *In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 534 (N.D. Ohio 2001) (denying all motions for lead plaintiff because no option "satisf[ied] ***all*** of the requirements of the [PSLRA]" (emphasis in original)).

*Inc.*, 2021 WL 4298191, at \*2 (S.D.N.Y. Sept. 21, 2021) (emphasis added).[2]  Both proposed lead

plaintiffs have failed to make a prima facie showing that they have an interest in this action that is

sufficient to ensure "vigorous advocacy" on behalf of absent class members, given their *de minimis*

investment losses and their lack of oversight of their preliminary filings in this action.  Both

proposed lead plaintiffs have therefore failed to show that they satisfy the adequacy requirement

of Rule 23.

> **A.     The Proposed Lead Plaintiffs' *De Minimis* Losses Do Not Adequately
> Incentivize Them to Properly Supervise this Action**

Plaintiff Jordan and Plaintiff Nayani each fail to satisfy the third prong of Rule 23's

adequacy requirement because their negligible financial interest in this litigation is insufficient to

ensure their vigorous oversight of counsel and adequate representation of the interests of absent

class members.  As this Court has previously held, "the lead plaintiff provisions of the PSLRA

were intended to curtail the vice of 'lawyer-driven' litigation, *i.e.*, lawsuits that, because of the

huge potential fees available in contingent securities fraud actions, were initiated and controlled

by the lawyers and appeared to be litigated more for their benefit than for the benefit of the

shareholders ostensibly represented." *Iron Workers Local No. 25 Pension Fund v. Credit-Based

Asset Serv. and Securitization, LLC*, 616 F. Supp. 2d 461, 463 (S.D.N.Y. 2009); *accord Lockheed

Martin*, 844 F. Supp. 2d at 500.  Congress therefore intended for the lead plaintiff provisions of

the PSLRA to encourage "large institution[s] or otherwise sophisticated investor[s]"—with

---

[2] The adequacy analysis is generally performed only for the plaintiff who has the largest financial interest in the litigation.  *See Pirelli Armstrong Tire Corp. Ret. Med. Benefits v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 411 (S.D.N.Y. 2004) ("Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.") (internal quotation marks omitted).  Defendants take no position on which proposed lead plaintiff has the largest financial interest.  Because Plaintiff Jordan and Plaintiff Nayani suffer from the same deficiency, neither is entitled to the PSLRA's most adequate plaintiff presumption regardless of who has the largest financial interest.

correspondingly large financial stakes in the litigation—to act "like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price." *Iron Workers*, 616 F. Supp. 2d at 464 (citation omitted).

Plaintiff Jordan and Plaintiff Nayani—investors with *de minimis* claimed losses—are not sufficiently interested in the litigation to act like "real client[s]." *Iron Workers*, 616 F. Supp. 2d at 464. For one, Plaintiff Jordan claims a loss of only $608, and Plaintiff Nayani claims an even smaller loss of $385.32 (which he admits is "modest in absolute terms"). *See* Dkt. No. 16 at 8; Dk. No. 27 at 4; Dkt. No. 34 at 5.[3] Courts in the Second Circuit have repeatedly rejected lead plaintiff applicants with such inconsequential losses because they "bear[] no relationship whatever to the kind of client Congress had in mind as lead plaintiff." *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 310 (S.D.N.Y. 2001) (finding proposed plaintiff's approximately $40,000 in losses were "unlikely to provide the kind of incentive for close supervision of counsel that the [PSLRA] contemplates, let alone an incentive to strongly negotiate counsel's fees"); *see also, e.g.*, *Guo*, 2022 WL 5041798, at *5–6 (denying motion to appoint lead plaintiffs who claimed cumulative losses of $323.20); *Bosch*, 2022 WL 4285377, at *5 (citation omitted) (declining to appoint lead plaintiff where plaintiff claimed damages of only $621); *Richman v. Goldman Sachs*

---

[3] The cases that Plaintiff Nayani cites in his Response to Jordan's Motion for Appointment as Lead Plaintiff (Dkt. No. 34 at 5 n.6) do not support his appointment. In *Shah v. Zimmer Biomet Holdings, Inc.*, the lead plaintiff claimed losses of approximately $5,473— substantially more than Plaintiff Nayani's claimed loss. *See* 2017 WL 1207158, at *2 (N.D. Ind. Apr. 3, 2017). In *City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, the only lead plaintiff movant was an institutional investor that claimed it "suffered actual losses of approximately $20,000." *See* City of Pontiac Gen. Emps.' Ret. Sys.'s Resp. to Defs.' Opp'n to Entry of [Proposed] Order, 5:12-cv-05162-SOH (W.D. Ark. July 11, 2012) (Dkt. No. 38 at 4). And in *Solomon v. Sprint Corp.*, the sole lead plaintiff application went unchallenged, as the court specifically noted in its order of appointment, and the court did not consider whether his financial interest was sufficient to adequately monitor his counsel. *See Solomon v. Sprint Corp.*, 2020 WL 8084268, at *2 (S.D.N.Y. May 13, 2020) ("Finally, no one has submitted any evidence or argument to rebut Solomon's status as the presumptive most adequate plaintiff.").

*Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011) (rejecting motion for appointment of lead plaintiff

because the "dollar amount" and plaintiff's "financial interest are minimal to the point of being *de*

*minimis*.  Her proposed relief would result in a very tiny tail wagging a very large dog.").[4]

**B.      The Proposed Lead Plaintiffs' Filings Show That They Are Not Adequately Incentivized to Properly Supervise This Action**

The way the proposed lead plaintiffs have pursued their claims to date shows that they

cannot fulfill their mandate to exercise vigorous control over counsel.  Plaintiff Nayani filed his

complaint on the very last day of the statute of limitations period for a claim asserted under Section

11 of the Securities Act of 1933.  *See* 15 U.S.C. § 77m (noting 1-year statute of limitations);

Compl. ¶¶ 25–26 (alleging that the purported corrective disclosure occurred on August 11, 2021,

exactly one year before Plaintiff Nayani filed his complaint).  Plaintiff Nayani touts his filing of

the complaint as having "safeguarded the entire class against any timeliness arguments."  Dkt. No.

34 at 5.  But waiting until the last day of a limitations period to file his complaint suggests a lawyer-

driven action, not zealous client oversight.  Whatever his counsel's reasons for that delay—

whether an effort to find a prospective lead plaintiff with more substantial losses, or to foreclose

additional claims by rival lead plaintiffs—these "procedural tactics" suggest that it "is Robbins

---

[4] Indeed, Plaintiff Jordan's proposed lead counsel has previously opposed a competing lead plaintiff application on the basis that the rival proposed plaintiff had only "*de minimis*—if any— losses" of $2,330.  *See* Mem. of Law in Further Supp. of James Conn's Mot. for Appointment as Lead Pl. for the First Republic Merger Class & in Opp'n to Opposing Mots. for Lead Pl., *In re Merrill Lynch & Co., Inc. Sec., Derivative and ERISA Litig.*, 542 F. Supp. 2d 1374 (U.S. Jud. Panel Multidistrict Litig. 2008) (No. 1:07-cv-9633) (Dkt No. 22 at 1–2, 11).  And, in contrast to their position here, Plaintiff Nayani's proposed lead counsel has argued that one of its clients—a "sophisticated institutional investor" pension fund—is "precisely the type of investor Congress sought to encourage to take the lead in securities cases like this one because, as 'institutional investors [they are] more likely to balance the interests of the class with the long-term interests of the company.'"  Sheet Metal Workers' Pension Fund of So. Cal., Ariz. & Nev.'s Opp'n to Competing Mots. for Appointment as Lead Pl., *Micholle v. Ophthotech Corp. et al.* (No. 1:17-cv-210) (S.D.N.Y. March 27, 2017) (Dkt. 44 at 2) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007)).

Geller, not [Plaintiff Nayani], driving this litigation." *Lockheed Martin*, 844 F. Supp. 2d at 502–03 (noting that Robbins Geller did not file lawsuit until the "very last day" before the statute of limitations period expired).

Plaintiff Jordan's filings further expose that these plaintiffs are not up to overseeing this litigation. She did not pursue her claim against Defendants until after the limitations period expired, demonstrating even less vigorous advocacy than Plaintiff Nayani.[5] She also failed to disclose in any of her filings or in her sworn statements supporting her Motion that she is a former employee of a clinical health practice that is a part of LifeStance's network.[6] Her former

