# EXHIBIT A

92jrloum                                                                    1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LOUISIANA MUNICIPAL POLICE
EMPLOYEES RETIREMENT SYSTEM,
et al.,
                    Plaintiffs,

              v.                              08 Civ. 9063 (JSR)

MERRILL LYNCH & CO., INC.,
et al.,
                                              Argument
                    Defendant.

------------------------------x

                                              New York, N.Y.
                                              February 19, 2009
                                              2:00 p.m.

Before:

          HON. JED S. RAKOFF

                                              District Judge


          APPEARANCES


BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
     Attorneys for Plaintiffs
BY:  MAX BERGER
     MARK LEIBOVITCH
     SEAN K. O'DOWD


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP(NYC)
     Attorneys for Merrill Lynch Defendants
BY:  JAY B. KASNER
     CHRISTOPHER P. MALLOY


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
     Attorneys for Defendant Deloitte & Touche
BY:  CHARLES E. DAVIDOW


                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

92jrloum                                                                            3

(Case called)

THE COURT:  Good afternoon.  We are back to this interesting argument based on what admittedly is the somewhat difficult opinion of the Second Circuit in Rombach v. Chang. But as I understand the situation:  Plaintiffs' securities counsel wants to argue, fraud? of course this is not a fraud, we would never suggest this is a fraud; and defense counsel wants to argue, of course it's a fraud.  So everyone is in their allotted spot.  But to get serious, let me hear from plaintiff's counsel.

MR. BERGER:  Your Honor, before addressing Rombach, if I may just for a moment, there was a spirited discussion regarding standing on Tuesday in which plaintiffs purchased pursuant to which securities offerings as well as which other investors would fill in the gaps if the Court required that. Of course, as we said on Tuesday, we don't believe that that would be necessary.  But if your Honor ordered that, I wanted to give you the current state of play in that area.

We prepared a chart, which I will hand out to defense counsel.  I'll briefly explain what these columns mean.  There are 12 securities in the complaint currently.  The first four columns list the date of the offering, the CUSIP number, the description, the security, and the dollar value of the securities or the dollar amount of the offerings.

The next column are the current plaintiffs who

92jrloum                                                          63

the end of next week.  It may not be a full opinion.  It may simply be a short order with opinion to follow because of other things I have on my plate.  But it will be sufficient so you will know in drafting your amended complaint whether it has to deal with the 9(b) issue or only with the standing issue, and I have already indicated you will have to deal with it.

We had that one additional very short, two-page response on the cases.  Defense counsel should get that in by 5 o'clock tomorrow.

I think Mr. Berger you are probably the person in the best position to address this, or maybe your colleague.  Assume for the sake of argument the worst case, that is, that you have to satisfy both the standing issues and 9(b).  It may be much less than this, but I want to set a date that is a worst case date.  How long would it take you to draft that complaint, recognizing this Court's preference that you move with expedition?

MR. BERGER:  Your Honor, I believe we could do it promptly.  I'm assuming that whatever your Honor's decision, we're not going to be required to plead intent, we don't have to improve it.

THE COURT:  No.

MR. BERGER:  If your Honor is going to get --

THE COURT:  Rombach makes that clear, too.  When they are saying you have to plead fraud with particularity, it

92jrloum                                                    64

doesn't mean you have to plead with particularity an element that is not an element of the complaint. It just means, for example, the misrepresentations would have to be spelled out in 9(b) detail as opposed to the more general detail that rule 8 would require.

MR. BERGER: If your Honor is going to get out your opinion by March 27 --

THE COURT: No, no.

MR. BERGER: I'm sorry. By February 27, excuse me.

THE COURT: Yes.

MR. BERGER: We want to move very quickly, and I'm going to ask your Honor a question as soon as I finish. The LACERA board's meeting is March 11. I would suggest, if your Honor can live with this, that we have two weeks from the 27th, or March 13th, to amend the complaint.

THE COURT: I think that's reasonable given what you showed me about the March 11th date.

MR. BERGER: Your Honor set a discovery schedule. Obviously, there is going to be a lot of discovery in this case. We would ask your Honor if we could proceed with discovery and proceed --

THE COURT: I'm going to hold discovery until I decide the motion on the amended complaint. But it's going to proceed like immediately after that decision. I'm still hopeful to keep to the schedule I set forth in the order that embraced all

I (We) _____ that the foregoing
is a true _____ transcript, to the best
of my (our) _____ from my (our)
stenographic _____ this proceeding.

_____ Court Reporter