**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NIZAR S. NAYANI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> LIFESTANCE HEALTH GROUP, INC., MICHAEL K. LESTER, J. MICHAEL BRUFF, ROBERT BESSLER, DARREN BLACK, JEFFREY CRISAN, WILLIAM MILLER, JEFFREY RHODES, ERIC SHUEY, KATHERINE WOOD, MORGAN STANLEY & CO., LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TPG CAPITAL BD, LLC, UBS SECURITIES LLC, and WILLIAM BLAIR & COMPANY, L.L.C., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 1:22-cv-06833-JSR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THE LIFESTANCE DEFENDANTS' ANSWER TO LEAD PLAINTIFF'S**
**<u>AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS</u>**

Defendant LifeStance Health Group, Inc. ("LifeStance" or the "Company"), and

Defendants Michael K. Lester, J. Michael Bruff, Robert Bessler, Darren Black, Jeffrey Crisan,

William Miller, Jeffrey Rhodes, Eric Shuey, and Katherine Wood (the "Individual Defendants"

and, together with LifeStance, the "LifeStance Defendants"), by and through their undersigned

counsel, hereby answer the Amended Complaint for Violations of Federal Securities Laws filed

by Lead Plaintiff Nizar S. Nayani ("Lead Plaintiff") on December 19, 2022 (the "Complaint," ECF

No. 45).

In responding to the allegations in the Complaint, the LifeStance Defendants deny each

and every allegation, statement, and matter not expressly admitted or qualified herein (including those outside of the knowledge or information of the LifeStance Defendants). The LifeStance Defendants further deny any and all allegations to the extent that any such allegations (i) assert or suggest that the June 9, 2021 prospectus (the "Prospectus") and the May 17, 2021 Form S-1, as amended from time to time and declared effective on June 9, 2021 (the "Registration Statement"), that were filed in connection with LifeStance's Initial Public Offering ("IPO") (collectively, the "Offering Documents"), were false or misleading in any respect; or (ii) assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the LifeStance Defendants refer for a complete and accurate statement of their contents. No statement herein constitutes a comment on the legal theories upon which Lead Plaintiff purports to proceed; to the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer. Further, the LifeStance Defendants specifically deny that Lead Plaintiff and the putative class are entitled to the relief sought in the prayer for relief. To the extent that the headings, sub-headings, and non-numbered statements in the Complaint contain any allegations requiring a response, the LifeStance Defendants deny each and every such allegation.

By answering the Complaint's allegations collectively, the LifeStance Defendants do not admit that each LifeStance Defendant individually possesses knowledge or information sufficient to form a belief as to the truth or falsity of each of the allegations to which the LifeStance Defendants herein provide responses. In all events, the LifeStance Defendants intend to respond only as to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants (including without limitation the other named defendants in this action (collectively, the "Underwriter Defendants")). The LifeStance Defendants reserve the right to supplement and/or amend their

Answer and Affirmative Defenses as set forth herein.

Subject to the foregoing, the LifeStance Defendants answer the Complaint as follows:[1]

## INTRODUCTION

1.      Denied, except admitted that the IPO opened on or about June 10, 2021 and that Lead Plaintiff purports to assert claims under §§ 11 and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of a putative class of LifeStance shareholders.

## JURISDICTION AND VENUE

2.      The allegations in Paragraph 2 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied, except admitted that Lead Plaintiff purports to assert claims under the Securities Act.

3.      The allegations in Paragraph 3 state legal conclusions, and therefore no response is required.  To the extent a response is required as to the allegations contained in the first sentence in Paragraph 3, denied.  To the extent a response is required as to the allegations contained in the second, third, and fourth sentences in Paragraph 3, denied, except admitted that LifeStance operates clinical locations in the Southern District of New York.  The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations in the fifth sentence of Paragraph 3, and accordingly deny the same.

4.      The allegations in Paragraph 4 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied, except admitted that LifeStance shares are listed and trade on the NASDAQ stock exchange.

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed in the Complaint.  The LifeStance Defendants adopt those definitions solely for convenience and do not concede their accuracy.

**PARTIES**

5.      The allegations in Paragraph 5 state legal conclusions, and therefore no response is required.  To the extent a response is required, the LifeStance Defendants deny the allegations in Paragraph 5, except admit that Lead Plaintiff filed a purported certification.

6.      Admitted that (i) LifeStance, through its subsidiaries, offers patients a suite of mental health services, including psychiatric evaluations and treatment, psychological and neuropsychological testing, and individual, family, and group therapy; (ii) that LifeStance operates clinical locations in the Southern District of New York; and (iii) that LifeStance's common stock trades on the NASDAQ stock market under the ticker symbol "LFST."  Denied as to the remaining allegations contained in Paragraph 6.

