**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIZAR S. NAYANI, Individually and on Behalf of All Others Similarly Situated, Plaintiff, vs. LIFESTANCE HEALTH GROUP, INC., MICHAEL K. LESTER, J. MICHAEL BRUFF, ROBERT BESSLER, DARREN BLACK, JEFFREY CRISAN, WILLIAM MILLER, JEFFREY RHODES, ERIC SHUEY, KATHERINE WOOD, MORGAN STANLEY & CO., LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TPG CAPITAL BD, LLC, UBS SECURITIES LLC, and WILLIAM BLAIR & COMPANY, L.L.C., Defendants. | Civil Action No. 1:22-cv-06833-JSR |

**UNDERWRITER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO LEAD PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**

Defendants Morgan Stanley & Co., LLC ("Morgan Stanley"), Goldman Sachs & Co. LLC ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan"), Jefferies LLC ("Jefferies"), TPG Capital BD, LLC, UBS Securities LLC, and William Blair & Company, L.L.C. (collectively, the "Underwriter Defendants"), by their undersigned attorneys, hereby submit their answer and affirmative defenses ("Answer") to the Amended Complaint for Violations of Federal Securities Laws, dated December 19, 2022 [Dkt. No. 45] (the "Complaint") filed by Lead Plaintiff Nizar Nayani, individually and on behalf of all others

similarly situated, in the above-captioned action (the "Action"). Capitalized terms used but not otherwise defined in this Answer shall have the meaning ascribed to them in the Complaint.

In collectively responding to all of the allegations below, the Underwriter Defendants (i) incorporate into each response a denial of all allegations in the Complaint (including those outside the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Registration Statement was false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Registration Statement, to which reference is made for a complete and accurate statement of its content, (ii) deny any averments in the headings, subheadings and footnotes of the Complaint, and (iii) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants.

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

The introductory, non-numbered paragraph contains a description of this litigation, to which no response is required.  To the extent a response is required, Underwriter Defendants deny this paragraph, except admit that Lead Plaintiff purports to make the allegations referenced in this paragraph.

## INTRODUCTION

1.      Paragraph 1 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 1, except admit that Lead Plaintiff purports to bring claims pursuant to Sections 11 and 15 of the Securities Act of 1933.

**JURISDICTION AND VENUE**

2.      Paragraph 2 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 2, except respectfully refer the Court to the statutes referenced in Paragraph 2 for a full and accurate recitation of their contents.  Underwriter Defendants do not contest the Court's jurisdiction.

3.      Paragraph 3 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admit that the principal executive offices of defendants Morgan Stanley, Goldman Sachs, J.P. Morgan, and Jefferies are in New York, New York, and respectfully refer the Court to the statutes referenced in Paragraph 3 for a full and accurate recitation of their contents.  Underwriter Defendants do not contest that venue is proper in this District.

4.      Paragraph 4 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 4.

**PARTIES**

5.      Paragraph 5 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 5, except admit that Lead Plaintiff filed a purported certification.

6.      Underwriter Defendants deny that allegations contained in Paragraph 6 provide a fair and complete description of the matters addressed therein, except admit that LifeStance common stock trades on the NASDAQ stock market under the ticker symbol "LFST" and respectfully refer the Court to the Registration Statement and to LifeStance's public filings for a description of LifeStance and its business.

3

7.     Underwriter Defendants admit on information and belief the allegations in Paragraph 7.

8.     Underwriter Defendants deny Paragraph 8, except admit on information and belief that Defendant Bruff was the CFO and Treasurer of LifeStance at the time of the IPO, and that effective November 10, 2022, Defendant Bruff took the role of Business Transformation Officer.

9.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 9, except admit on information and belief that the Defendants mentioned in Paragraph 9 served as members of LifeStance's Board of Directors at the time of the IPO.

10.    Paragraph 10 consists of defined terms that will be used later in the Complaint, to which no response is required.  Underwriter Defendants admit that the Individual Defendants signed the Registration Statement.

11.    Underwriter Defendants deny Paragraph 11, except admit that Underwriter Defendants acted as underwriters of LifeStance's IPO.

