UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

NIZAR S. NAYANI, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

vs.

LIFESTANCE HEALTH GROUP, INC.,
MICHAEL K. LESTER, J. MICHAEL
BRUFF, ROBERT BESSLER, DARREN
BLACK, JEFFREY CRISAN, WILLIAM
MILLER, JEFFREY RHODES, ERIC
SHUEY, KATHERINE WOOD, MORGAN
STANLEY & CO. LLC, GOLDMAN SACHS
& CO. LLC, J.P. MORGAN SECURITIES
LLC, JEFFERIES LLC, TPG CAPITAL BD,
LLC, UBS SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

                Defendants.

--------------------------------------------------------- x

[PROPOSED] PROTECTIVE ORDER

Civil Action No. 1:22-cv-06833 (JSR)

JED S. RAKOFF, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

      1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Confidential Health Information" pursuant to the

terms of this Order shall not disclose such Confidential Discovery Material or Confidential Health Information to anyone else except as expressly permitted hereunder.

2.  The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, internal financial projections and analyses, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed financial reporting information and confidential communications made to regulatory agencies;

(c) previously nondisclosed and confidential proprietary, financial, customer, client, patient, or commercial information (including without limitation confidential commercial agreements, transactional documents, or nonpublic research or business development);

(d) previously nondisclosed information constituting or reflecting any "trade secret or other confidential research, development, or commercial information" (Fed. R. Civ. P. 26(c)(1)(G));

(e) previously nondisclosed material relating to ownership or control of any non-public company;

(f) previously nondisclosed and/or confidential business plans, strategic plans, commercial plans, product development information, or marketing plans;

(g) any information of a personal or intimate nature regarding any individual; or

(h) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Confidential Health Information" information that includes "protected health information" and "individually identifiable health information" as such terms are defined in 45 C.F.R. § 160.103 in the regulations promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, as amended (collectively, "HIPAA"), and which is permitted to be disclosed in the context of judicial and administrative proceedings pursuant to 45 C.F.R. § 164.512(e)(1), subject to certain requirements as described therein. "Confidential Health Information" does not include any of the above where the material does not include individual identifiers and is fully de-identified in accordance with the HIPAA de-identification standard set forth in 45 C.F.R. § 164.514(a). "Confidential Health Information" also includes any materials subject to the health or privacy provisions of any other applicable federal or state law.

4. Pursuant to 45 C.F.R. § 164.512(e)(1), any "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose Confidential Health Information pertaining to this action to those persons listed in Paragraph 8 below. Those persons shall be permitted to use or disclose the Confidential Health Information only for purposes of litigating this action, including any appeals of this case. All persons and parties are prohibited from using or disclosing Confidential Health Information for any other purposes. If Confidential Health Information is disclosed between the parties as authorized by this Order, the names, dates of birth and social security numbers of any individuals whose medical claims are not at issue in this lawsuit may be redacted to protect the identity of the patients, if the producing person believes that is warranted under the particular circumstances.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information. Alternatively, a producing person or that person's counsel may make written designations of Confidential information in each deposition transcript, by page and line number, served on the parties, within thirty (30) calendar days of receiving the transcript. Regardless of the method of designation, the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6. Any party who produces Confidential Health Information in this Action shall designate such discovery material "Confidential Health Information," consistent with the designation process and method set forth in Paragraph 5 of this Order.

7. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential Health Information, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Confidential Health Information under the terms of this Order. If a party has already disclosed such designated portion[s] of Discovery Material to anyone other than the individuals set forth in Paragraph 8 below, that party shall make reasonable efforts to promptly retrieve such Discovery Material, ensure that any recipient not falling into the

categories set forth in Paragraph 8 below no longer have access to such Discovery Material, and to avoid any further disclosure.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential or Confidential Health Information to any other person whomsoever, except to:

(a) the parties to this action, and representatives, employees, officers, and directors of the parties to the extent such persons are assisting in the prosecution or defense of this action, provided that any such natural persons (other than such persons falling within subparagraphs 8(b) and (c), as defined below) has first executed a Non-Disclosure Agreement in the formed annexed as an Exhibit hereto;

(b) counsel retained specifically for this action, including any paralegal, document review attorney, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (including but not limited to professional jury or trial consultants, mock jurors, and persons or entities providing litigation support services—such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting,

organizing, storing, or retrieving data in any form or medium—and their employees and subcontractors), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any mediator or other dispute-resolution personnel, or any employee thereof;

(g) insurers, reinsurers, insurance adjusters, insurance brokers, and/or third party administrators of insurance policies that do or may provide insurance coverage applicable to this action;

(h) stenographers engaged to transcribe depositions conducted in this action and videographers engaged to record depositions conducted in this action;

(i) any other individuals or categories of individuals that the parties agree, in writing, may be provided Confidential Discovery Material subject to this Order, except that Confidential Health Information shall only be disclosed in accordance with this Order or further order of the Court; and

(j) the Court and its support personnel.

