UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

NIZAR S. NAYANI, Individually and on
Behalf of All Others Similarly Situated,

                            Plaintiff,

          vs.

LIFESTANCE HEALTH GROUP, INC.,
MICHAEL K. LESTER, J. MICHAEL
BRUFF, ROBERT BESSLER, DARREN
BLACK, JEFFREY CRISAN, WILLIAM
MILLER, JEFFREY RHODES, ERIC
SHUEY, KATHERINE WOOD, MORGAN
STANLEY & CO. LLC, GOLDMAN SACHS
& CO. LLC, J.P. MORGAN SECURITIES
LLC, JEFFERIES LLC, TPG CAPITAL BD,
LLC, UBS SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

                        Defendants.

—————————————————————————— x

Civil Action No. 1:22-cv-06833-JSR

<u>CLASS ACTION</u>

MEMORANDUM OF LAW IN SUPPORT
OF LEAD PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION AND
APPOINTMENT OF CLASS
REPRESENTATIVE AND CLASS
COUNSEL

**TABLE OF CONTENTS**

                                                                                          **Page**

I.      INTRODUCTION .........................................................................................................1

II.     THE PROPOSED CLASS REPRESENTATIVE ...........................................................3

III.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .................................3

IV.     ARGUMENT................................................................................................................5

        A.     Legal Standards on a Motion for Class Certification...............................................5

        B.     The Proposed Class Satisfies the Requirements of Rule 23(a)...............................6

               1.     The Proposed Class Is So Numerous that Joinder of All Members
                      Is Impracticable..........................................................................................6

               2.     There Are Questions of Law and Fact Common to Each Member
                      of the Proposed Class..................................................................................7

               3.     Lead Plaintiff's Claims Are Typical of the Claims of the Class.................8

               4.     Lead Plaintiff Is Adequate ........................................................................10

        C.     The Proposed Class Satisfies the Requirements of Rule 23(b)(3).........................11

               1.     Common Questions of Law or Fact Predominate.....................................11

               2.     A Class Action Is Superior to Other Available Methods for
                      Pursuing Claims Against Defendants ........................................................14

        D.     Lead Plaintiff's Choice of Class Counsel Satisfies the Requirements of
               Rule 23(g) .............................................................................................................16

CONCLUSION.............................................................................................................................17

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)........................................................................................12, 16

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013)..........................................................................................5, 13

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
310 F.R.D. 69 (S.D.N.Y. 2015) .............................................................................16

*Charron v. Wiener*,
731 F.3d 241 (2d Cir. 2013)..................................................................................11

*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*,
2017 WL 3608298,
(S.D.N.Y. Aug. 22, 2017) ......................................................................................12

*Erica P. John Fund, Inc. v. Halliburton Co.*,
563 U.S. 804 (2011)...............................................................................................12

*Gordon v. Vanda Pharms. Inc.*,
2022 WL 4296092
(E.D.N.Y. Sept. 15, 2022)........................................................................................8

*Hawaii Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holdings, Inc.*,
338 F.R.D. 205 (S.D.N.Y. 2021) ...........................................................10, 11, 12, 14

*Heckle v. Matrix Absence Mgmt., Inc.*,
2022 WL 17666401
(S.D.N.Y. Dec. 14, 2022)..........................................................................................7

*In re Allergan PLC Sec. Litig.*,
2021 WL 4077942
(S.D.N.Y. Sept. 8, 2021).........................................................................................11

*In re Barrick Gold Sec. Litig.*,
314 F.R.D. 91 (S.D.N.Y. 2016) ...............................................................................6

*In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*,
2020 WL 1329354
(S.D.N.Y. Mar. 23, 2020) .........................................................................................2

**Page**

*In re Constar Int'l Inc. Sec. Litig.*,
585 F.3d 774 (3d Cir. 2009)...................................................................................6

*In re Deutsche Bank AG Sec. Litig.*,
328 F.R.D. 71 (S.D.N.Y. 2018) ...................................................................... *passim*

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
312 F.R.D. 332 (S.D.N.Y. 2015) .............................................................................2

*In re Fuwei Films Sec. Litig.*,
634 F. Supp. 2d 419 (S.D.N.Y. 2009).....................................................................6

*In re IndyMac Mortg.-Backed Sec. Litig.*,
286 F.R.D. 226 (S.D.N.Y. 2012) ...........................................................................14

*In re MF Glob. Holdings Ltd. Inv. Litig.*,
310 F.R.D. 230 (S.D.N.Y. 2015) .......................................................................9, 15

*In re NTL, Inc. Sec. Litig.*,
2006 WL 330113,
(S.D.N.Y. Feb. 14, 2006)......................................................................................12

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
330 F.R.D. 11 (E.D.N.Y. 2019)...............................................................................7

*In re Perrigo Co. PLC Sec. Litig.*,
493 F. Supp. 3d 291 (S.D.N.Y. 2020).................................................................5, 10

*In re Petrobras Sec.*,
862 F.3d 250 (2d Cir. 2017).............................................................................11, 12

