# Exhibit D



ROPES & GRAY LLP
800 Boylston Street
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

December 13, 2021

<u>Via Email</u>

American Stock Transfer & Trust Company, LLC
6201 15th Avenue
Brooklyn, NY 11219
Attention: Daniel Spengel

Re:     LifeStance Health Group, Inc.

Ladies and Gentlemen:

As counsel for LifeStance Health Group, Inc., a Delaware corporation (the "Company"), we understand that Evan Greenwald (the "Shareholder") proposes to transfer 241,221 shares of the Company's Common Stock (the "Shares") in accordance with Rule 144 under the Securities Act of 1933, as amended (the "Securities Act").

We have reviewed and relied without independent investigation upon a representation letter dated December 10, 2021 from the Shareholder, a copy of which is attached to this opinion.

Based upon the foregoing, it is our opinion that the transfer of the Shares by the Shareholder will not require registration under the Securities Act and that any certificates representing the Shares so transferred need not bear any Securities Act restrictive legend.

Very truly yours,

Ropes & Gray LLP

114061658_2

## *Seller's Representation Letter*

To:  *Fidelity*_____("Broker")
(Name of Brokerage Firm)

I propose to sell __241,221__ shares of Common Stock (the "Shares") of LifeStance Health Group, Inc. (the "Company") through the Broker in accordance with the requirements of Rule 144, and I hereby represent:

1.  The Shares are "restricted securities," as that term is used in Rule 144(a)(3), and I have held the Shares for more than six months as calculated in accordance with Rule 144(d).

2.  I am not now, and have not been during the preceding three months, an officer, director, or 10% or greater shareholder of the Company or in any other way an "affiliate" of the Company (as that term is defined in Rule 144(a)(1)).

3.  I confirm that the proposed sale is not part of a plan or scheme to evade the SEC's Securities Act registration requirements.

4.  I confirm that I am not aware of any material adverse information in regard to the current and prospective operations of the Company that has not been publicly disclosed.

5.  I understand that the transfer agent's delay in transferring the shares may cause a delay in the payment of the proceeds of the sale.

6.  I agree to immediately cancel or terminate any sales of the Shares upon becoming aware an exemption from Securities Act registration for such Shares pursuant to Rule 144 are no longer available for such sales. I agree to immediately communicate a request to cancel or terminate such sales to the Broker.

7.  The Broker (and each law firm that is requested to deliver a legal opinion in connection with the above described sale) is authorized to rely on the representations herein in connection with the above described sale, and I consent to the Broker communicating with the Company in connection with such sale.

Very truly yours,

_____        __12/10/21__
(Signature of Shareholder)        (Date)

Evan _____
(Print Shareholder's Name)

AST Account #:

113675407_3