# EXHIBIT B

MB47NIZH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NIZAR S. NAYANI, *et al.*,

                Plaintiffs,

                                          22 Civ. 6833 (JSR)

            v.

LIFESTANCE HEALTH GROUP, INC.,
et al.,

                Defendants.               Hearing

------------------------------x

                                          New York, N.Y.
                                          November 4, 2022
                                          10:05 a.m.

Before:

                    HON. JED S. RAKOFF,

                                          District Judge

                        APPEARANCES

ROBBINS GELLER RUDMAN & DOWD, LLP
     Attorneys for Plaintiffs
BY:  SAMUEL H. RUDMAN
     DAVID A. ROSENFELD

POMERANTZ, LLP
     Attorney for Movant Jordan
BY:  JOSEPH ALEXANDER HOOD, II

BRONSTEIN GEWIRTZ & GROSSMAN, LLC
     Attorney for Movant Jordan
BY:  EITAN KIMELMAN

ROPES & GRAY, LLP
     Attorney for Defendants
BY:  MARTIN J. CRISP

DAVIS POLK & WARDWELL, LLP
     Attorney for Defendants
BY:  ESTHER C. TOWNES

Also Present:  Nizar S. Nayani (Remote), Brittny Jordan

MB47NIZH

vigorous advocacy. I would say here, $600 was enough to motivate Ms. Jordan to seek appointment as lead plaintiff. It was enough to get her across the country from Kansas to New York for this hearing. Mr. Nayani, even a smaller loss, he's now flown from Houston twice. So certainly, the small investor——as the statute was designed to protect——they see these losses as certainly meaningful.

I agree with your Honor's suggestion that the purpose of class actions is to aggregate a number of small claims and that adopting a ruling where a *de minimus* loss would be insufficient certainly undermines that regime to some extent. Theoretically, a small enough company with many small investors could theoretically defraud many small investors with impunity if no single investor incurred a large amount of loss to actually motivate them -- pardon me, to reach any threshold criteria.

THE COURT: Okay.

MR. RUDMAN: Your Honor, I can tell you I agree with your statement completely, the question that you posed initially. I have a different take on the PSLRA.

One of the policy goals was to -- one of the problems that was perceived by the institutional community was that they were learning about these cases when they were settled, and there were small shareholders running them. And at the time the case is settled, it's too late. Most judges don't want to

MB47NIZH

hear about it.  That's why we have the notice.  Okay.  Now you learned about the case before -- you want to do something, you can come in at that time and take over the case.  Well, how are we going to decide who takes it over?  Whoever has the largest financial interest.  For the most part in all of these cases, that's what occurred.

But I have to tell you, in getting prepared for this hearing, there are many, many cases around the country where these shareholders have very modest losses.  Just last year, Judge Oetken appointed a lead plaintiff in the *Kirkland Gold* case with a $139 loss.  It happens all the time.

With respect to these two clients, if I may make a couple of comments.  I do think that the numbers are relatively comparable.  As your Honor held in *TG Therapeutics*, what you really should look for is the adequacy.

I want to just comment on one thing that the defense lawyer said, and this is something that I argued with your Honor about in the *Lockheed* case about the statute of limitations.  There's never been any concession made by us, your Honor, Mr. Nayani's counsel, that the statute of limitations would, in effect -- that we actually filed a day before it would run.  All we say in our papers is that we avoided any timeliness concerns that that August 11th disclosure by LifeStance may have created.

As you are well aware, your Honor, the statute of

MB47NIZH

limitations is a very complex factual issue. And it's very likely that the statute of limitations in this case, that your Honor, after looking at all the evidence, might find it wouldn't have run for another six months given the different things that LifeStance was announcing. There are no corrective disclosures pled in the complaint. There's just announcements by LifeStance revealing what was happening in their business. Loss causation is not an element of claim. So this argument that there's somehow a tactical advantage to filing, that the filing was somehow done in a way to benefit Mr. Nayani, or that he sat on his rights simply is not true.

THE COURT: Yes. Well, I should say I try to make up for any delay in bringing a lawsuit by bringing it to trial rapidly, as all counsel are very well aware.

Anything defense counsel wanted to add?

MR. CRISP: Briefly, your Honor.

And I say this in recognition of your tentative instincts and in terms of our motion. But I would agree with Mr. Hood in the sense that I don't know that this is naturally a case where the rebuttable presumption needs to be the focus. That said, there is still the statutory overlay of adequacy where the size of the loss is often the proxy for adequacy. And when we don't have that, that's not to say that any individual investor with relatively modest losses could never be an appropriate lead plaintiff under the PSLRA, but that lead

MB47NIZH

plaintiff still has to make a preliminary showing of adequacy that would imply a course of conduct in terms of vigorous oversight on timing of filings, on the content of filings that I would respectfully submit we haven't seen from testimony.

THE COURT:  First of all, I'm not making any rulings today and, certainly, I'm not making a ruling that there can never be a case where a court could conclude that there is no adequate plaintiff.  I think if I recall correctly, among other cases, there is one from Magistrate Judge Mann in the Eastern District, and since she and I served in the U.S. Attorney's Office together for seven years, I have to give very great attention to her determinations.

But in any event, I thank all counsel, and I thank Ms. Jordan, and I thank Mr. Nayani.  And I will decide this motion of motions——depending how you look at it——by no later than the day before Thanksgiving, and then we will set a schedule for where we go from there, if anywhere.

So thank you again, and that concludes this proceeding.

(Adjourned)