---

[5] Plaintiff Jordan also seeks to be represented by two law firms—Pomerantz LLP (as lead counsel) and Bronstein, Gewirtz & Grossman, LLC ("Bronstein"). *See* Dkt. No. 16 at 10. "Unless there is some special reason why the services of two firms are needed, the appointment of co-lead counsel tends to inflate legal fees," which courts are generally "anxious to avoid." *In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *4 (S.D.N.Y Sept. 29, 2020); *see also id.* at *7 (finding Pomerantz and the Thornton Law Firm ("Thornton") were "inadequate to serve as class counsel," even when Thornton was officially deemed "additional" counsel, because they had entered into a fee sharing arrangement that "placed the interests of counsel ahead of those of the class"). Plaintiff Jordan has offered no reason why two firms need to be involved in this action, and her desire to retain two firms at the outset of the action further highlights the risk that this action would become a lawyer-driven case without adequate client supervision. What is more, Bronstein issued a stockholder notice and solicitation concerning its "investigation" into LifeStance and seeking potential plaintiffs by at least **September 15, 2021**—just after the first purported corrective disclosure. *See Bronstein, Gerwitz & Grossman, LLC Notifies Investors of LifeStance Health Group, Inc. (LFST) Investigation*, YAHOO! (Sept. 15, 2021), https://www.yahoo.com/now/bronstein-gewirtz-grossman-llc-notifies-150000560.html. That Plaintiff Jordan did ***not*** file a claim between then and the expiration of the limitations period suggests both that (1) she was unable to cause her counsel to file a claim on her behalf before it became time-barred, and (2) her counsel perceived her claim to be weak and is now only entering into the class action proceedings upon realizing that the initial filer has an even lower financial stake than Plaintiff Jordan.

[6] *See Brittny Jordan, LPC*, LINKEDIN, https://www.linkedin.com/in/brittny-jordan-lpc-327613179/ (noting she has been an employee with the Delaware County Professional Services group since February 2016); *see also Delaware County Professional Services to Join LifeStance Health Brand, Affirm Commitment to Clients*, PRNewswire (Dec. 16, 2020), https://www.prnewswire.com/news-releases/delaware-county-professional-services-to-join-lifestance-health-brand-affirm-commitment-to-clients-301194281.html; *Brittny Jordan, LCSW*, ZOCDOC, https://www.zocdoc.com/professional/brittny-jordan-lcsw-295894 (naming "LifeStance Health - Pennsylvania" as her "[p]ractice name[]").

employment with a LifeStance practice raises material questions as to whether her claims are typical of the class or subject to unique defenses. These glaring omissions raise severe doubts about her ability to vigorously supervise and litigate this action.

In addition, Plaintiff Jordan's original lead-plaintiff motion misspells her name dozens of times. This includes her original PSLRA certification—in which her name is misspelled in both the opening sentence and the signature block—and her sworn declaration, in which her name is again misspelled in the opening line and the signature block. *See* Dkt. No. 17-3; Dkt. No. 17-4. That Plaintiff Jordan did not notice these errors prior to signing her certification and declaration indicates that she is unlikely to supervise the litigation in the robust manner contemplated by the PSLRA. *See Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (denying appointment of lead plaintiff due to "clerical error" in his certification); *see also Lockheed Martin*, 844 F. Supp. 2d at 502 (raising concern that representative of retirement fund was not adequate lead plaintiff where "she was unable to recall a single instance since at least 2005 where she had asked counsel to change a pleading or alter its position").

To be clear, Defendants do not raise the misspelling of Plaintiff Jordan's own name (in a sworn certification and declaration) in order to criticize typographical errors, but instead to point out that she exhibits a "level of carelessness" providing "doubt [as to] whether [she] possesses the necessary adequacy and sophistication to be lead plaintiff." *Plaut*, 2019 WL 4512774, at *5. Her lack of careful review is unsurprising. No one could be expected to divert meaningful time to ensuring the accuracy of lengthy legal filings in order to recover alleged losses of approximately $385 or $608 dollars. Nor can either proposed lead plaintiff reasonably be expected to meaningfully review the 100-plus-page amended complaints that are standard fare in securities class actions, let alone supervise the briefing of a motion to dismiss or for class certification, or

the typical extended discovery process in such cases. That is precisely why the PSLRA requires the appointment of lead plaintiffs with a meaningful interest in the litigation.

Because neither proposed lead plaintiff can make even a preliminary showing of adequacy under Rule 23, the Motions should be denied.

## II.    NEITHER THE PROPOSED LEAD PLAINTIFFS NOR THE CLASS WOULD BE PREJUDICED BY DENIAL OF THE MOTIONS

The Court may deny the Motions without prejudicing either proposed lead plaintiff or the putative class. Both Plaintiff Nayani and Plaintiff Jordan may pursue their claims individually. *See, e.g.*, *Guo*, 2022 WL 5041798, at *6; *Bosch*, 2022 WL 4285377, at *7; *Faria v. Allstate Merchant Serv., LLC*, 2010 WL 1541576, at *1 (S.D.N.Y. Apr. 13, 2010) (denying motion to substitute new lead plaintiff and dismissing Fair Labor Standards Act class action where movant was not an adequate representative of the class, and noting that movant was "free to file his own separate action"). Indeed, it is the members of the putative class who "would be prejudiced if the Court were to appoint a lead plaintiff who fails to satisfy Rule 23's adequacy requirement." *Bosch*, 2022 WL 4285377, at *7 (rejecting argument that class would be prejudiced if sole lead plaintiff motion were denied because the action would be dismissed). The class would be represented by an individual who is not vigorously monitoring counsel's work to ensure that the class's interests are represented adequately, and the class claims would be subject to credible challenge under Rule 23 on class certification. Appointment of either lead plaintiff would waste both the parties' and the Court's resources in litigating a claim that could not be certified with either proposed lead plaintiff as a class representative. *See Century*, 202 F.R.D. at 541 (denying motions for lead plaintiff where appointment would "jeopardize[] the finality of class certification").