7.      Admitted.

8.      As to the allegations contained in the first sentence in Paragraph 8, admitted.  As to the allegations contained in the second sentence in Paragraph 8, denied, except admitted that J. Michael Bruff served as Chief Financial Officer and Treasurer at LifeStance until November 10, 2022, when he became LifeStance's Business Transformation Officer.

9.      Admitted that each of the Individual Defendants listed in Paragraph 9 served on the LifeStance Board of Directors at the time of the IPO.  Denied as to the remaining allegations contained in Paragraph 9.

10.     The first sentence of Paragraph 10 contains no factual allegations, and therefore no response to it is required.  Admitted as to the allegations contained in the second sentence of Paragraph 10.

11.     Denied, except admitted that Underwriter Defendants acted as underwriters of LifeStance's IPO.

12.     The allegations in Paragraph 12 state allegations against parties other than the

-4-

LifeStance Defendants, and as such, no response is required.  To the extent a response is required, the LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 12, and accordingly deny the same, except admit that Morgan Stanley & Co., LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, and Jefferies LLC acted as underwriters for the IPO and respectfully refer to the Registration Statement for a complete and accurate description of their roles in the IPO and the compensation they received in connection therewith.  The allegations contained in the second sentence of Paragraph 12 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

(a)     The allegations in Paragraph 12(a) state allegations against parties other than the LifeStance Defendants, and as such, no response is required.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of the Underwriter Defendants' roles in the IPO.

(b)     The allegations in Paragraph 12(b) state allegations against parties other than the LifeStance Defendants, and as such, no response is required.  To the extent a response is required, denied as to the allegations contained in the first sentence in Paragraph 12(b), except admitted that certain Underwriter Defendants or their representatives reviewed portions of the Registration Statement during the drafting process.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of the Underwriter Defendants' roles in the IPO and the compensation they received in connection therewith.  The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 12(b), and accordingly deny the same.

(c)     The allegations in Paragraph 12(c) state allegations against parties other than the

LifeStance Defendants, and as such, no response is required.  To the extent a response is required, denied, except admitted that (i) certain of the Underwriter Defendants assisted in arranging a roadshow before the IPO; and (ii) certain of the LifeStance Defendants met with potential investors in connection with the IPO.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of the Underwriter Defendants' roles in the IPO.

(d)    The allegations in Paragraph 12(d) state allegations against parties other than the LifeStance Defendants, and as such, no response is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of the Underwriter Defendants' roles in the IPO.

(e)    The allegations in Paragraph 12(e) state allegations against parties other than the LifeStance Defendants, and as such, no response is required.  To the extent a response is required, denied, except admitted that LifeStance entered into an underwriting agreement with the Underwriter Defendants.  The LifeStance Defendants respectfully refer to the contents of the underwriting agreement for a complete and accurate description of its contents, and deny any allegations regarding such contents that are inconsistent therewith.

(f)    The allegations in Paragraph 12(f) state allegations against parties other than the LifeStance Defendants, and as such, no response is required.  To the extent a response is required, the LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12(f), and accordingly deny the same, except admitted that certain of the Underwriter Defendants and/or their representatives met with LifeStance representatives to discuss (i) IPO pricing, and (ii) certain language included in the Registration Statement.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of the Underwriter Defendants' roles in the IPO.

(g)     The allegations in Paragraph 12(g) state allegations against parties other than the LifeStance Defendants, and as such, no response is required.  To the extent a response is required, denied as to the allegations contained in the first and second sentences of Paragraph 12(g), except admitted that certain of the Underwriter Defendants and/or their representatives met with LifeStance representatives to discuss (i) IPO pricing, and (ii) certain language included in the Registration Statement.  The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the third sentence of Paragraph 12(g), and accordingly deny the same.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of the Underwriter Defendants' roles in the IPO.

13.     The allegations in Paragraph 13 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

14.     Paragraph 14 contains no factual allegations, and therefore no response is required.

## CLASS ACTION ALLEGATIONS

15.     The allegations in Paragraph 15 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied, except admitted that Lead Plaintiff purports to bring this action on behalf of a putative class of certain LifeStance shareholders.

16.     The allegations in Paragraph 16 state legal conclusions and reflect Lead Plaintiff's characterization of his own allegations, and therefore no response is required.  To the extent a response is required, denied, except admitted that the Company and certain selling stockholders collectively sold approximately 46 million LifeStance common shares in the IPO.