12.    Paragraph 12 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 12, except admit that Underwriter Defendants acted as underwriters of LifeStance's IPO, that defendants Morgan Stanley, Goldman Sachs, J.P. Morgan, and Jefferies are representatives of the underwriters and have their principal executive offices in New York, NY, that certain Underwriter Defendants or their representatives reviewed portions of the Registration Statement during the drafting process, that certain of the Underwriter Defendants assisted in arranging a roadshow before the IPO, that certain of the Underwriter Defendants and/or their representatives

4

met with LifeStance representatives to discuss the IPO, that the Underwriter Defendants conducted adequate and reasonable due diligence, and respectfully refer the Court to the Registration Statement and the form of underwriting agreement for a description of the contents thereof.

13.     Paragraph 13 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 13.

14.     Paragraph 14 consists of defined terms that will be used later in the Complaint, to which no response is required.

## CLASS ACTION ALLEGATIONS

15.     Paragraph 15 contains a description of this litigation, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 15, except admit that Lead Plaintiff purports to bring the claims described in Paragraph 15. Underwriter Defendants deny that this case is appropriate for class treatment.

16.     Paragraph 16 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 16, except deny knowledge or information sufficient to form a belief as to the number of members of the putative class.  Underwriter Defendants deny that this case is appropriate for class treatment.

17.     Paragraph 17 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 17, except deny knowledge or information sufficient to form a belief as to the competence of Lead Plaintiff's counsel.  Underwriter Defendants deny that this case is appropriate for class treatment.

18.     Paragraph 18 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 18, and deny that this case is appropriate for class treatment.

19.     Paragraph 19 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 19, and deny that this case is appropriate for class treatment.

20.     Paragraph 20 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 20, and deny that this case is appropriate for class treatment.

## SUBSTANTIVE ALLEGATIONS

### The Company And Its Business

21.     Underwriter Defendants deny that allegations contained in Paragraph 21 provide a fair and complete description of the matters addressed therein, except respectfully refer the Court to the Registration Statement and to LifeStance's public filings for a description of LifeStance and its business.

22.     Underwriter Defendants deny that allegations contained in Paragraph 22 provide a fair and complete description of the matters addressed therein, except respectfully refer the Court to the Registration Statement and to LifeStance's public filings for a description of LifeStance and its business.

23.     Underwriter Defendants deny that allegations contained in Paragraph 23 provide a fair and complete description of the matters addressed therein, except respectfully refer the Court to the Registration Statement and to LifeStance's public filings for a description of LifeStance and its business.

24.     Underwriter Defendants deny that allegations contained in Paragraph 24 provide a fair and complete description of the matters addressed therein, except respectfully refer the Court to the Registration Statement and to LifeStance's public filings for a description of LifeStance and its business.

**The IPO**

25.    Underwriter Defendants admit Paragraph 25.

26.    Underwriter Defendants deny that the allegations in Paragraph 26 provide a fair and complete description of the matters addressed therein, except admit that LifeStance's Registration Statement became effective on June 9, 2021, and LifeStance common stock was sold in the IPO at an offering price of $18.00 per share, and respectfully refer the Court to the Registration Statement for a description of the IPO.

27.    Underwriter Defendants deny that the allegations in Paragraph 27 provide a fair and complete description of the matters addressed therein, except admit that LifeStance common stock was sold in the IPO at an offering price of $18.00 per share, and the underwriters exercised in full their option to purchase an additional 6,000,000 shares, which sale of the option shares was completed on June 25, 2021, and respectfully refer the Court to the Registration Statement and LifeStance's public filings for descriptions of the IPO and the underwriters' exercise of their option.

**At the Time of the IPO, Unbeknownst to Investors, LifeStance Was Experiencing A Material Decrease In Its Clinician Retention Rate**

28.    Underwriter Defendants deny that allegations contained in Paragraph 28 provide a fair and complete description of the matters addressed therein, except admit on information and belief that LifeStance generates revenue when patients receive care from clinicians on a per-visit basis, and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

29.    Underwriter Defendants deny Paragraph 29, except respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

30. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31. Underwriter Defendants deny that allegations contained in Paragraph 31 provide a fair and complete description of the matters addressed therein, except respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

32. Underwriter Defendants deny Paragraph 32, except respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

33. Underwriter Defendants deny Paragraph 33, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported resignations mentioned in Paragraph 33.