9. Prior to any disclosure of any Confidential Discovery Material or Confidential Health Information to any person referred to in subparagraphs 8(a), 8(d), or 8(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain a copy of each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. All Confidential Discovery Material or Confidential Health Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose

such Confidential Discovery Material or Confidential Health Information, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material or Confidential Health Information itself, and not text that in no material way reveals the Confidential Discovery Material or Confidential Health Information.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

12. All persons are hereby placed on notice that, with the exception of Confidential Health Information, the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. With respect to Confidential Health Information in particular, the receiving party

shall take all reasonable measures necessary for protecting Confidential Health Information from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA. Such measures may include filing Confidential Health Information under seal and redacting patient names, dates of birth and social security numbers from documents containing Confidential Health Information.

14.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, or any other applicable law, regulation, privilege or immunity from disclosure recognized and enforced by applicable federal and state law ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17.     As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

19. Pursuant to Federal Rule of Evidence 502(d), the production of information subject to a claim of attorney-client privilege, work product, or any other applicable law, regulation, privilege, or immunity from disclosure recognized and enforced by applicable federal and state law, whether inadvertent or otherwise, is not a waiver in this or in any other federal or state proceeding.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. For the avoidance of doubt, counsel of record in this action shall be permitted to keep copies of filings and work product that incorporates any Confidential Discovery Material that does not contain or consist of Confidential Health Information, so long as counsel continues to treat such Confidential Discovery Material in accordance with this Order. All Confidential Health Information must be returned to the producing party or destroyed by the receiving party within thirty (30) days of the final disposition of this action, and no copies of the Confidential Health Information, or anything incorporating it, may be retained by the receiving party or their counsel of record.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated:  5/24/23                                   Dated:  5/24/23

 /s/ Samuel H. Rudman                              /s/ Martin J. Crisp
**ROBBINS GELLER RUDMAN**                         **ROPES & GRAY LLP**
  **& DOWD LLP**                                  MARTIN J. CRISP
SAMUEL H. RUDMAN                                  1211 Avenue of the Americas
MARK T. MILLKEY                                   New York, NY 10036
MICHAEL G. CAPECI                                 Telephone: 212/596-5000
BRENT E. MITCHELL                                 212/596-9090 (fax)
58 South Service Road, Suite 200                  Martin.Crisp@ropesgray.com
Melville, NY 11747
Telephone: 631/367-7100                           DANIEL V. MCCAUGHEY (admitted *pro hac vice*)
631/367-1173 (fax)                                WILLIAM T. DAVISON (admitted *pro hac vice*)
srudman@rgrdlaw.com                               COLE A. GOODMAN (admitted *pro hac vice*)
mmillkey@rgrdlaw.com                              SARA A. BELLIN (admitted *pro hac vice*)
mcapeci@rgrdlaw.com                               Prudential Tower
bmitchell@rgrdlaw.com                             800 Boylston Street
                                                  Boston, MA 02199
*Counsel for Lead Plaintiff*                      Telephone: 617/951-7000
                                                  617/951-7050 (fax)
                                                  Daniel.McCaughey@ropesgray.com
                                                  William.Davison@ropesgray.com
                                                  Cole.Goodman@ropesgray.com
                                                  Sara.Bellin@ropesgray.com

                                                  *Attorneys for Defendants LifeStance Health Group, Inc., Michael K. Lester, J. Michael Bruff, Robert Bessler, Darren Black, Jeffrey Crisan, William Miller, Jeffrey Rhodes, Eric Shuey, and Katherine Wood*

Dated: 5/24/23

/s/ Brian S. Weinstein
**DAVIS POLK & WARDWELL LLP**
BRIAN S. WEINSTEIN
450 Lexington Avenue
New York, NY 10017
Telephone: 212/450-4000
Brian.Weinstein@davispolk.com

*Attorney for Defendants Morgan Stanley & Co., LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, TPG Capital BD, LLC, UBS Securities LLC, and William Blair & Company, L.L.C.*

**SO ORDERED.**

_____
JED S. RAKOFF, U.S.D.J.

DATED: New York, New York
　　　　　5/31/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

NIZAR S. NAYANI, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

vs.

LIFESTANCE HEALTH GROUP, INC.,
MICHAEL K. LESTER, J. MICHAEL
BRUFF, ROBERT BESSLER, DARREN
BLACK, JEFFREY CRISAN, WILLIAM
MILLER, JEFFREY RHODES, ERIC
SHUEY, KATHERINE WOOD, MORGAN
STANLEY & CO. LLC, GOLDMAN SACHS
& CO. LLC, J.P. MORGAN SECURITIES
LLC, JEFFERIES LLC, TPG CAPITAL BD,
LLC, UBS SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

      Defendants.

---------------------------------------------------------------- x

**NON-DISCLOSURE AGREEMENT**

Civil Action No. 1:22-cv-06833 (JSR)

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

  Dated: _____          _____