*In re Petrobras Sec. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015)......................................................................9

*In re Petrobras Sec. Litig.*,
312 F.R.D. 354 (S.D.N.Y. 2016) .............................................................................6

*In re Pfizer Inc. Sec. Litig.*,
282 F.R.D. 38 (S.D.N.Y. 2012) ...............................................................................8

*In re Signet Jewelers Ltd. Sec. Litig.*,
2019 WL 3001084
(S.D.N.Y. July 10, 2019) .......................................................................................12

- iii -

**Page**

*In re Smart Techs., Inc. S'holder Litig.*,
    295 F.R.D. 50 (S.D.N.Y. 2013) ..................................................................................14

*In re U.S. Foodservice Inc. Pricing Litig.*,
    729 F.3d 108 (2d Cir. 2013)......................................................................................5, 15

*In re Winstar Commc'ns Sec. Litig.*,
    290 F.R.D. 437 (S.D.N.Y. 2013) ..............................................................................2

*Iowa Pub. Emps.' Ret. Sys. v. Bank of Am. Corp.*,
    2022 WL 2829880,
    (S.D.N.Y. June 30, 2022)...........................................................................................6

*Korn v. Franchard Corp.*,
    456 F.2d 1206 (2d Cir. 1972).....................................................................................8

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997).......................................................................................6

*Martinenko v. 212 Steakhouse, Inc.*,
    2023 WL 2919766
    (S.D.N.Y. Apr. 12, 2023)............................................................................................10

*Menkes v. Stolt-Nielsen S.A.*,
    270 F.R.D. 80 (D. Conn. 2010)..................................................................................13

*Merrill Lynch*,
    277 F.R.D. at 109), *report and recommendation adopted*,
    2023 WL 3160118
    (S.D.N.Y. Apr. 27, 2023).............................................................................................10

*Nayani v. LifeStance Health Grp., Inc.*,
    2022 WL 16985717
    (S.D.N.Y. Nov. 17, 2022) ...........................................................................................4

*Nayani v. LifeStance Health Grp., Inc.*,
    2023 WL 3260260
    (S.D.N.Y. May 4, 2023)...............................................................................................12, 13

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
    693 F.3d 145 (2d Cir. 2012).......................................................................................9

**Page**

*New Jersey Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*,
2014 WL 1013835
(S.D.N.Y. Mar. 17, 2014) ...................................................................................................14

*New Jersey Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
2016 WL 7409840
(S.D.N.Y. Nov. 4, 2016) .....................................................................................................15

*Pa. Pub. Sch. Emps' Ret. Sys. v. Morgan Stanley & Co.*,
772 F.3d 111 (2d Cir. 2014).................................................................................................6

*Passman v. Peloton Interactive, Inc.*,
2023 WL 3195941
(S.D.N.Y. May 2, 2023)........................................................................................................5

*Pearlstein v. BlackBerry Ltd.*,
2021 WL 253453
(S.D.N.Y. Jan. 26, 2021)......................................................................................................7

*Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*,
277 F.R.D. 97 (S.D.N.Y. 2011) ................................................................................. *passim*

*Set Cap. LLC v. Credit Suisse Grp. AG*,
2023 WL 2535175
(S.D.N.Y. Mar. 16, 2023) ..................................................................................7, 8, 14, 15

*Trisvan v. Regal Ent. Grp.*,
2021 WL 3145932
(E.D.N.Y. July 26, 2021) ......................................................................................................6

*Tyson Foods, Inc. v. Bouaphakeo*,
577 U.S. 442 (2016)............................................................................................................12

*Villella v. Chem. & Mining Co. of Chile Inc.*,
333 F.R.D. 39 (S.D.N.Y. 2019) .........................................................................................16

*Waggoner v. Barclays PLC*,
875 F.3d 79 (2d Cir. 2017)..................................................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)..............................................................................................................7

**Page**

*Yi Xiang v. Inovalon Holdings, Inc.*,
   327 F.R.D. 510 (S.D.N.Y. 2018) ................................................................................. *passim*


**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §77k................................................................................................1, 6, 12, 13
   §77k(a) .............................................................................................................12
   §77l(a)(2) ...........................................................................................................6
   §77o...............................................................................................................1, 13

Federal Rules of Civil Procedure
   Rule 23 ..................................................................................................... *passim*
   Rule 23(a)................................................................................................. *passim*
   Rule 23(a)(1)......................................................................................................2
   Rule 23(a)(2) .....................................................................................................8
   Rule 23(a)(3) .....................................................................................................8
   Rule 23(a)(4) ...............................................................................................10, 11
   Rule 23(b) ..........................................................................................................5
   Rule 23(b)(3)............................................................................................. *passim*
   Rule 23(g) ....................................................................................................1, 17
   Rule 23(g)(1)....................................................................................................16
   Rule 23(g)(1)(A)(i)-(iv) ...................................................................................16

Lead plaintiff Nizar S. Nayani ("Lead Plaintiff" or "Nayani") respectfully submits this memorandum in support of his motion under Fed. R. Civ. P. 23(a), 23(b)(3), and 23(g) for an order: (i) certifying a class of all persons, other than Defendants and their affiliates,[1] who purchased LifeStance common stock in and/or traceable to the Company's initial public offering ("IPO") on or about June 10, 2021 (the "Class"), seeking damages for violations of Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"); (ii) appointing Lead Plaintiff as Class Representative; and (iii) appointing Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Class Counsel.