Lastly, any member of the purported class had ample opportunity to assert a Section 11 claim against Defendants. The first purported corrective disclosure cited in the Complaint

occurred on August 11, 2021 (Compl. ¶¶ 25–26), and prompted extensive "press releases" from stockholder class action plaintiffs' firms announcing "investigations" into potential securities claims against LifeStance.[7] Only Plaintiff Nayani filed a claim in the intervening year, at the very end of the limitations period. Tellingly, no institutional investors or even individual investors with meaningful investment losses stepped forward to assert a claim—leaving the unavoidable inference that the investors whom the PSLRA stated should lead securities class actions and who bring such claims regularly were uninterested in doing so here. Plaintiff Nayani and Plaintiff Jordan are not entitled to be appointed lead plaintiff simply because no acceptable lead plaintiff has stepped forward.

---

[7] *See, e.g.*, *(LFST) Alert: Johnson Fistel Launches Investigation into LifeStance Health Group – Stock Price Has Plummeted Since IPO; Investors Suffering Losses Encouraged to Contact the Firm*, PRNEWSWIRE (Aug. 12, 2021), https://www.prnewswire.com/news-releases/lfst-alert-johnson-fistel-launches-investigation-into-lifestance-health-group---stock-price-has-plummeted-since-ipo-investors-suffering-losses-encouraged-to-contact-the-firm-301354581.html; *LifeStance Health, Inc. Investors: Company Investigated by the Portnoy Law Firm*, GLOBALNEWSWIRE (Aug. 23, 2021), https://www.globenewswire.com/en/news-release/2021/08/24/2285164/0/en/LifeStance-Health-Inc-Investors-Company-Investigated-by-the-Portnoy-Law-Firm.html; *ONGOING INVESTIGATION ALERT: The Schall Law Firm Announces It Is Investigating Claims Against LifeStance Health Group, Inc. and Encourages Investors with Losses to Contact the Firm*, YAHOO!FINANCE (Sept. 6, 2021), https://finance.yahoo.com/news/ongoing-investigation-alert-schall-law-163200589.html.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff

Jordan's and Plaintiff Nayani's Motions.

Dated: October 24, 2022                          Respectfully submitted,


*/s/ Martin J. Crisp*                           */s/ Brian S. Weinstein*

**ROPES & GRAY LLP**                            **DAVIS POLK & WARDWELL LLP**

Martin J. Crisp                                 Brian S. Weinstein

1211 Avenue of the Americas                     Esther C. Townes

New York, NY 10036                              450 Lexington Avenue

Tel: (212) 596-5000                             New York, NY 10017

Fax: (212) 596-9090                             Tel: (212) 450-4000

Martin.Crisp@ropesgray.com                      Brian.Weinstein@davispolk.com

                                                Esther.Townes@davispolk.com

Daniel V. McCaughey (admitted *pro hac vice*)

William T. Davison (admitted *pro hac vice*)    *Attorneys for Defendants Morgan Stanley &*

Cole A. Goodman (admitted *pro hac vice*)       *Co. LLC, Goldman Sachs & Co. LLC, J.P.*

Sara A. Bellin (admitted *pro hac vice*)        *Morgan Securities LLC, Jefferies LLC, TPG*

Prudential Tower                                *Capital BD, LLC, UBS Securities LLC, and*

800 Boylston Street                             *William Blair & Company, L.L.C.*

Boston, MA 02199

Tel: (617) 951-7000

Fax: (617) 951-7050

Daniel.McCaughey@ropesgray.com

William.Davison@ropesgray.com

Cole.Goodman@ropesgray.com

Sara.Bellin@ropesgray.com


*Attorneys for Defendants LifeStance Health*
*Group, Inc., Michael K. Lester, J. Michael Bruff,*
*Robert Bessler, Darren Black, Jeffrey Crisan,*
*William Miller, Jeffrey Rhodes, Eric Shuey, and*
*Katherine Wood*

-10-

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically

to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: October 24, 2022                    */s/ Sara A. Bellin*
                                           Sara A. Bellin