17.     The allegations in Paragraph 17 state legal conclusions and reflect Lead Plaintiff's characterization of his own allegations, and therefore no response is required.  To the extent a response is required, denied.

18.     The allegations in Paragraph 18 state legal conclusions and reflect Lead Plaintiff's

characterization of his own allegations, and therefore no response is required.  To the extent a response is required, denied.

19.     The allegations in Paragraph 19 state legal conclusions and reflect Lead Plaintiff's characterization of his own allegations, and therefore no response is required.  To the extent a response is required, denied.

20.     The allegations in Paragraph 20 state legal conclusions and reflect Lead Plaintiff's characterization of his own allegations, and therefore no response is required.  To the extent a response is required, denied.

SUBSTANTIVE ALLEGATIONS

21.     Admitted.

22.     Denied that the allegations contained in Paragraph 22 fully summarize LifeStance's business.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of LifeStance's business at the time of the IPO, and deny any allegations regarding such contents that are inconsistent therewith.

23.     Denied that the allegations contained in Paragraph 23 fully summarize LifeStance's business, except admitted that LifeStance's number of employed clinicians was approximately 3,100 as of December 31, 2020.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of LifeStance's business at the time of the IPO, and deny any allegations regarding such contents that are inconsistent therewith.

24.     Denied that the allegations contained in Paragraph 24 fully summarize LifeStance's business, except admitted that as of the date the Registration Statement became effective, LifeStance and its affiliated practices had more than 200 payor relationships.  The LifeStance Defendants respectfully refer to the Registration Statement for a complete and accurate description of LifeStance's business at the time of the IPO, and deny any allegations regarding such contents

that are inconsistent therewith.

25.     Admitted.

26.     Denied, except admitted that on or about June 9, 2021, the U.S. Securities and Exchange Commission ("SEC") declared effective the Registration Statement; that LifeStance offered 32,800,000 shares of its common stock at a proposed price of $18.00 per share; that TPG VIII Lynwood Holdings Aggregation, L.P., affiliates of Silversmith Capital Partners, and affiliates of Summit Partners offered an additional 7,200,000 shares of LifeStance common stock at a proposed price of $18.00 per share; and that TPG VIII Lynwood Holdings Aggregation, L.P., affiliates of Silversmith Capital Partners, and affiliates of Summit Partners granted the underwriters an option to purchase up to 6,000,000 additional shares of LifeStance common stock within 30 days at the public offering price less underwriting discounts and commissions. The LifeStance Defendants respectfully refer to the Registration Statement for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

27.     Admitted.

28.     As to the allegations contained in the first sentence in Paragraph 28, admitted that LifeStance generates revenue when patients receive care from clinicians. As to the allegations contained in the second sentence, the LifeStance Defendants respectfully refer to the Registration Statement for a true and complete statement of its contents, and deny all allegations inconsistent with the statements contained therein, including Lead Plaintiff's characterizations of such statements. The footnote contained in Paragraph 28 contains no factual allegations, and therefore no response to it is required.

29.     Denied.

30.     The LifeStance Defendants lack knowledge or information sufficient to admit or

deny the allegations in Paragraph 30, and accordingly deny the same.

31.    No response is required to the allegations contained in Paragraph 31, including to the allegations contained in the footnote to Paragraph 31, that purport to characterize and quote the Registration Statement, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate and deny any allegations regarding the contents of the Registration Statement that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 31.

32.    Denied.

33.    Denied as to the allegations contained in the first sentence of Paragraph 33.  The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 33, and accordingly deny the same.

34.    Denied.

35.    Denied.

36.    Denied.

37.    The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37, and accordingly deny the same.

38.    No response is required to the allegations contained in the first sentence of Paragraph 38 that purport to characterize the transcript of the Company's August 11, 2021 earnings conference call, published by S&P Global Market Intelligence, which speaks for itself.  Defendants deny that the characterizations are complete or accurate, and deny any allegations regarding the contents of the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 38.

39.    Denied as to the allegations contained in the first sentence.  The LifeStance

Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 39, and accordingly deny the same.

40. The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40, and accordingly deny the same.

41. The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 41, and accordingly deny the same. Denied as to the allegations contained in the second sentence of Paragraph 41.

42. The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 42, and accordingly deny the same. As to the remaining allegations contained in Paragraph 42, denied, except admitted that (i) under the traditional model of insurance credentialing (rather than the delegated model), clinicians apply to health insurance networks for inclusion in their provider networks; (ii) provider credentialing is regulated by each payor's rules; and (iii) that the credentialing process must be undertaken each time a clinician is hired by a new employer.