34. Underwriter Defendants deny Paragraph 34, except deny knowledge or information sufficient to form a belief as to the discussion in the purported meetings mentioned in Paragraph 34.

35. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 35.

36. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 36.

37. Underwriter Defendants deny Paragraph 37 including on the basis that Paragraph 37 is based on unidentified confidential witnesses without any foundation, except deny knowledge or information sufficient to form a belief as to whether the unidentified clinicians made the referenced statements.

38. Underwriter Defendants deny Paragraph 38 including on the basis that Paragraph 38 is based on unidentified confidential witnesses without any foundation, except deny

knowledge or information sufficient to form a belief as to whether the unidentified clinicians made the summarized statements.

39.    Underwriter Defendants deny Paragraph 39 including on the basis that Paragraph 39 is based on unidentified confidential witnesses without any foundation, except deny knowledge or information sufficient to form a belief as to whether the unidentified clinicians made the summarized statements.

40.    Underwriter Defendants deny Paragraph 40 including on the basis that Paragraph 40 is based on unidentified confidential witnesses without any foundation, except deny knowledge or information sufficient to form a belief as to whether the unidentified clinicians made the summarized statements.

41.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 41.

42.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 42, except admit that the description of insurance credentialing in Paragraph 42 is a generally accurate high-level description for the traditional model of insurance credentialing, rather than the delegated model.

43.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 43.

44.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 44.

45.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 45, including as to the precise nature and extent of the effect of COVID-19 on the U.S. healthcare system.

46.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 46, except respectfully refer the Court to the cited report for a full and accurate statement of its contents.

47.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 47, except respectfully refer the Court to the cited survey for a full and accurate statement of its contents.

48.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 48.

**LifeStance Knew About the Increase Clinician Turnover Before the IPO and that It Was Reasonably Likely to Have a Material Adverse Effect on Its Financial Performance**

49.    Underwriter Defendants admit on information and belief the allegations in Paragraph 49.

50.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 50, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

51.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 51, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

52.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 52, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

10

53.     Underwriter Defendants deny Paragraph 53, except admit that the Registration Statement states that, under the provisions of the acquisition agreements, LifeStance may pay additional cash consideration in the form of earnouts, contingent upon the acquirees achieving certain performance and operational targets, and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

54.     Underwriter Defendants deny Paragraph 54, except deny knowledge or information sufficient to form a belief as to the discussion in the meetings mentioned in Paragraph 54.

55.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 55.

56.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 56, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

57.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 57, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

58.     Underwriter Defendants deny Paragraph 58, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported costs associated with clinician turnover mentioned in Paragraph 58.

59.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 59, except admit on information and belief that on August 11,

11

2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

60. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 60, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

61. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 61, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

62. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 62, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

63. Paragraph 63 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 63.

64. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 64.

65. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 65, except admit on information and belief that LifeStance announced in its Q2 2021 financial results that its Center Margin and adjusted EBITDA during the first six months of 2021 totaled approximately $95.2 million and $27.1 million , respectively,

and on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

66.    Paragraph 66 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 66.

**The Registration Statement Contained Materially Inaccurate Statements and Omitted Material Information Required to Be Disclosed Therein**

67.    Paragraph 67 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 67.

68.    Paragraph 68 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 68, except admit that a Registration Statement containing the excerpted statements was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

69.    Paragraph 69 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 69, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

70.    Paragraph 70 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 70, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

71.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 71, except admit on information and belief that on November 8, 2021, LifeStance held a Q3 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

72.     Paragraph 72 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 72.

73.     Paragraph 73 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 73, except admit that a Registration Statement containing the excerpted statements was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

74.     Paragraph 74 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Underwriter Defendants deny Paragraph 74.

75.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 75, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

76.     Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 76, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

77.     Underwriter Defendants deny Paragraph 77, except deny knowledge or information sufficient to form a belief as to the referenced C-suite meeting, and admit on

14

information and belief that on August 11, 2021, LifeStance held a Q2 conference call and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

78.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 78, except admit on information and belief that on November 8, 2021, LifeStance held a Q3 conference call and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

79.    Paragraph 79 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 79, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

80.    Paragraph 80 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 80, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement and to the regulation referenced in Paragraph 80 for a full and accurate statement of their contents.