## I.    INTRODUCTION

This case is ideally suited for class certification. Lead Plaintiff alleges that Defendants used a materially false and misleading registration statement and prospectus (the "Registration Statement") to sell tens of millions of shares of LifeStance common stock at a price of $18.00 per share in the IPO. ¶26. Lead Plaintiff alleges strict-liability and negligence claims under the Securities Act on behalf of those investors who purchased LifeStance shares pursuant or traceable to the Registration Statement.

Because "suits alleging violations of the securities laws, particularly those brought pursuant to [the Securities Act], … depend[], more than anything else, on establishing that certain statements and omissions common to all the offerings were material misrepresentations," they are "especially amenable to class action resolution." *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277

---

[1]    "Defendants" refers to LifeStance Health Group, Inc. ("LifeStance" or "the Company") (¶6), as well as the "Individual Defendants," Michael K. Lester (¶7), J. Michael Bruff (¶8), Robert Bessler (¶9), Darren Black (*id.*), Jeffrey Crisan (*id.*), William Miller (*id.*), Jeffrey Rhodes (*id.*), Eric Shuey (*id.*), and Katherine Wood (*id.*), and the "Underwriter Defendants," Morgan Stanley & Co., LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, TPG Capital BD, LLC, UBS Securities LLC, and William Blair & Company, L.L.C. (¶¶11-13). Citations to "¶__" refer to paragraphs in the Amended Complaint (ECF No. 45; "AC").

F.R.D. 97, 101 (S.D.N.Y. 2011) ("*Merrill Lynch*") (Rakoff, J.);[2] *see also Yi Xiang v. Inovalon Holdings, Inc.*, 327 F.R.D. 510, 519 (S.D.N.Y. 2018) ("*Inovalon*") (same; collecting cases). Moreover, "[t]he Second Circuit has directed district courts to interpret Rule 23 liberally, to maximize the benefits to both private parties and to the public provided by class actions." *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 WL 1329354, at *2 (S.D.N.Y. Mar. 23, 2020); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 340 (S.D.N.Y. 2015) (Rule 23 should be given a "liberal" interpretation). Any "[d]oubts concerning the propriety of class certification should be resolved in favor of class certification." *Inovalon*, 327 F.R.D. at 519.

Here, all the prerequisites for class certification under Rule 23(a)—(1) numerosity, (2) commonality, (3) typicality, and (4) adequacy—and the additional requirements under Rule 23(b)(3)—predominance and superiority—have been met:

- The Class meets the *numerosity* threshold because it consists of likely thousands of geographically dispersed investors who acquired tens of millions of shares of LifeStance common stock in the IPO (¶26), making joinder impracticable. *See, e.g.*, *In re Winstar Commc'ns Sec. Litig.*, 290 F.R.D. 437, 442-43 (S.D.N.Y. 2013) ("Numerosity is presumed when a class consists of forty or more plaintiffs," and in securities class actions concerning publicly traded corporations, this "requirement may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period.").

- The Class raises *common* questions of law and fact—most notably, whether the Registration Statement contained materially untrue or misleading statements or omissions—as all Class members' claims stem from the same statements made by Defendants in the same Registration Statement. *See Merrill Lynch*, 277 F.R.D. at 106-07. Moreover, the common issues in this case *predominate* over any other issues because, under the strict-liability/negligence standard of the Securities Act, the existence of materially misleading misstatements or omissions is "central" to Lead Plaintiff's claims. *See In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 86 (S.D.N.Y. 2018).

- Nayani's claims are *typical* of those of the Class, as he acquired his LifeStance common stock pursuant or traceable to the IPO, and brings claims based on the same facts and legal theories arising from the Registration Statement's untrue and misleading statements and omissions. *See, e.g.*, *id.* at 80 ("So long as plaintiffs assert … that defendants committed the

---

[2]    Unless otherwise noted, internal quotation marks and citations are omitted from quoted material.

same wrongful acts in the same manner, against all members of the class, they establish the necessary typicality.").

- Nayani is *adequate* to serve as the Class Representative because his interests in maximizing any recovery are firmly aligned with those of the proposed Class, and he has retained highly experienced counsel that have already shown their ability to prosecute this case vigorously. *See id.* at 81-82.

- And a class action is *superior* to other means of resolving this case because "securities violations inflict economic injury on large numbers of geographically dispersed persons such that the cost of pursuing individual litigation to seek recovery is often not feasible." *Id.* at 85-86.

In short, because the requirements of Rule 23 are satisfied, Lead Plaintiff respectfully requests that the motion be granted.