43. Denied as to the allegations contained in the first sentence of Paragraph 43. The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second and third sentences of Paragraph 43, and accordingly deny the same.

44. The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 44, and accordingly deny the same.

45. The LifeStance Defendants admit that the COVID-19 pandemic impacted the U.S. healthcare system and healthcare providers, but lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 45, and accordingly deny the same.

46. The LifeStance Defendants lack knowledge or information sufficient to admit or

-11-

deny the allegations contained in Paragraph 46, and accordingly deny the same. The LifeStance Defendants refer to the October 2019 National Academy of Medicine report referenced in Paragraph 46 for a true and complete statement of its contents, and deny any allegations regarding such contents that are inconsistent therewith. The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the footnote to Paragraph 46, and accordingly deny the same.

47.    The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47, and accordingly deny the same. The LifeStance Defendants refer to the first quarter 2021 Washington Post-Kaiser Family Foundation survey referenced in Paragraph 47 for a true and complete statement of its contents, and deny any allegations regarding such contents that are inconsistent therewith.

48.    The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 48, and accordingly deny the same. Denied as to the allegations contained in the second sentence of Paragraph 48.

49.    Admitted.

50.    No response is required to the allegations contained in Paragraph 50 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 50.

51.    No response is required to the allegations contained in Paragraph 51 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call,

which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 51.

52.     No response is required to the allegations contained in Paragraph 52 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 52.

53.     No response is required to the allegations contained in Paragraph 53 that purport to characterize the Company's Registration Statement, which speaks for itself.  The LifeStance Defendants deny that the characterizations are complete or accurate, and deny any allegations regarding the Registration Statement that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 53, except admit that certain of the Company's outpatient mental health practice acquisition agreements provide additional payments to acquirees contingent on their achievement of certain performance and operational targets.

54.     Denied.

55.     Denied.

56.     No response is required to the allegations contained in Paragraph 56 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are

inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 56.

57.    No response is required to the allegations contained in Paragraph 57 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 57.

58.    Denied.

59.    No response is required to the allegations contained in Paragraph 59 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 59.

60.    No response is required to the allegations contained in Paragraph 60 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 60.

61.    No response is required to the allegations contained in Paragraph 61 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call,

which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 61.

62.    No response is required to the allegations contained in Paragraph 62 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 62.

63.    Denied.

64.    Denied, except admitted that LifeStance has disclosed its Center Margin and Adjusted EBITDA to investors and securities analysts.  To the extent that the allegations contained in the footnote to Paragraph 64 may be deemed to contain factual allegations, admit that the Complaint purports to define "Adjusted EBITDA."   The second sentence in the footnote to Paragraph 64 characterizes the Registration Statement, which speaks for itself.  The LifeStance Defendants respectfully refer to the Registration Statement for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

65.    Admitted as to the allegations contained in the first sentence of Paragraph 65.  No response is required to the allegations contained in the second sentence of Paragraph 65 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations in the second sentence of Paragraph 65 are complete or accurate, and deny any

allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 65.

66.     The allegations in Paragraph 66 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

67.     The allegations in Paragraph 67 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

68.     No response is required to the allegations contained in Paragraph 68 that purport to characterize and quote the Registration Statement, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the Registration Statement that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 68.

69.     The allegations in Paragraph 69 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

70.     Denied as to the allegations contained in the first sentence of Paragraph 70. No response is required to the allegations contained in the second sentence of Paragraph 70 that purport to characterize the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 70.

71.     Admitted as to the allegations contained in the first sentence. No response is required to the allegations contained in the second sentence of Paragraph 71 that purport to characterize and quote the transcript of the Company's November 8, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations and

quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 71.

72. The allegations in Paragraph 72 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

73. The allegations in the first sentence of Paragraph 73 state legal conclusions, and therefore no response is required. To the extent a response is required, denied. No response is required to the remaining allegations contained in Paragraph 73 that purport to characterize and quote the Registration Statement, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the Registration Statement that are inconsistent therewith.

74. The allegations in Paragraph 74 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

75. No response is required to the allegations contained in Paragraph 75 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 75.

76. No response is required to the allegations contained in Paragraph 76 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are

inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 76.

77.     No response is required to the allegations contained in the first sentence of Paragraph 77 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations in the first sentence of Paragraph 77 are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 77.

78.     No response is required to the allegations contained in Paragraph 78 that purport to characterize and quote the transcript of the Company's November 8, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 78.