81.    Paragraph 81 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 81, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

15

82.     Paragraph 82 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 82, except respectfully refer the Court to the regulation and guidance referenced in Paragraph 82 for a full and accurate recitation of their contents.

83.     Paragraph 83 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 83, except respectfully refer the Court to the 2003 Interpretive Release referenced in Paragraph 83 for a full and accurate recitation of its contents.

84.     Paragraph 84 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 84, except respectfully refer the Court to the instructions to Item 303(a) of Regulation S-K referenced in Paragraph 84 for a full and accurate recitation of its contents.

85.     Paragraph 85 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 85, except respectfully refer the Court to the 2003 Interpretive Release referenced in Paragraph 85 for a full and accurate recitation of its contents.

86.     Paragraph 86 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 86, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

87.     Underwriter Defendants deny Paragraph 87.

88.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 88.

89.    Paragraph 89 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 89.

90.    Paragraph 90 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 90.

91.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 91, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

92.    Paragraph 92 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 92, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

93.    Paragraph 93 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 93, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

94.    Paragraph 94 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 94, except admit that a Registration Statement was filed in connection with LifeStance's IPO and

17

respectfully refer the Court to the Registration Statement and to the regulation referenced in Paragraph 94 for a full and accurate statement of their contents.

95.    Underwriter Defendants deny Paragraph 95, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

96.    Paragraph 96 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 96, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

## The Misstatements and Omissions of Fact Were Material

97.    Paragraph 97 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 97, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

98.    Underwriter Defendants deny Paragraph 98, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

99.    Underwriter Defendants deny Paragraph 99, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

100.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 100, except admit on information and belief that on August 11,

2021, LifeStance held a Q2 conference call and on November 12, 2021, LifeStance held a conference call, and respectfully refer the Court to the transcripts of those calls for a full and accurate statement of their contents.

101.    Paragraph 101 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 101.

102.    Paragraph 102 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 102, except respectfully refer the Court to SAB No. 99 for a full and accurate recitation of its contents.

103.    Paragraph 103 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 103, except respectfully refer the Court to SAB No. 99 for a full and accurate recitation of its contents.

104.    Paragraph 104 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 104, except respectfully refer the Court to SAB No. 99 for a full and accurate recitation of its contents.

105.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 105.

106.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 106, except admit on information and belief that LifeStance announced in its Q2 2021 financial results that its Center Margin and adjusted EBITDA during the first six months of 2021 totaled approximately $95.2 million and $27.1 million, respectively,

19

and on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

107.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 107.

108.    Paragraph 108 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 108.

109.    Underwriter Defendants deny Paragraph 109, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Registration Statement or conduct of Underwriter Defendants, except respectfully refer the Court to public market sources for a true and accurate record of the trading prices of LifeStance stock from the IPO through December 31, 2021, and to SAB No. 99 for a full and accurate recitation of its contents.

110.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 110, except respectfully refer the Court to the cited analyst reports for a full and accurate statement of their contents.

### Post-IPO Events

111.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 111, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

112.    Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 112, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

113. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 113, except admit on information and belief that on August 11, 2021, LifeStance held a Q2 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

114. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 114 except admit on information and belief that on November 8, 2021, LifeStance announced its Q3 2021 financial results, and respectfully refer the Court to the press release cited in Paragraph 114 for a full and accurate statement of its contents.

115. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 115, except admit on information and belief that on November 8, 2021, LifeStance announced its Q3 2021 financial results, and respectfully refer the Court to the press release cited in Paragraph 115 for a full and accurate statement of its contents.

116. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 116, except admit on information and belief that on November 8, 2021, LifeStance held a Q3 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

117. Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 117, except admit on information and belief that on November 8, 2021, LifeStance held a Q3 conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

118. Underwriter Defendants deny Paragraph 118, except admit on information and belief that on March 10, 2022, LifeStance announced its FY 2021 financial results, including revenue of $668 million for FY 2021, and on March 10, 2022, LifeStance held a FY 2021

conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents.

119.     Underwriter Defendants deny Paragraph 119, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Registration Statement or conduct of Underwriter Defendants, except respectfully refer the Court to public market sources for a true and accurate record of the opening and closing trading prices of LifeStance stock on August 10, 2022 and December 19, 2022.

## COUNT I

### Violations of §11 of the Securities Act
### Against All Defendants

120.     Underwriter Defendants repeat and reincorporate each and every response to the allegations above, as if set forth fully herein.

121.     Paragraph 121 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 121, except respectfully refer the Court to the statute referenced in Paragraph 121 for a full and accurate recitation of its contents.

122.     Paragraph 122 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 122, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

123.     Paragraph 123 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 123, except admit that LifeStance is the registrant for the IPO.

124.    Paragraph 124 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 124, except admit that a Registration Statement signed by the Individual Defendants was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

125.    Paragraph 125 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 125, except admit that Underwriter Defendants were underwriters with respect to LifeStance's IPO and a Registration Statement was filed in connection with the IPO, and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

126.    Paragraph 126 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 126.

127.    Paragraph 127 purports to state a legal conclusion, to which no response is required.  To the extent a response is required, Underwriter Defendants deny Paragraph 127, except admit that a Registration Statement was filed in connection with LifeStance's IPO and respectfully refer the Court to the Registration Statement for a full and accurate statement of its contents.

## COUNT II

### Violation of §15 of the Securities Act
### Against the Individual Defendants

128.    Underwriter Defendants repeat and reincorporate each and every response to the allegations above, as if set forth fully herein.

23

129.    Paragraph 129 does not pertain to Underwriter Defendants.  To the extent a response is required, Underwriter Defendants deny Paragraph 129, except respectfully refer the Court to the statute referenced in Paragraph 129 for a full and accurate recitation of its contents.

130.    Paragraph 130 does not pertain to Underwriter Defendants.  To the extent a response is required, Underwriter Defendants deny Paragraph 130, except respectfully refer the Court to the statutes referenced in Paragraph 130 for a full and accurate recitation of their contents.

131.    Paragraph 131 does not pertain to Underwriter Defendants.  To the extent a response is required, Underwriter Defendants deny Paragraph 131.

132.    Paragraph 132 does not pertain to Underwriter Defendants.  To the extent a response is required, Underwriter Defendants deny Paragraph 132.

133.    Paragraph 133 does not pertain to Underwriter Defendants.  To the extent a response is required, Underwriter Defendants deny Paragraph 133.

**PRAYER FOR RELIEF**

Underwriter Defendants deny that Lead Plaintiff or putative class members are entitled to any judgment, damages, recovery, or relief whatsoever.

**JURY TRIAL DEMANDED**

The paragraph in which Lead Plaintiff demands a trial by jury contains a description of Lead Plaintiff's demand, to which no response is required.

**<u>AFFIRMATIVE DEFENSES</u>**

Underwriter Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, Underwriter Defendants do not assume any burden of proof, persuasion

24

or production with respect to any issue where the applicable law places the burden upon Lead Plaintiff and members of the putative class.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Lead Plaintiff's claims are barred by the applicable statutes of repose and/or statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

3.     Lead Plaintiff's claims fail, in whole or in part, because the Registration Statement does not contain an untrue statement of material fact and does not omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## FOURTH AFFIRMATIVE DEFENSE

4.     Lead Plaintiff's claims fail, in whole or in part, because Underwriter Defendants conducted a reasonable investigation and had reasonable ground to believe and did believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## FIFTH AFFIRMATIVE DEFENSE

5.     Lead Plaintiff's claims fail with respect to portions of the Registration Statement purporting to be made on the authority of experts retained to assist in preparing such documents, including independent auditors, tax specialists, and legal counsel, as to which Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an

omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, including that Underwriter Defendants were entitled to rely on and did rely reasonably and in good faith upon the written opinion of issuer's counsel and other representations and opinions provided to Underwriter Defendants in connection with the Offering Documents that, subject to the conditions stated therein, the Offering Documents did not violate Section 11 of the Securities Act.