## II.   THE PROPOSED CLASS REPRESENTATIVE

Nayani is an individual investor who purchased LifeStance common stock in and traceable to the IPO and suffered losses in connection therewith. Nayani has previously certified in this action that he: (i) reviewed the pleadings filed in this matter; (ii) did not purchase LifeStance common stock at the direction of counsel, or in order to participate in any private securities action; (iii) is willing to serve as a representative party on behalf of the Class; and (iv) will not accept any payment for serving as a representative party for the Class beyond his respective *pro rata* share of any recovery, except as ordered or approved by the Court. ECF Nos. 28-2, 28-4. Nayani authorized the filing of the initial pleading in this lawsuit and, with his counsel Robbins Geller, has actively and diligently prosecuted this action on behalf of the proposed Class ever since.

## III.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

LifeStance is one of the nation's largest providers of virtual and in-person outpatient mental and behavioral health services. ¶21. This case arises from Defendants' alleged failure to disclose a known, pre-IPO increase in turnover of LifeStance's licensed clinicians, and the reasons for that

- 3 -

increase, in the Registration Statement provided to investors for the Company's June 10, 2021 IPO. ¶¶67-79.[3]

On November 17, 2022, the Court, after questioning the competing movants for lead plaintiff under oath, appointed Nayani to that position, having concluded that he was "entitled to the presumption of being the most adequate plaintiff," and that the presumption in his favor had not been rebutted: "Mr. Nayani has demonstrated that he will fairly and adequately represent the interests of the class, and no unique defense has seriously been raised to his claim." *Nayani v. LifeStance Health Grp., Inc.*, 2022 WL 16985717, at *6 (S.D.N.Y. Nov. 17, 2022) (Rakoff, J.) (the "Lead Plaintiff Opinion"). The Court's holding came after Nayani was cross-examined under oath by counsel for the competing lead-plaintiff movant and defense counsel (ECF No. 43), and after defense counsel submitted a brief opposing Nayani's motion to be appointed as lead plaintiff. ECF No. 38.

Lead Plaintiff filed the AC on December 19, 2022 (ECF No. 45), and Defendants filed their joint motion to dismiss on January 18, 2023. *See* ECF Nos. 46-48. Briefing on the motion was complete as of March 6, 2023, and the Court heard oral argument on the motion on March 31, 2023. On April 10, 2023, the Court issued an Order denying the motion (ECF No. 52), and on May 4, 2023, the Court issued a Memorandum Order further explaining its reasoning for denying the motion. ECF No. 60.

Defendants served their Answers to the Complaint on May 1, 2023. *See* ECF No. 57 (the "LifeStance Defendants' Answer"); ECF No. 58 (the "Underwriter Defendants' Answer").[4] The parties are engaged in discovery pursuant to the Civil Case Management Plan so ordered by the

---

[3]   The AC also alleges related violations of Items 303 and 105 of Regulation S-K. ¶¶80-96.

[4]   Each of the LifeStance Defendants' affirmative defenses as pled in the LifeStance Defendants' Answer is referred herein as "LAD No. __"; each of the Underwriter Defendants' affirmative defenses as pled in the Underwriter Defendants' Answer is referred to as "UW AD No. __."

Court on April 17, 2023, which contemplates, among other items, the filing of this class-certification motion. ECF No. 56 at 2-3.

## IV.    ARGUMENT

### A.    Legal Standards on a Motion for Class Certification

To be certified, a putative class must first demonstrate "that the proposed class action satisfies the four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation." *In re Perrigo Co. PLC Sec. Litig.*, 493 F. Supp. 3d 291, 294 (S.D.N.Y. 2020). Stated in full, Rule 23(a) requires that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "In addition, the plaintiffs must also show that the proposed class action can proceed under one of the categories of Rule 23(b)." *Perrigo*, 493 F. Supp. 3d at 294. Here, Plaintiff seeks certification under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff must show that the requirements of Rule 23 have been met "'by at least a preponderance of the evidence.'" *Perrigo*, 493 F. Supp. 3d at 294 (quoting *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 177 (2d Cir. 2013)). "'[M]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'" *Passman v. Peloton Interactive, Inc.*, 2023 WL 3195941, at *7 (S.D.N.Y. May 2, 2023) (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)).

"The Second Circuit has afforded Rule 23 a 'liberal rather than restrictive construction, and courts are to adopt a standard of flexibility[.]'" *Iowa Pub. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 2022 WL 2829880, at *15 (S.D.N.Y. June 30, 2022) (brackets in original; quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)). "'As courts have repeatedly found, suits alleging violations of the securities laws, particularly those brought pursuant to Sections 11 and 12(a)(2), are especially amenable to class action resolution.'" *Inovalon*, 327 F.R.D. at 519 (quoting *Merrill Lynch*, 277 F.R.D. at 101). That is because "a plaintiff bringing claims pursuant to sections 11 and 12(a)(2) need not plead several elements that are requisite to pleading adequately a claim pursuant to section 10(b)." *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 434 (S.D.N.Y. 2009). Specifically, "'claims brought pursuant to sections 11 and 12(a)(2) must plead materiality of the alleged misrepresentation or omission, but not scienter, reliance, or causation.'" *Trisvan v. Regal Ent. Grp.*, 2021 WL 3145932, at *4 (E.D.N.Y. July 26, 2021) (quoting *Fuwei Films*, 634 F. Supp. 2d at 434)). Accordingly, in Securities Act cases, the "'formulaic nature of §11 leaves defendants with little room to maneuver.'" *Merrill Lynch*, 277 F.R.D. at 119 n.30 (quoting *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 785-86 (3d Cir. 2009)).