79.     The allegations in Paragraph 79 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

80.     The allegations in Paragraph 80 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to Item 303 of Regulation S-K for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

81.     The allegations in Paragraph 81 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

82.     The allegations in Paragraph 82 state legal conclusions, and therefore no response

is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to the interpretive release on Item 303 of Regulation S-K issued by the SEC in 1989 for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

83.    The allegations in Paragraph 83 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to the interpretive release on Item 303 of Regulation S-K issued by the SEC on December 19, 2003 for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

84.    The allegations in Paragraph 84 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to Item 303(a) of Regulation S-K for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

85.    The allegations in Paragraph 85 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to the interpretive release on Item 303 of Regulation S-K issued by the SEC on December 19, 2003 for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

86.    The allegations in Paragraph 86 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

87.    Denied.

88.    The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 88, and accordingly deny the same.  The LifeStance

Defendants further refer to the "Gallup analysis" referenced in Paragraph 88 for its full contents, which presumably speak for itself.

89.     Denied.

90.     Denied.

91.     Admitted that the August 11, 2021 earnings conference call was held, in part, to discuss the results of the Company's operations for Q2 2021, which ended on June 30, 2021. As to the remaining allegations in Paragraph 91, the LifeStance Defendants respectfully refer to the transcript of the Company's August 11, 2021 earnings conference call for a true and complete statement of its contents, and deny all allegations inconsistent with the statements contained therein, including Lead Plaintiff's characterizations of such statements.

92.     The allegations in Paragraph 92 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

93.     The allegations in Paragraph 93 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

94.     The allegations in Paragraph 94 state legal conclusions, and therefore no response is required. To the extent a response is required, denied. The LifeStance Defendants respectfully refer to Item 105 of Regulation S-K for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

95.     Denied. The LifeStance Defendants respectfully refer to the Registration Statement for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

96.     The allegations in Paragraph 96 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

97.     The allegations in Paragraph 97 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

98.     Denied.

99.     No response is required to the allegations contained in Paragraph 99 that purport to characterize and quote the Registration Statement, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the Registration Statement that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 99.

100.    No response is required to the allegations contained in Paragraph 100 that purport to characterize and quote the Company's August 11, 2021 earnings conference call and November 12, 2021 investor conference call, which speak for themselves.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the August 11, 2021 earnings call and November 12, 2021 investor conference call transcripts that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 100.

101.    Denied.

102.    The allegations in Paragraph 102 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to the SEC's Staff Accounting Bulletin No. 99 ("SAB No. 99") for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

103.    The allegations in Paragraph 103 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.  The LifeStance Defendants respectfully refer to SAB No. 99 for its complete and accurate contents, and deny any allegations regarding

such contents that are inconsistent therewith.

104. The allegations in Paragraph 104 state legal conclusions, and therefore no response is required. To the extent a response is required, denied. The LifeStance Defendants respectfully refer to SAB No. 99 for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith.

105. Denied, except admitted that LifeStance has disclosed its Center Margin and Adjusted EBITDA to investors and securities analysts.

106. Admitted as to the allegations contained in the first sentence of Paragraph 106. No response is required to the allegations contained in the second sentence of Paragraph 106 that purport to characterize the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations in the second sentence of Paragraph 106 are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 106.

107. Denied.

108. The allegations in Paragraph 108 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

109. The allegations contained in the first sentence of Paragraph 109 state legal conclusions, and therefore no response is required. To the extent a response is required, denied. The LifeStance Defendants respectfully refer to SAB No. 99 for its complete and accurate contents, and deny any allegations regarding such contents that are inconsistent therewith. Denied as to the allegations contained in the second and third sentences of Paragraph 109, except admitted that LifeStance's stock price closed at $11.71 on August 12, 2021.

110.    The LifeStance Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 110, and accordingly deny the same. The LifeStance Defendants respectfully refer to the analyst reports referenced therein for a true and complete statement of their contents, and deny any allegations regarding such contents that are inconsistent therewith.

111.    Admitted that LifeStance announced its financial results for the period ended June 30, 2021 on August 11, 2021. No response is required to the allegations contained in Paragraph 111 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 111.

112.    No response is required to the allegations contained in Paragraph 112 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations contained in Paragraph 112.

113.    No response is required to the allegations contained in Paragraph 113 that purport to characterize and quote the transcript of the Company's August 11, 2021 earnings conference call, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith. The LifeStance Defendants deny the remaining allegations

contained in Paragraph 113.