## SIXTH AFFIRMATIVE DEFENSE

6.      Lead Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, inter alia, the total mix of available information and/or did not impact the market price of LifeStances's common stock.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Lead Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Lead Plaintiff has not alleged, and cannot prove, were not truly held.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Lead Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damages, including legally cognizable injury or damages under the Securities Act of 1933, including but not limited to the provisions of 15 U.S.C. § 77k(e).

## NINTH AFFIRMATIVE DEFENSE

9.      Lead Plaintiff's claims are barred, in whole or in part, because no act or omission by Underwriter Defendants was the cause in fact or proximate cause of any damage alleged by Lead Plaintiff, including because, to the extent that Lead Plaintiff or any member of the alleged

class incurred any injury or damage as alleged in the Complaint, which is denied, the injuries allegedly sustained were not caused by any act or omission on the part of Defendants because any alleged injuries were the result of superseding, intervening, or independent causes and unrelated to any act or omission on the part of Defendants, and are the proximate result, either in whole or in part, of other factors, including, but not limited to, market-wide phenomena, economic factors, or actions or omissions of persons or entities other than Defendants.  Accordingly, any recovery should be precluded or diminished in proportion to the amount of fault attributable to other factors.

## TENTH AFFIRMATIVE DEFENSE

10.    Lead Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands and/or other equitable doctrines.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Lead Plaintiff's claims fail, in whole or in part, because Defendants made full and accurate disclosures of all information required to be disclosed by law and did not omit to disclose any statement of fact necessary in order to make the statements made by Defendants not misleading, including because some or all of the matters now claimed by Lead Plaintiff to have been omitted from the Registration Statement (which Underwriter Defendants deny) were fully disclosed by Defendants or were otherwise known to and entered the securities market through credible sources; because some or all of those matters were actually or constructively known to Lead Plaintiff and/or its agents, financial representatives, and/or broker-dealers; and because Lead Plaintiff purchased LifeStance's common stock with actual or constructive knowledge of the risks involved in an investment in LifeStance's common stock, and thus assumed the risk that the value of the common stock would decline if such risks materialized.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Lead Plaintiff's claims are barred, in whole or in part, by the terms, disclaimers, and disclosures in LifeStance's SEC filings.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Lead Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to disclose, or cause the disclosure of, the allegedly omitted material information.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Lead Plaintiff's claims are barred, in whole or in part, because certain of the alleged misstatements are non-actionable statements of puffery.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Lead Plaintiff's claims fail to the extent that they are based on forward-looking statements that were either accompanied by meaningful cautionary language or made without actual knowledge that those statements were false or misleading, pursuant to the "bespeaks caution" doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     LifeStance's common stock did not trade in an efficient market and the fraud on the market theory is not a basis for liability with respect to the claim against Underwriter Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Lead Plaintiff's claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to Lead Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Lead Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Lead Plaintiff's claims are barred because one or more parties not named in the Complaint may be indispensable parties to this action, and Underwriter Defendants reserve the right to seek the joinder of those parties whose absence from the action renders it such that complete relief cannot be granted without the missing party.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Depending on the evaluation of the discovery record and further legal and factual analyses by Underwriter Defendants and their counsel, Underwriter Defendants reserve the right to assert as a defense their reliance on the advice of counsel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Lead Plaintiff's claims are barred, in whole or in part, because any alleged damages suffered by Lead Plaintiff, which Underwriter Defendants deny, are speculative.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Lead Plaintiff is not entitled to any recovery from Underwriter Defendants in excess of the amounts allowed under applicable law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Lead Plaintiff's claims against each Underwriter Defendant fail to the extent that they seek damages exceeding each Underwriter Defendant's proportionate liability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Lead Plaintiff's claims are barred, in whole or in part, insofar as they are based on alleged conduct that concluded before, or began after, Lead Plaintiff's purchases of LifeStance common stock.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff and members of the alleged class, including those who did not purchase LifeStance common stock, lack standing to assert federal securities fraud claims against Underwriter Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Lead Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations or omissions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Underwriter Defendants are not liable to Lead Plaintiff or members of the putative class in connection with any purchases of securities offered in the IPO that (i) were not offered in the United States pursuant to the Registration Statement; or (ii) were not sold or purchased in the United States.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