As demonstrated below, the elements of Rules 23(a) and 23(b)(3) are satisfied.

## B.    The Proposed Class Satisfies the Requirements of Rule 23(a)

### 1.    The Proposed Class Is So Numerous that Joinder of All Members Is Impracticable

"In the Second Circuit, numerosity is usually presumed for classes larger than forty members." *In re Petrobras Sec. Litig.*, 312 F.R.D. 354, 358 (S.D.N.Y. 2016) (Rakoff, J.; citing *Pa. Pub. Sch. Emps' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014)). "Courts do not require evidence of exact class size to satisfy the numerosity requirement." *In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91, 98 (S.D.N.Y. 2016). Indeed, "[i]n securities actions involving nationally

listed public companies, numerosity is satisfied by showing that a large number of shares were outstanding and traded during the time period." *Set Cap. LLC v. Credit Suisse Grp. AG*, 2023 WL 2535175, at *7 (S.D.N.Y. Mar. 16, 2023).

The AC alleges, and LifeStance admits, that LifeStance sold tens of millions of shares of LifeStance common stock at a price of $18.00 per share in the IPO. ¶26; LifeStance Defendants' Answer ¶26. Accordingly, although the precise number of Class members is currently unknown, it is reasonable to infer that there are at least hundreds, if not thousands, of individuals and entities that purchased LifeStance common shares in and/or traceable to the IPO. Thus, the proposed Class easily satisfies the numerosity requirement.

### 2. There Are Questions of Law and Fact Common to Each Member of the Proposed Class

The commonality requirement is met if "Plaintiffs [] demonstrate that common issues of law or fact affect all class members." *Pearlstein v. BlackBerry Ltd.*, 2021 WL 253453, at *7 (S.D.N.Y. Jan. 26, 2021). This requirement has been characterized as a "low hurdle," *Heckle v. Matrix Absence Mgmt., Inc.*, 2022 WL 17666401, at *4 (S.D.N.Y. Dec. 14, 2022), and "'[e]ven a single common legal or factual question will suffice' ...." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 52 (E.D.N.Y. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 357 (2011)).

This action involves, almost exclusively, issues of law and fact that are common to each member of the putative Class, thereby satisfying the commonality requirement. The putative Class members' claims are all based on the same legal theories and arise out of the same course of conduct, *i.e.*, Defendants' material misstatements and omissions from the Registration Statement. Among the questions of law or fact common to all members of the Class are:

- whether Defendants violated the federal securities laws;

- whether the Registration Statement omitted and/or misrepresented material facts about LifeStance and its business; and

- the extent of the injuries sustained by the Class and the proper measure of damages.

¶20.

These questions establish commonality, which in the Second Circuit is "'plainly satisfied' in a securities case where 'the alleged misrepresentations in the prospectus relate to all the investors, and the existence and materiality of such misrepresentations obviously present important common issues.'" *Inovalon*, 327 F.R.D. at 523 (quoting *Korn v. Franchard Corp.*, 456 F.2d 1206, 1210 (2d Cir. 1972)); *see also Gordon v. Vanda Pharms. Inc.*, 2022 WL 4296092, at *7 (E.D.N.Y. Sept. 15, 2022) ("'In securities fraud cases, where putative class members have been injured by similar material misrepresentations and omissions, the commonality requirement is satisfied.'") (quoting *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 44 (S.D.N.Y. 2012)).

This Court has already sustained the AC and recognized the sufficiency of Lead Plaintiff's allegations of omission in the Registration Statement. Evidentiary proof of the claims that have been sustained will necessarily be common to all members of the Class. Accordingly, the proposed Class satisfies the commonality requirement of Rule 23(a)(2).

### 3.   Lead Plaintiff's Claims Are Typical of the Claims of the Class

Lead Plaintiff's claims "are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement is not demanding. *Inovalon*, 327 F.R.D. at 523. Typicality is satisfied where "lead plaintiffs' claims arise from the same series of events and find support in the same legal theories as the claims of all of the remaining class members." *Set Cap.*, 2023 WL 2535175, at *8. The claims "need not be 'identical' to the class members' claims …." *Id.* Typicality is established "if Defendants committed the same wrongful acts in the same manner against all members of the class." *Inovalon*, 327 F.R.D. at 523.