114.    No response is required to the allegations contained in Paragraph 114 that purport to characterize and quote the Company's November 8, 2021 press release, which speaks for itself. The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the press release that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 114, except admitted that the Company reported its third quarter 2021 results on November 8, 2021.

115.    No response is required to the allegations contained in Paragraph 115 that purport to characterize the Company's November 8, 2021 press release, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the press release that are inconsistent therewith.   The LifeStance Defendants deny the remaining allegations contained in Paragraph 115.

116.    No response is required to the allegations contained in Paragraph 116 that purport to characterize and quote the transcript of the Company's November 8, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 116.

117.    No response is required to the allegations contained in Paragraph 117 that purport to characterize and quote the transcript of the Company's November 8, 2021 earnings conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations are complete or accurate, and deny any allegations regarding the earnings call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations

contained in Paragraph 117.

118.    Admitted as to the allegations contained in the first sentence of Paragraph 118. Admitted that LifeStance announced revenue for fiscal year 2021 of approximately $668 million. No response is required to the allegations contained in the second and third sentences of Paragraph 118 that purport to characterize and quote the transcript of the Company's March 10, 2022 conference call, which speaks for itself.  The LifeStance Defendants deny that the characterizations and quotations in the second and third sentences of Paragraph 118 are complete or accurate, and deny any allegations regarding the conference call transcript that are inconsistent therewith.  The LifeStance Defendants deny the remaining allegations contained in Paragraph 118.

119.    Denied, except admitted that LifeStance's stock price closed at $7.86 on August 10, 2022, and at $4.70 on December 19, 2022.

## COUNT I

### Violations of §11 of the Securities Act
### Against All Defendants

120.    The LifeStance Defendants repeat and reallege each and every response to Paragraphs 1 through 119.

121.    Denied, except admitted that Lead Plaintiff purports to assert a claim pursuant to Section 11 of the Securities Act.

122.    The allegations in Paragraph 122 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

123.    Admitted as to the allegations contained in the first sentence of Paragraph 123.  The allegations in the second sentence of Paragraph 123 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

124.    Denied as to the allegations contained in the first sentence of Paragraph 124, except

admitted that the Individual Defendants signed, directly or through an attorney in fact, or authorized the affixing of an electronic signature upon the Registration Statement. The remaining allegations in Paragraph 124 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

125. The allegations in Paragraph 125 state allegations against parties other than the LifeStance Defendants, and as such, no response is required. To the extent a response is required, the LifeStance Defendants admit that the Underwriter Defendants served as underwriters in connection with the IPO. The allegations in the second sentence of Paragraph 125 state legal conclusions, and therefore no response is required. The LifeStance Defendants otherwise lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 125, and accordingly deny the same.

126. The allegations in Paragraph 126 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

127. The allegations in Paragraph 127 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

## COUNT II

### Violations of §15 of the Securities Act
### Against the Individual Defendants

128. The LifeStance Defendants repeat and reallege each and every response to Paragraphs 1 through 127.

129. Denied, except admitted that Lead Plaintiff purports to assert a claim pursuant to Section 15 of the Securities Act on behalf of a putative class of LifeStance shareholders.

130. The allegations in Paragraph 130 state legal conclusions, and therefore no response is required. To the extent a response is required, denied.

131.    The allegations in Paragraph 131 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

132.    The allegations in Paragraph 132 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

133.    The allegations in Paragraph 133 state legal conclusions, and therefore no response is required.  To the extent a response is required, denied.

## PRAYER FOR RELIEF

The LifeStance Defendants deny that Lead Plaintiff or any members of the putative class that Lead Plaintiff purports to represent are entitled to any relief against the LifeStance Defendants, and respectfully request that the Court dismiss all claims against the LifeStance Defendants with prejudice and order such further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

No response to Lead Plaintiff's Jury Trial Demand is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where the burden rests on Lead Plaintiff, the LifeStance Defendants assert the following affirmative defenses and other defenses to the Complaint.  The LifeStance Defendants have not knowingly or intentionally waived any defenses and reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.  The LifeStance Defendants further reserve the right to amend their Answer and Affirmative Defenses accordingly.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each claim for relief, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Negative Causation)

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff's alleged losses were not caused by the alleged misrepresentations and omissions upon which his claims are based.

## THIRD AFFIRMATIVE DEFENSE

### (Transaction Causation)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that Lead Plaintiff would have made the purchases alleged in the Complaint even with full knowledge of the purported untruths in, and facts allegedly omitted from, the Offering Documents.