### THIRTIETH AFFIRMATIVE DEFENSE

30.     Underwriter Defendants are not liable under Section 11 of the Securities Act for damages in excess of the total price at which the securities underwritten and distributed by Underwriter Defendants to the public were offered to the public, and are not liable for damages that Lead Plaintiff or putative class could have mitigated or did mitigate.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff's suit is "without merit" within the meaning of the last sentence of 15 U.S.C. § 33k(e).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Any amounts to which Lead Plaintiff or the putative class may be entitled must be set off by any amounts received or benefits gained, including (but not limited to) for any settlements Lead Plaintiff enters into, or any amounts Lead Plaintiff otherwise receives from any source, in connection with Lead Plaintiff's alleged losses.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Underwriter Defendants have not knowingly and intentionally waived any applicable additional defenses, and reserve the right to raise any additional defenses not asserted herein of which they become aware at any subsequent stage of this action.  Underwriter Defendants further reserve the right to amend their Answer and Defenses accordingly and to delete defenses that they determine are not applicable during the course of discovery.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Underwriter Defendants adopt by reference any defense pled by any other Defendant not expressly set forth herein to the extent applicable to any Underwriter Defendant.

### **PRAYER**

WHEREFORE, Underwriter Defendants respectfully request that the Court:

A.      Deny class certification and strike all class allegations from the

Complaint;

B.      Render judgment that Lead Plaintiff take nothing by this suit;

C.      Dismiss the Complaint with prejudice;

D.      Award Underwriter Defendants their costs of court and other fees; and

E.      Grant any other just and proper relief to which Underwriter Defendants

may be entitled.


Dated: May 1, 2023                                        Respectfully submitted,


                                                                  */s/ Brian S. Weinstein*
                                                                  **DAVIS POLK & WARDWELL LLP**
                                                                  Brian S. Weinstein
                                                                  450 Lexington Avenue
                                                                  New York, NY 10017
                                                                  Tel: (212) 450-4972
                                                                  Brian.Weinstein@davispolk.com

                                                                  *Attorney for Defendants Morgan Stanley &
                                                                  Co., LLC, Goldman Sachs & Co. LLC, J.P.
                                                                  Morgan Securities LLC, Jefferies LLC, TPG
                                                                  Capital BD, LLC, UBS Securities LLC, and
                                                                  William Blair & Company, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 1, 2023, the foregoing document was served by the

CM/ECF system on the following:

David Avi Rosenfeld
Brent Edward Mitchell
Mark Tamerlane Millkey
Michael Gerard Capeci
Samuel Howard Rudman
ROBBINS GELLER RUDMAN & DOWD
LLP
58 South Service Road Suite 200
Melville, NY 11747
Email: drosenfeld@rgrdlaw.com
Email: bmitchell@rgrdlaw.com
Email: mmillkey@rgrdlaw.com
Email: mcapeci@rgrdlaw.com
Email: srudman@rgrdlaw.com

*Attorneys for Lead Plaintiff*

Martin J. Crisp
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Email: Martin.Crisp@ropesgray.com

William T. Davison (admitted *pro hac vice*)
Cole A. Goodman (admitted *pro hac vice*)
Sara A. Bellin (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Email: William.Davison@ropesgray.com
Email: Cole.Goodman@ropesgray.com
Email: Sara.Bellin@ropesgray.com

Daniel V. McCaughey (admitted *pro hac vice*)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111
Email: Daniel.McCaughey@ropesgray.com

*Attorneys for Defendants LifeStance Health
Group, Inc., Michael K. Lester, J. Michael
Bruff, Robert Bessler, Darren Black, Jeffrey
Crisan, William Miller, Jeffrey Rhodes, Eric
Shuey, and Katherine Wood*

*/s/ Brian S. Weinstein*
*Attorney for Underwriter Defendants*