As the Second Circuit has explained, "in the context of claims alleging injury based on misrepresentations, the misconduct alleged will almost always be the same: the making of a false or misleading statement." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012). That is the case here, "where Lead Plaintiff alleges that [LifeStance] negligently included untrue statements of material fact and omitted material facts from the Registration Statement issued in connection with the Company's IPO." *Inovalon*, 327 F.R.D. at 523 (collecting cases). Like all other members of the Class, Lead Plaintiff purchased LifeStance common stock pursuant and/or traceable to the Registration Statement, which contained the same materially false and misleading statements and omissions. As this Court explained in appointing Nayani as the Lead Plaintiff, "[t]his is the same course of events that allegedly injured the other members of the class." Lead Plaintiff Opinion, at *3. Accordingly, typicality has been established under Rule 23. *Id.* (citing *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (finding typicality where a plaintiff sought "recovery for losses incurred as a result of defendants' alleged misrepresentations and omissions with respect to" a single course of conduct "whose revelation resulted in declines in the price of … securities")).

Moreover, Lead Plaintiff is not subject to any unique defenses that would become a major focus of the litigation. Differences in trading dates or damages do not render a claim atypical. *Merrill Lynch*, 277 F.R.D. at 109 ("'Factual differences involving the date of acquisition, type of securities purchased and manner by which the investor acquired the securities will not destroy typicality if each class member was the victim of the same material misstatements ….'"). "Even if Defendants can show a potential unique defense as to [Lead Plaintiff], it should not prevent certification if 'it does not go to the heart of Plaintiff's case and will not require considerable time and effort to rebut.'" *In re MF Glob. Holdings Ltd. Inv. Litig.*, 310 F.R.D. 230, 236 (S.D.N.Y. 2015)

- 9 -

(finding knowledge-based defenses "insufficient to defeat typicality because the nature of the claims that Plaintiffs must prove remains unchanged").

### 4.    Lead Plaintiff Is Adequate

Finally, Lead Plaintiff "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).   "Adequacy has two components: 'first, class counsel must be qualified, experienced and generally able to conduct the litigation,' and '[s]econd, the class members must not have interests that are antagonistic to one another.'" *Hawaii Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holdings, Inc.*, 338 F.R.D. 205, 213 (S.D.N.Y. 2021) ("*AMC*").

*First*, Plaintiff's interests are not antagonistic to the interests of other members of the Class. As the Court found after questioning Nayani under oath (with additional cross examination and briefing by defense counsel), "Mr. Nayani has demonstrated that he will fairly and adequately represent the interests of the class, and no unique defense has seriously been raised to his claim." Lead Plaintiff Opinion, at *6.

Further, that Lead Plaintiff's claims are typical of those of the Class (*see* Section III.B.3 *supra*) "constitutes 'strong evidence that [his] interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiff's claims will vindicate those of the class.'" *Martinenko v. 212 Steakhouse, Inc.*, 2023 WL 2919766, at *7 (S.D.N.Y. Apr. 12, 2023) (quoting *Merrill Lynch*, 277 F.R.D. at 109), *report and recommendation adopted*, 2023 WL 3160118 (S.D.N.Y. Apr. 27, 2023).   Lead Plaintiff has further demonstrated that he "stand[s] ready to protect the interests of the class against the possibly competing interests of class counsel," in that he has "participated in discovery by producing documents" and understands that he must "submit[] to [a] deposition[]," and has "followed every key event in the litigation through regular consultation" with his counsel. *Perrigo*, 493 F. Supp. 3d at 295.

- 10 -

Indeed, the adequacy requirement of Rule 23(a)(4) is met unless the Court finds "a fundamental conflict between class members necessitating separate representation." *Charron v. Wiener*, 731 F.3d 241, 251 (2d Cir. 2013); *see also Deutsche Bank*, 328 F.R.D. at 81-82 ("conflict or potential conflict alone" insufficient to defeat class certification unless "the conflict [is] fundamental"). No such conflict exists here: "this is not an instance in which [Lead Plaintiff] seeks a fundamentally different form of relief than other class members or stands to benefit from a unique resolution of the case." *In re Allergan PLC Sec. Litig.*, 2021 WL 4077942, at *7 (S.D.N.Y. Sept. 8, 2021). Thus, the "adequacy of representation requirement is satisfied." *Id.*

*Second*, as explained in further detail below (*see* Section III.D), Lead Plaintiff's counsel is well qualified and has extensive experience litigating complex securities class actions. *See, e.g.*, *AMC*, 338 F.R.D. at 213 ("Robbins Geller Rudman & Dowd LLP … [is a] sophisticated law firm[] with considerable experience in complex securities cases, [and is] therefore 'qualified, experienced and generally able to conduct the litigation.'").

### C.    The Proposed Class Satisfies the Requirements of Rule 23(b)(3)

In addition to meeting the requirements of Rule 23(a), this action also satisfies Rule 23(b)(3)'s requirements that: (1) common questions of law or fact predominate over individual questions; and (2) class action treatment be superior to other available methods of adjudication.