## FOURTH AFFIRMATIVE DEFENSE

### (Market Factors)

Lead Plaintiff's claims are barred, in whole or in part, because any increase or decrease in the value of LifeStance's securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by the LifeStance Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Truth on the Market)

Lead Plaintiff knew of any alleged untruth or omission at the time he acquired LifeStance stock, or had constructive knowledge of the same, because the allegedly omitted information was

-28-

disclosed in LifeStance's Registration Statement and/or was otherwise publicly available and/or widely known to the market and to the investing community.

## SIXTH AFFIRMATIVE DEFENSE

### (No Actionable Misstatement or Omission)

Lead Plaintiff's claims are barred, in whole or in part, because the Offering Documents did not contain any misleading statements or omissions, nor did they fail to disclose any information that was required to be stated therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Material Misstatement or Omission)

Lead Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

## EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Lead Plaintiff's claims are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, consent, ratification, and/or other equitable doctrines.

## NINTH AFFIRMATIVE DEFENSE

### (Putative Class Not Certifiable)

The claims asserted against the LifeStance Defendants are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Lead Plaintiff and others alleged to be members of the putative class lack standing to

maintain some or all of their claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

Lead Plaintiff's claims are barred, in whole or in part, because the Offering Documents complied with the applicable (i) statutes; (ii) rules and regulations of the SEC; and (iii) any other statutes, rules, or regulations in effect at the time of the conduct alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reasonable Diligence)

Pursuant to 15 U.S.C. § 77k(b)(3), Lead Plaintiff's claims against the Individual Defendants are barred because each of the Individual Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the Complaint to have been misrepresented in or misleadingly omitted from the Offering Documents. After reasonable investigation, the Individual Defendants had reasonable grounds to believe and did believe that the statements contained in the Offering Documents were true as of the date they were made and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Primary Liability)

Lead Plaintiff's cause of action under Section 15 of the Securities Act is barred, in whole or in part, because Lead Plaintiff and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Culpable Participation)

Lead Plaintiff's claims are barred, in whole or in part, because each of the Individual Defendants "had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist" and, to the extent that lack of culpable participation is an element of any defense, did not culpably participate in any violation of the Securities Act. 15 U.S.C. § 77o(a).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Shares Not Traceable to IPO)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that he did not purchase shares in the IPO, did not purchase shares traceable to the IPO, or purchased shares not subject to a prospectus covered by the Securities Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Purchase Price in Excess of Offering Price)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that Lead Plaintiff and the purported class members held, have disposed of, or could have disposed of their securities at a price in excess of the offering price.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Lead Plaintiff was not damaged by any of the LifeStance Defendants' conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Damages Not Authorized by Statute)

Without admitting that Lead Plaintiff suffered damages in any amount, or that the LifeStance Defendants are or should be liable for any such damages, the LifeStance Defendants

assert that their liability for damages may not exceed the statutory limitation to damages set forth in 15 U.S.C. §77k(e).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Damages Speculative)

This action is barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain, and thus not recoverable.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Without admitting that Lead Plaintiff suffered damages in any amount, or that any of the LifeStance Defendants are or should be liable for any such damages, to the extent that Lead Plaintiff failed to mitigate, minimize, or avoid any loss or damage referred to in his Complaint, any recovery against the LifeStance Defendants must be reduced by that amount or eliminated.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Superseding or Intervening Events)

Lead Plaintiff's alleged injuries, if any, were caused by the actions or inactions of parties other than the LifeStance Defendants, actions or inactions by parties outside the control of the LifeStance Defendants, or economic events that were, likewise, outside the control of the LifeStance Defendants. These actions, inactions, and events were intervening or superseding causes of Lead Plaintiff's alleged damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault and/or Contributory Negligence)

Lead Plaintiff's claims are barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Lead Plaintiff or other third parties, including the failure to undertake his own diligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Action Without Merit)

Lead Plaintiff's claims are barred, in whole or in part, because they are "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.  The LifeStance Defendants also reserve the right to assert an affirmative claim against Lead Plaintiff on this basis.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Purchased on Secondary Market)

Neither Sections 11 nor 15 of the Securities Act, with respect to liability for a "controlled" (as "control" is defined in the federal securities laws and regulations) person's violations of Sections 11, afford a remedy to purchasers who buy securities in the secondary market.  To the extent that any securities that are the subject of this action were not purchased in the initial offering of those securities, Lead Plaintiff fails to state a claim with respect to such securities under Sections 11 or 15 of the Securities Act with respect to liability for a controlled person's violation of Section 11.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