### 1.    Common Questions of Law or Fact Predominate

This action satisfies the predominance requirement of Rule 23 because "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Predominance exists where "(1) resolution of any material 'legal or factual questions … can be achieved through generalized proof,' and (2) 'these [common] issues are more substantial than the issues subject only to individualized proof.'" *In re Petrobras Sec.*, 862 F.3d

- 11 -

250, 270 (2d Cir. 2017) (alterations by Court).[5]  In assessing predominance, "'courts focus on the liability issue … and if the liability issue is common to the class, common questions are held to predominate over individual questions.'"  *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, 2017 WL 3608298, at *14 (S.D.N.Y. Aug. 22, 2017) (alterations by Court; quoting *In re NTL, Inc. Sec. Litig.*, 2006 WL 330113, at *12 (S.D.N.Y. Feb. 14, 2006)).  Thus, predominance "'is a test readily met in certain cases alleging … securities fraud.'"  *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Common issues predominate in this case because the elements of Class members' claims are subject to generalized proof common to all Class members' claims, and predominate over any potential questions of individualized proof.  The predominance inquiry "'begins, of course, with the elements of the underlying cause of action.'"  *In re Signet Jewelers Ltd. Sec. Litig.*, 2019 WL 3001084, at *10 (S.D.N.Y. July 10, 2019) (quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809-10 (2011)).  As this Court recognized in denying Defendants' motion to dismiss, to establish a claim under Section 11, Lead Plaintiff must show that the Registration Statement "'omit[ted] to state a material fact required to be stated therein,' or 'omit[ted] to state a material fact … necessary to make the statements therein not misleading.'"  *Nayani v. LifeStance Health Grp., Inc.*, 2023 WL 3260260, at *2 (S.D.N.Y. May 4, 2023) (Rakoff, J.) (quoting 15 U.S.C. §77k(a)).  These "are issues that require only generalized proof."  *AMC*, 338 F.R.D. at 214; *see also*

---

[5]   *See also Waggoner v. Barclays PLC*, 875 F.3d 79, 93 (2d Cir. 2017) ("Predominance is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.").

*Deutsche Bank*, 328 F.R.D. 71 at 86.  Indeed, the Supreme Court has previously recognized that "the question of materiality is common to the class."  *Amgen*, 568 U.S. at 470.

Likewise, claims under Section 15 require "a primary violation" under Section 11, as well as allegations of Defendants' control and "meaningful culpable conduct" (*Nayani*, 2023 WL 3260260, at *4), which are also common questions capable of generalized proof, "given that Defendants' conduct alone is relevant to satisfying the applicable standard."  *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 91 (D. Conn. 2010).

Even Defendants' affirmative defenses reveal that common questions subject to generalized proof will predominate this action.  Many of the asserted defenses raise common questions solely concerning Defendants' conduct (*see, e.g.*, LAD No. 6 & UW AD No. 3 (no false and misleading statements); LAD No. 7 & UW AD No. 6 (materiality); LAD No. 28 & UW AD No. 13 (no duty to disclose); LAD No. 12 & UW AD No. 4 (due diligence); LAD No. 32 & UW AD No. 5 (expert reliance); LAD No. 26 & UW AD No. 7 (non-actionable opinions); LAD No. 11 & UW AD No. 11 (compliance with laws); LAD No. 14 (no culpable participation); LAD No. 27 & UW AD No. 14 (non-actionable puffery); LAD No. 25 & UW AD No. 15 (bespeaks caution); UW AD No. 20 (advice of counsel); UW AD No. 27 (contribution); LAD No. 33 & UW AD No. 23 (proportionate liability); UW AD No. 12 (disclaimers and disclosures in the Registration Statement)).

Moreover, the affirmative defenses that might arguably raise individual questions—such as damages (LAD Nos. 16-20, 22 & UW AD Nos. 8, 17, 21, 22), traceability (LAD No. 15), causation (LAD Nos. 2-3 & UW AD No. 9), knowledge (LAD No. 29), and reliance (LAD Nos. 30-31)— likewise do not defeat predominance.  "[C]ommon questions of fact and law regarding Defendants' potential liability predominate over damages determinations affecting individual members."  *Deutsche Bank*, 328 F.R.D. at 86.  "If liability is proven, damages can then be mechanically

determined on an individual basis by statutory formula." *Id.* Similarly, liability "clearly predominates" over any potential "individualized tracing inquiries,[] which will arise only if and when liability has been determined." *AMC*, 338 F.R.D. at 215; *Set Cap.*, 2023 WL 2535175, at *10 ("the class-wide issue of whether the Offering Documents contain material misstatements and omissions as alleged by Plaintiffs, 'clearly predominates over individualized tracing inquiries'") (quoting *In re Smart Techs., Inc. S'holder Litig.*, 295 F.R.D. 50, 61 (S.D.N.Y. 2013)). Moreover, neither knowledge, loss causation, nor reliance defenses defeat predominance. *See New Jersey Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*, 2014 WL 1013835, at *8-*10 (S.D.N.Y. Mar. 17, 2014) (finding predominance despite the assertion of knowledge and loss causation defenses); *In re IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. 226, 242 (S.D.N.Y. 2012) (discussing knowledge, reliance, damages, falsity, materiality, due diligence and loss causation, and finding that "issues subject to generalized proof significantly predominate over any individualized considerations that are likely to arise in this case").