Lead Plaintiff's claims are barred, in whole or in part, because any alleged misstatements or omissions in the Offering Documents were forward-looking statements and/or are non-actionable because the Offering Documents contained sufficient cautionary language and risk disclosures.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Opinion)

Lead Plaintiff's claims are barred, in whole or in part, to the extent the alleged misstatements concerned genuinely held opinions.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (General Statements of Puffery and Optimism)

Lead Plaintiff's claims against the LifeStance Defendants are barred, in whole or in part, because the alleged misstatements were mere puffery or were vague statements of optimism.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose the Alleged Omissions)

Lead Plaintiff's claims are barred, in whole or in part, because the LifeStance Defendants had no duty to disclose the allegedly omitted information or update any statements in the Offering Documents.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Knowledge)

Lead Plaintiff's claims of alleged misrepresentations and omissions, which are denied, are barred to the extent that any allegedly misstated facts or omissions were known to Lead Plaintiff.

### THIRTIETH AFFIRMATIVE DEFENSE

### (No Reliance)

Lead Plaintiff's claims are barred, in whole or in part, to the extent that Lead Plaintiff fails to prove that those who "acquired the security after the issuer has made generally available to its security holders an earning statement covering a period of at least twelve months beginning after the effective date of the registration statement, . . . acquired the security relying upon such untrue

statement in the registration statement or relying upon the registration statement and not knowing of such omission." 15 U.S.C. § 77k(a)(5).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reliance on Statements Outside Offering Documents)

Lead Plaintiff's claims are barred to the extent they rely on documents and statements not incorporated into the Offering Documents, or on statements that were modified or superseded by those documents.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reliance on Experts)

The Individual Defendants were entitled to, and did, rely upon the opinions of professionals and experts in affixing their signatures to, and authorizing the filing of the Offering Documents in connection with the IPO. The Individual Defendants believed that these experts were, in fact, experts in their field and were competent to render the opinions they had provided. Without admitting that any opinions provided by these experts were in any way inadequate, unfounded, or incorrect, the Individual Defendants had no notice that the opinions provided by these experts were in any way inadequate, unfounded, or incorrect. The Individual Defendants had no reasonable grounds to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a fact required to be stated therein or necessary to make the statements therein not materially misleading. As a result of that reasonable reliance, the Individual Defendants did not know, and in the exercise of reasonable diligence could not have known, that the Offering Documents filed in connection with the IPO contained material misrepresentations and omissions.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Proportionate Liability)

Pursuant to 15 U.S.C. § 77k(f)(2), each Individual Defendant who qualifies as an "outside director" shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person, as determined under paragraph (3) of 15 U.S.C. § 78u-4(f).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Incorporation by Reference)

The LifeStance Defendants adopt by reference any applicable defense pleaded, or that may be pleaded, by any other defendant not expressly set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the LifeStance Defendants pray for relief and judgment:

    A.  Dismiss the Complaint with prejudice;

    B.  Render judgment that Lead Plaintiff take nothing by this suit;

    C.  Determine that this action may not proceed as a class action and dismiss all purported class allegations with prejudice;

    D.  Award the LifeStance Defendants costs and expenses, including counsel and expert fees; and

    E.  Grant such other and further relief as the Court may deem just and proper.

Dated: May 1, 2023                              Respectfully submitted,


                                                */s/ Martin J. Crisp*
                                                **ROPES & GRAY LLP**
                                                Martin J. Crisp
                                                1211 Avenue of the Americas
                                                New York, NY 10036
                                                Tel: (212) 596-5000
                                                Fax: (212) 596-9090
                                                Martin.Crisp@ropesgray.com

                                                Daniel V. McCaughey (admitted *pro hac vice*)
                                                William T. Davison (admitted *pro hac vice*)
                                                Cole A. Goodman (admitted *pro hac vice*)
                                                Sara A. Bellin (admitted *pro hac vice*)
                                                Prudential Tower
                                                800 Boylston Street
                                                Boston, MA 02199
                                                Tel: (617) 951-7000
                                                Fax: (617) 951-7050
                                                Daniel.McCaughey@ropesgray.com
                                                William.Davison@ropesgray.com
                                                Cole.Goodman@ropesgray.com
                                                Sara.Bellin@ropesgray.com

                                                *Attorneys for Defendants LifeStance Health Group, Inc., Michael K. Lester, J. Michael Bruff, Robert Bessler, Darren Black, Jeffrey Crisan, William Miller, Jeffrey Rhodes, Eric Shuey, and Katherine Wood*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically

to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 1, 2023                         */s/ Sara A. Bellin*
                                           Sara A. Bellin