Thus, common questions of law and fact that are subject to generalized proof will predominate over any individual questions that may arise in this action.

### 2. A Class Action Is Superior to Other Available Methods for Pursuing Claims Against Defendants

This action also satisfies the superiority requirement of Rule 23 because "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Four factors are relevant in determining whether a class action is superior to other methods of adjudication: (1) the interests of members of the class in "individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members"; (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and (4) "the likely difficulties in

managing a class action." *Id.* Much like predominance, "[s]ecurities suits … easily satisfy the superiority requirement of Rule 23." *Inovalon*, 327 F.R.D. at 526; *MF Glob.*, 310 F.R.D. at 239.

Each of the superiority factors is satisfied here. *First*, the proposed Class consists of the purchasers of tens of millions of shares of common stock sold in LifeStance's IPO, and thus likely consists of hundreds if not thousands of geographically dispersed claimants. So the alternatives to a class action "are either no recourse for thousands of stockholders or a multiplicity and scattering of suits with the inefficient administration of litigation which follows in its wake." *Set Cap.*, 2023 WL 2535175, at *10 (quoting *MF Glob*, 310 F.R.D. at 239).

*Second*, Lead Plaintiff is unaware of any other pending related securities litigation by Class members.[6]

*Third*, there is "[n]o doubt" that concentrating the claims in a class action "will achieve significant economies of 'time, effort and expense, and promote uniformity of decision,'" *Deutsche Bank*, 328 F.R.D. at 86 (quoting *U.S. Foodservice*, 729 F.3d at 130-31), and "[c]ourts in this district are [] 'well known to have expertise in securities law.'" *Inovalon*, 327 F.R.D. at 526.

*Fourth*, Lead Plaintiff does not foresee any management difficulties that would preclude this action from being maintained as a class action, and "[r]equiring each putative class member to proceed individually would be costly and inefficient." *New Jersey Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 2016 WL 7409840, at *11 (S.D.N.Y. Nov. 4, 2016) (citing *Merrill Lynch*, 277 F.R.D. at 120). "Moreover, even if some members of the putative class have instituted their own actions or are capable of doing so, others may have suffered losses too small for an individual action to be worthwhile or may lack the resources to pursue litigation." *Id.* As this Court explained

---

[6]    *See* Exhibit A (LifeStance Form 10-Q dated May 10, 2023) to the Declaration of Michael G. Capeci in Support of Motion for Class Certification and Appointment of Class Representative and Class Counsel ("Capeci Decl."), submitted herewith, at 15.

in its Order appointing Lead Plaintiff, "[t]he *raison d'etre* of the class action is to bring justice to individual plaintiffs who have meritorious claims but relatively little at stake…. It would be altogether incongruous to decline to appoint a lead plaintiff simply because the candidate class representatives are the very people who are supposed to benefit from proceeding as a class." Lead Plaintiff Opinion, at *5 (citing *Amchem*, 521 U.S. at 617). The Court's sound logic on this point applies with equal force on a motion for class certification.

For these reasons, a class action is superior to other available methods of adjudicating the controversy.

### D.    Lead Plaintiff's Choice of Class Counsel Satisfies the Requirements of Rule 23(g)

Rule 23(g)(1) provides that "a court that certifies a class must appoint class counsel." Lead Plaintiff respectfully requests that the Court appoint Robbins Geller as Class Counsel. In appointing Class Counsel, the Court should consider counsel's work "in identifying or investigating potential claims in the action," "counsel's experience in handling class actions," "counsel's knowledge of the applicable law," and "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Robbins Geller has an extensive and successful record litigating securities class actions in courts throughout the country, including in this District. *See* Robbins Geller Firm Résumé, attached as Exhibit B to the Capeci Decl. In light of this record, "[c]ourts within this Circuit have repeatedly found Robbins Geller to be adequate and well-qualified for the purpose of litigating class action lawsuits." *Villella v. Chem. & Mining Co. of Chile Inc.*, 333 F.R.D. 39, 59 (S.D.N.Y. 2019) (quoting *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 100 (S.D.N.Y. 2015) (collecting cases)); *Inovalon*, 327 F.R.D. at 525-526 (same, collecting cases). Robbins Geller is well-qualified to prosecute this case on behalf of Lead Plaintiff and the other members of the Class,

and has already undertaken a vigorous prosecution of this action, including preparing the AC, defeating Defendants' motion to dismiss, engaging in discovery, and pursuing class certification. Robbins Geller thus fulfills the requirements of Rule 23(g).

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court: (i) certify this case as a class action under Rules 23(a) and (b)(3); (ii) appoint Nayani to serve as Class Representative; and (iii) appoint Robbins Geller to serve as Class Counsel under Rule 23(g).

DATED: June 2, 2023                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARK T. MILLKEY
MICHAEL G. CAPECI
BRENT E. MITCHELL


                              */s/ Samuel H. Rudman*
                         SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mmillkey@rgrdlaw.com
mcapeci@rgrdlaw.com
bmitchell@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 17 -