UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

NIZAR S. NAYANI, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

     vs.

LIFESTANCE HEALTH GROUP, INC.,
MICHAEL K. LESTER, J. MICHAEL
BRUFF, ROBERT BESSLER, DARREN
BLACK, JEFFREY CRISAN, WILLIAM
MILLER, JEFFREY RHODES, ERIC
SHUEY, KATHERINE WOOD, MORGAN
STANLEY & CO. LLC, GOLDMAN SACHS
& CO. LLC, J.P. MORGAN SECURITIES
LLC, JEFFERIES LLC, TPG CAPITAL BD,
LLC, UBS SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

                  Defendants.

——————————————————— x

Civil Action No. 1:22-cv-06833-JSR

CLASS ACTION

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVING
FORM AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON
FINAL APPROVAL OF SETTLEMENT

**WHEREAS:**

A.    On October 13, 2023, Nizar S. Nayani ("Lead Plaintiff"), on behalf of himself and all other members of the Class, on the one hand, and LifeStance Health Group, Inc. ("LifeStance" or the "Company"), Michael K. Lester, J. Michael Bruff, Robert Bessler, Darren Black, Jeffrey Crisan, William Miller, Jeffrey Rhodes, Eric Shuey, and Katherine Wood (the "Individual Defendants" and, together with LifeStance, the "LifeStance Defendants"), and Morgan Stanley & Co., LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, TPG Capital BD, LLC, UBS Securities LLC, and William Blair & Company, L.L.C. (the "Underwriter Defendants" and, together with the LifeStance Defendants, "Defendants"), on the other hand, entered into a Stipulation of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in Lead Plaintiff's Amended Complaint for Violations of Federal Securities Laws, filed on December 19, 2022, on the merits and with prejudice (the "Settlement");

B.    The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.    The Parties to the Stipulation have consented to the entry of this Order; and

D.    All capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 25th day of October, 2023 that:**

1.    The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed

Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, on _January 24_ , 2024, at _4:00 p_.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the release by the Released Defendant Parties of the Released Defendants' Claims, as set forth in the Stipulation, should be provided to the Released Plaintiff Parties;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of his reasonable costs and expenses directly related to his representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

3.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.  The Court further reserves the right to

enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class. Any such changes shall be posted on the website of the Claims Administrator and on the docket for this case.

4.    The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release Form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to the Class practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise potential members of the Class of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, the PSLRA, and the Rules of this Court.

5.    The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto (the "Claims Packet"), to be mailed, by first-class mail, postage prepaid, on or before twenty-one (21) calendar days after entry of this Order ("Notice Date"), to all potential members of the Class who can be identified with reasonable effort. LifeStance, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, within seven (7) calendar days after entry of

this Order, records from LifeStance's transfer agents in electronic searchable form, to the extent readily available, showing the names and addresses of registered shareholders who or which purchased LifeStance common stock during the Class Period.

6.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons and entities that purchased or otherwise acquired LifeStance common stock during the Class Period as record owners but not as beneficial owners.  Such nominees shall either: (a) within ten (10) calendar days of receipt of the Claims Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Claims Packet promptly to such identified beneficial owners; or (b) within ten (10) calendar days of receipt of the Claims Packet, request from the Claims Administrator sufficient copies of the Claims Packet to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Claims Packets from the Claims Administrator forward them to all such beneficial owners.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  Nominees who elect to send the Claims Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03

per Claims Packet mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Claims Packet sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

7.    Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Claims Packet.

8.    The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within seven (7) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

10.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked or submitted online no later than seven (7) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each

Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any member of the Class who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 12 of this Order. Notwithstanding the foregoing, Lead Counsel may in its discretion, accept late-submitted Claim Forms for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material

deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

       (c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

    11.    Any member of the Class may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any member of the Class does not enter an appearance, he, she or it will be represented by Lead Counsel.

    12.    Members of Class shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A putative member of the Class wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *Nayani v. LifeStance Health Group, Inc., et al.*, No. 1:22-cv-06833-JSR (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number of shares of all purchases, acquisitions, and sales of LifeStance common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13.     Putative members of the Class requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

14.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than two (2) calendar days after receiving a request for exclusion or fourteen (14) calendar days prior to the Settlement Hearing, whichever is earlier.

15.     Any potential member of the Class who or which does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must: (a) state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector, even if the objector is represented by counsel; (b) state whether the objector is objecting to the proposed Settlement, the Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses in *Nayani v. LifeStance Health Group, Inc., et al.*, No. 1:22-cv-06833-JSR (S.D.N.Y.); (c) state the objections and specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses, the member of the Class wishes to bring to the Court's attention; (d) include documents sufficient to prove the objector's membership in the Class, such as the number of shares of LifeStance common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; and (e) identify all class action settlements to which the objector and his, her, its, or their counsel have objected in the prior five (5) years.  The Court will consider any potential member of the Class's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such

Person has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Defendants' Counsel: Ropes & Gray LLP, Martin J. Crisp, 1211 Avenue of the Americas, New York, NY 10036, and Davis Polk & Wardwell LLP, Brian S. Weinstein, 450 Lexington Avenue, New York, NY 10017; and has filed, either by mail or in Person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any potential member of the Class who does not make his, her, its, or their objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

16.    Members of the Class do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

17.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all members of the Class, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts any of the Released Plaintiff's Claims against any of the Released Defendant Parties.

18.    As provided in the Stipulation, prior to the Effective Date, Lead Counsel may expend reasonable fees and costs, not to exceed $350,000, associated with giving notice to members of the Class and the review of claims and administration of the Settlement out of the Settlement Fund. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court.

19.    All papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

20.    No Person who is not a member of the Class or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21.    All funds held in escrow in connection with the Settlement shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22.    Neither Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation nor any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 27, 2023.

24.    Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is

- 11 -

approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

25.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 25th day of October, 2023

_____
THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
NIZAR S. NAYANI, Individually and on      :    Civil Action No. 1:22-cv-06833-JSR
Behalf of All Others Similarly Situated,     :
                                             :    CLASS ACTION
                        Plaintiff,           :
                                             :    NOTICE OF PENDENCY OF CLASS
        vs.                                  :    ACTION, PROPOSED SETTLEMENT, AND
                                             :    MOTION FOR ATTORNEYS' FEES AND
LIFESTANCE HEALTH GROUP, INC.,               :    EXPENSES
MICHAEL K. LESTER, J. MICHAEL                :
BRUFF, ROBERT BESSLER, DARREN                :    EXHIBIT 1
BLACK, JEFFREY CRISAN, WILLIAM               :
MILLER, JEFFREY RHODES, ERIC                 :
SHUEY, KATHERINE WOOD, MORGAN                :
STANLEY & CO. LLC, GOLDMAN SACHS             :
& CO. LLC, J.P. MORGAN SECURITIES            :
LLC, JEFFERIES LLC, TPG CAPITAL BD,          :
LLC, UBS SECURITIES LLC, and WILLIAM         :
BLAIR & COMPANY, L.L.C.,                     :
                                             :
                        Defendants.          :
                                             :
———————————————————— x

If you purchased or otherwise acquired LifeStance Health Group, Inc. ("LifeStance" or the "Company") common stock pursuant and/or traceable to LifeStance's June 10, 2021 initial public offering ("IPO") and no later than November 8, 2021, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Class.[1]

- If approved by the Court, the proposed Settlement will create a $50 million cash fund, plus earned interest, for the benefit of eligible members of the Class after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $0.72 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.53 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Nizar S. Nayani (the "Lead Plaintiff") that have been asserted on behalf of the Class (defined below) against LifeStance, Michael K. Lester, J. Michael Bruff, Robert Bessler, Darren Black, Jeffrey Crisan, William Miller, Jeffrey Rhodes, Eric Shuey, and Katherine Wood (the "Individual Defendants" and, together with LifeStance, the "LifeStance Defendants"), and Morgan Stanley & Co., LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, TPG Capital BD, LLC, UBS Securities LLC, and William Blair & Company, L.L.C. (the "Underwriter Defendants" and, together with the LifeStance Defendants, "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a member of the Class, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY** 1 / 17 / 2024 | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY** 1 / 3 / 2024 | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |

---

[1]    The terms of the Settlement are in the Stipulation of Settlement, dated October 13, 2023 (the "Stipulation"), which can be viewed at www.LifeStanceSecuritiesSettlement.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT BY** ___1 / 3 / 2024 | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON** ___1 / 24 / 2024 **AND FILE A NOTICE OF INTENTION TO APPEAR BY** ___1 / 3 / 2024 | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all members of the Class who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice ..................................................... Page ___
Why did I get this Notice? ............................................................ Page ___
How do I know if I am part of the Class? ..................................... Page ___
Are there exceptions to being included? ....................................... Page ___
Why is this a class action? ........................................................... Page ___
What is this case about and what has happened so far? ................ Page ___
What are the reasons for the Settlement? ..................................... Page ___
What does the Settlement provide? ............................................... Page ___
How can I receive a payment? ...................................................... Page ___
What am I giving up to receive a payment and by staying in the Class? ......................................................................................... Page ___
How do I exclude myself from the Class? ...................................... Page ___
If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? ............. Page ___
Do I have a lawyer in this case? .................................................... Page ___
How will the lawyers be paid? ...................................................... Page ___
How do I tell the Court that I do not like something about the proposed Settlement? .................................................................. Page ___
What is the difference between objecting and seeking exclusion? .. Page ___
When and where will the Court decide whether to approve the Settlement? .................................................................................. Page ___
Do I have to come to the Settlement Hearing? ............................. Page ___
May I speak at the Settlement Hearing? ....................................... Page ___

- 2 -

| | |
|---|---|
| What happens if I do nothing at all? | Page __ |
| Are there more details about the Settlement? | Page __ |
| How will my claim be calculated? | Page __ |
| Special notice to securities brokers and nominees. | Page __ |

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

1.    Lead Plaintiff has entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Lead Plaintiff, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $50,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's damages consultant's estimate of the number of shares of LifeStance common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.72 per allegedly damaged share.[2]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.53 per allegedly damaged share.  **These average recovery amounts are only estimates and members of the Class may recover more or less than these estimates.**  A member of the Class's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of LifeStance common stock the member of the Class purchased or acquired during the Class Period; and (iv) whether and when the member of the Class

---

[2]    An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

- 3 -

sold LifeStance common stock. *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff prevailed on each claim.  The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; and (ii) whether Lead Plaintiff or the Class have suffered any legally cognizable damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest, or $12,500,000, plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $700,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to his representation of the Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.19 per allegedly damaged share of LifeStance common stock.  A copy of the Fee

and Expense Application will be posted on www.LifeStanceSecuritiesSettlement.com after it has

been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash

benefit to the Class.  This benefit must be compared to the uncertainty of being able to prove the

allegations in the Complaint; the risk that the Court may grant some or all of the anticipated

summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a

trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and

deny that members of the Class were damaged, the principal reasons for entering into the Settlement

are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.      Lead Plaintiff and the Class are represented by Lead Counsel, Samuel H. Rudman,

Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747,

www.rgrdlaw.com, settlementinfo@rgrdlaw.com, (800) 449-4900.

8.      Further information regarding this Action, the Settlement, and this Notice may be

obtained by contacting the Claims Administrator: A.B. Data, Ltd., PO Box 173090, Milwaukee, WI

53217, (877) 884-3360, www.LifeStanceSecuritiesSettlement.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.    Why did I get this Notice?**

9.      The Court authorized that this Notice be sent to you because you or someone in your

family may have purchased or otherwise acquired LifeStance common stock during the period from

June 10, 2021 through November 8, 2021, inclusive (the "Class Period").  **Receipt of this Notice**

4891-6226-4198.v2

**does not mean that you are a member of the Class or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

10.    The Court directed that this Notice be sent to members of the Class because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Nayani v. LifeStance Health Group, Inc., et al.*, Civil Action No. 1:22-cv-06833-JSR.  The Action is assigned to the Honorable Jed S. Rakoff, United States District Judge.

**2.    How do I know if I am part of the Class?**

12.    The Court has directed that everyone who fits the following description is a member of the Class and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Class (*see* Question 10 below):

**All Persons who or which purchased LifeStance common stock in and/or traceable to LifeStance's June 10, 2021 IPO and no later than November 8, 2021.**

13.    If one of your mutual funds purchased LifeStance common stock during the Class Period, that does not make you a Class Member, although your mutual fund may be.  You are a member of the Class only if you individually purchased LifeStance common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases.  The Parties do not independently have access to your trading information.

- 6 -

**3.    Are there exceptions to being included?**

14.    Yes.  There are some individuals and entities who are excluded from the Class by definition.  Excluded from the Class are: Defendants, the officers and directors of LifeStance (at all relevant times), members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has controlling interest, *provided however*, that any Investment Vehicle shall not be excluded from the Class.[3]  Also excluded from the Class is anyone who timely and validly seeks exclusion from the Class in accordance with the procedures described in Question 10 below.

**4.    Why is this a class action?**

15.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all members of the Class at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Nizar S. Nayani to serve as Lead Plaintiff and has appointed Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel.

**5.    What is this case about and what has happened so far?**

16.    LifeStance is one of the nation's largest providers of virtual and in-person outpatient mental healthcare.  Lead Plaintiff alleged that LifeStance generates revenue on a per-visit basis when

---

[3]  "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

- 7 -

a patient receives care from one of its clinicians, and therefore the Company's ability to retain clinicians was important to investors in the initial public offering ("IPO"). The Registration Statement for the IPO represented that from the time of its inception in March 2017 through December 2020, LifeStance had a clinician retention rate of 87% compared to the industry average of 77%. LifeStance conducted an IPO on June 10, 2021, selling 46 million shares at $18 per share, raising $828 million. In the Action, Lead Plaintiff alleged that the Registration Statement for the IPO failed to disclose that, in the weeks leading up to the IPO, LifeStance began experiencing a material uptick in clinician turnover. Therefore, as Lead Plaintiff alleged, LifeStance's business metrics and financial prospects were not as strong as the Registration Statement represented. At the time Lead Plaintiff filed his initial complaint, LifeStance common stock traded in a range of $4.77-$7.70 per share.

17.     On August 10, 2022, the above-captioned action was filed in the United States District Court for the Southern District of New York (the "Court") alleging violations of the Securities Act of 1933 (the "Securities Act").

18.     By Opinion and Order dated November 17, 2022, the Court (1) appointed Nizar S. Nayani as Lead Plaintiff, and (2) his chosen counsel, Robbins Geller Rudman & Dowd LLP as Lead Counsel.

19.     On December 19, 2022, Lead Plaintiff filed the Amended Complaint for Violations of Federal Securities Laws (the "Complaint") asserting claims against Defendants under Sections 11 and 15 of the Securities Act.

20.     Prior to filing the Complaint, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed

4891-6226-4198.v2

publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, LifeStance earnings call transcripts, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.

21.     On January 18, 2023, Defendants filed their motion to dismiss the Complaint.  On February 17, 2023, Lead Plaintiff filed his memorandum of law in opposition to the motion to dismiss, and, on March 6, 2023, Defendants filed their reply memorandum of law.  On March 31, 2023, the Court heard oral argument on Defendants' motion to dismiss.

22.     On April 10, 2023, the Court denied Defendants' motion to dismiss.

23.     On April 17, 2023, the Court entered in the Case Management Plan, with a trial ready date of November 16, 2023.

24.     On May 1, 2023, Defendants filed their respective answers to the Complaint.

25.     On June 2, 2023, Lead Plaintiff filed his motion for class certification and appointment of class counsel.  On June 30, 2023, Defendants filed their opposition to Lead Plaintiff's motion for class certification and appointment of class counsel.  Lead Plaintiff filed his reply memorandum of law in further support of that motion on July 28, 2023.  On August 24, 2023, the Court heard oral argument on Lead Plaintiff's motion for class certification.

26.     On August 7, 2023, the Parties exchanged opening expert reports and, on August 28, 2023, the Parties exchanged rebuttal expert reports.

27.     On September 7, 2023, the Court entered an order granting Lead Plaintiff's motion for class certification, but which order limited the Class to those stockholders who purchased

- 9 -

LifeStance common stock in and/or traceable to LifeStance's June 10, 2021 IPO no later than November 8, 2021.

28.    In connection with formal discovery, which commenced in April 2023, Defendants produced documents to Lead Plaintiff totaling more than 779,000 pages, and Lead Plaintiff produced documents totaling more than 2,100 pages to Defendants. Lead Plaintiff also obtained more than 1,700 pages of documents from third parties. In total, nearly 800,000 pages of documents were produced by the Parties and third parties in connection with formal discovery.

29.    Defendants took Lead Plaintiff's deposition on June 15, 2023, and Lead Plaintiff took four depositions of LifeStance employees. Lead Plaintiff and the Defendants were preparing for the depositions of additional witnesses at the time the Parties agreed to resolve the Action.

30.    The Parties began exploring the possibility of a settlement in July 2023. Specifically, the Parties agreed to engage in mediation and subsequently retained the Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises to act as mediator in the Action.

31.    On September 13, 2023, Lead Counsel and the LifeStance Defendants' Counsel, among others, participated in a full-day mediation session before the Mediator. In advance of the mediation, Lead Plaintiff and the LifeStance Defendants submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. Lead Plaintiff's damages/loss causation expert conducted an in-depth analysis that was used at mediation to assess potential damage scenarios. After the conclusion of the mediation session, on September 15, 2023, the Parties reached an agreement to settle the Action, which was memorialized in a term sheet executed and finalized on September 27, 2023, subject to the execution of a "customary long form" stipulation of settlement and related papers. On the same day, the

4891-6226-4198.v2

Parties notified the Court of the Settlement and requested a stay of the Action, which was granted on September 28, 2023.

**6.    What are the reasons for the Settlement?**

32.    The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Class. In light of the Settlement and the guaranteed cash recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

33.    Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions or that any member of the Class has suffered damages. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

**7.    What does the Settlement provide?**

34.    In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties, LifeStance has agreed to cause a $50 million ($50,000,000) cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to members of the Class who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.    How can I receive a payment?**

35.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlement: www.LifeStanceSecuritiesSettlement.com, or submit a claim online at www.LifeStanceSecuritiesSettlement.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 884-3360

36.    Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than** __1 / 17 /__ **2024.**

**9.    What am I giving up to receive a payment and by staying in the Class?**

37.    If you are a member of the Class and do not timely and validly exclude yourself from the Class, you will remain in the Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties." All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

- 12 -

4891-6226-4198.v2

(a)    **"Released Plaintiff's Claims"** means any and all claims (including Unknown Claims), demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative, or any other law, statute, rule or regulation, that (i) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations or omissions involved, set forth, alleged or referred to, in this Action or the Complaint, or which could have been alleged in, referred to or made part of this Action, the Complaint, or asserted in any other forum; and (ii) arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of LifeStance common stock purchased in and/or traceable to LifeStance's IPO on or before November 8, 2021. Released Plaintiff's Claims also include any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the Settlement or resolution of the Action. For the avoidance of doubt, Released Plaintiff's Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims of Persons who submit a timely and valid request for exclusion from the Class that is accepted by the Court.

(b)    **"Released Defendant Parties"** means Defendants, Defendants' respective former or current, direct or indirect parents, affiliates, controlling Persons, officers, directors, stockholders, employees, agents, fiduciaries, predecessors, successors, trusts, trustees, trust beneficiaries, Immediate Families, heirs, executors, estates, administrators, assigns, beneficiaries,

distributees, foundations, joint ventures, general or limited partners, members, managers, managing

members, attorneys, heirs, assigns, insurers, reinsurers, advisors (including without limitation

financial and investment advisors), consultants, other affiliated Persons, representatives, and

insurers.

      (c)    **"Unknown Claims"** means any and all Released Plaintiff's Claims that Lead

Plaintiff or any other member of the Class does not know or suspect to exist in his, her, or its favor at

the time of the release of the Released Defendant Parties, and any and all Released Defendants'

Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the

release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his,

her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of

the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all

Released Plaintiff's Claims and Released Defendants' Claims, the Parties stipulate and agree that,

upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other member of

the Class shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall

have, to the fullest extent permitted by law, expressly waived and relinquished any and all

provisions, rights, and benefits conferred by any law of any state or territory of the United States or

foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ.

Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party
> does not know or suspect to exist in his or her favor at the time of executing the
> release and that, if known by him or her, would have materially affected his or her
> settlement with the debtor or released party.

Lead Plaintiff, other members of the Class, or Defendants may hereafter discover facts, legal

theories, or authorities in addition to or different from those which any of them now knows or

believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the

- 14 -

Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each member of the Class shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

38.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and a Judgment or Alternative Judgment has been entered and has become Final.

39.     Upon the "Effective Date," the Released Defendant Parties will also provide a release of any claims against Lead Plaintiff, the Class, and Lead Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE CLASS

40.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself from the Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is

- 15 -

not filed within the applicable time periods required for filing suit. LifeStance has the option to

terminate the Settlement if a certain number of members of the Class request exclusion.

**10.    How do I exclude myself from the Class?**

41.    To exclude yourself from the Class, you must mail a signed letter stating that you

request to be "excluded from the Class in *Nayani v. LifeStance Health Group, Inc., et al.*, No. 1:22-

cv-06833-JSR (S.D.N.Y.)." You cannot exclude yourself by telephone or e-mail. Each request for

exclusion must also: (i) state the name, address, and telephone number of the person or entity

requesting exclusion; (ii) state the number of shares of LifeStance common stock the person or entity

purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such

purchase, acquisition, and sale; and (iii) be signed by the Person requesting exclusion or an

authorized representative. A request for exclusion must be mailed so that it is **received no later**

**than** _1 / 3 /_ **2024,** at:

<div align="center">

*LifeStance Securities Settlement*
c/o A.B. Data, Ltd.
PO Box 173001
Milwaukee, WI 53217

</div>

42.    This information is needed to determine whether you are a member of the Class.

Your exclusion request must comply with these requirements in order to be valid.

43.    If you ask to be excluded, do not submit a Claim Form because you cannot receive

any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you

will not be a member of the Class and the Settlement will not affect you. If you submit a valid

exclusion request, you will not be legally bound by anything that happens in the Action, and you

may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the

future.

4891-6226-4198.v2

**11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

44.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____1 / 3 /_____, 2024.

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

45.    Robbins Geller Rudman & Dowd LLP is Lead Counsel in the Action and represents all members of the Class.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

46.    Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel will seek an attorneys' fee award of no more than 25% of the Settlement Fund, or $12,500,000, plus accrued interest.  Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $700,000, plus accrued interest.  In addition, Lead Plaintiff may request an award not to exceed $7,000 for his reasonable costs and expenses (including lost wages) directly related to his representation of the Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  members of the Class are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF
## ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

47.    If you are a member of the Class, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

48.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Nayani v. LifeStance Health Group, Inc., et al.*, No. 1:22-cv-06833-JSR (S.D.N.Y.)."  The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the member of the Class's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support (including witnesses) the member of the Class wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Class, including the number of shares of LifeStance common stock purchased and sold during the Class Period as well as the dates and prices of each such purchase and sale.  The objection must also identify all class action settlements to which the objector and his, her, or its counsel have objected in the prior five (5) years.  Unless otherwise ordered by the Court, any member of the Class who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court

- 18 -

no later than ____/ /3 //2024, *and* be mailed or delivered to the following counsel so that

it is **received no later than** ___/ /3 //2024:

|  <div align="center">**Court**</div> | <div align="center">**Lead Counsel**</div> | <div align="center">**Defendants' Counsel**</div> |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S.<br>Courthouse<br>500 Pearl Street<br>New York, NY 10007 | **Robbins Geller Rudman &<br>Dowd LLP**<br>Ellen Gusikoff Stewart<br>655 West Broadway, Suite<br>1900<br>San Diego, CA 92101 | **Ropes & Gray LLP**<br>Martin J. Crisp<br>1211 Avenue of the Americas<br>New York, NY 10036<br>*Counsel to the LifeStance<br>Defendants*<br><div align="center">-and-</div><br>**Davis Polk & Wardwell LLP**<br>Brian S. Weinstein<br>450 Lexington Avenue<br>New York, NY 10017<br>*Counsel to the Underwriter<br>Defendants* |

49.    You do not need to attend the Settlement Hearing to have your written objection

considered by the Court.  However, any member of the Class who has complied with the procedures

described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be

heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her,

or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.    What is the difference between objecting and seeking exclusion?**

50.    Objecting is telling the Court that you do not like something about the proposed

Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still

recover money from the Settlement.  You can object *only* if you stay in the Class.  Excluding

yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself

from the Class, you have no basis to object because the Settlement and the Action no longer affect

you.

## THE SETTLEMENT HEARING

**16.    When and where will the Court decide whether to approve the Settlement?**

51.    The Court will hold the Settlement Hearing on ___1 / 2 4___/2024, at _4:00_p.m., in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

52.    At this hearing, the Honorable Jed S. Rakoff will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

53.    The Court may change the date and time of the Settlement Hearing without another individual notice being sent to members of the Class. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.LifeStanceSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed.

**17.    Do I have to come to the Settlement Hearing?**

54.    No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than ___1 / 3___/2024**.

- 20 -

**18.     May I speak at the Settlement Hearing?**

55.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than** *January 3*, **2024,** submit a statement that you, or your attorney, intend to appear in "*Nayani v. LifeStance Health Group, Inc., et al.*, No. 1:22-cv-06833-JSR (S.D.N.Y.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

<div align="center">

**IF YOU DO NOTHING**

</div>

**19.     What happens if I do nothing at all?**

56.     If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Class (*see* Question 10 above).

<div align="center">

**GETTING MORE INFORMATION**

</div>

**20.     Are there more details about the Settlement?**

57.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District

<div align="center">

- 21 -

</div>

of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

58.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.LifeStanceSecuritiesSettlement.com.  You may also call the Claims Administrator toll free at (877) 884-3360 or write to the Claims Administrator at *LifeStance Securities Settlement*, c/o A.B. Data, Ltd., PO Box 173090, Milwaukee, WI 53217. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21.    How will my claim be calculated?**

59.    The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.LifeStanceSecuritiesSettlement.com.

60.    As noted above, the Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the

proposed Plan of Allocation (or any other plan of allocation approved by the Court). members of the Class who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

61.    The objective of this Plan of Allocation is to distribute the Net Settlement Fund among claimants who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this Plan, Lead Counsel conferred with Lead Plaintiff's damages consultant. This Plan is intended to be generally consistent with the statutory measure of damages under Section 11(e) of the Securities Act. The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that members of the Class might have been able to recover after a trial. The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants. An individual member of the Class's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the claimant purchased or otherwise acquired LifeStance common stock; and (iii) whether and when the claimant sold his, her, or its shares of LifeStance common stock. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

62.    For purposes of determining whether a claimant has a "Recognized Claim," if a member of the Class has more than one purchase or sale of LifeStance common stock during the Class Period, all purchases and sales will be matched on a "First in First Out" (FIFO) basis. Class

- 23 -

Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

63.     A "Recognized Loss Amount" will be calculated for each purchase of LifeStance common stock during the Class Period from June 10, 2021 through November 8, 2021, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number will be set to zero.

64.     For each share of LifeStance common stock *purchased in the IPO, or on the open market from June 10, 2021, through August 11, 2021*, inclusive, and

    A.     *sold prior to August 11, 2022*, the recognized loss per share is the difference between (a) the purchase price per share, not exceeding the IPO price of $18.00 per share, minus (b) the sales price per share; or

    B.     *retained at the end of August 10, 2022*, the recognized loss per share is $10.14 per share.[4]

65.     For each share of LifeStance common stock *purchased on the open market from August 12, 2021, through November 8, 2021*, inclusive, and

    A.     *sold prior to November 9, 2021*, the recognized loss per share is $0;

    B.     *sold from November 9, 2021, through August 10, 2022*, inclusive, the recognized loss per share is the lesser of:

        i.     $3.20 per share,[5] or

---

[4]    The $10.14 per share loss represents a statutory limitation on recoverable damages and equals the difference between LifeStance's IPO price of $18 per share minus LifeStance's $7.86 per share closing price on August 10, 2022, when the first suit was filed.  The $10.21 per share loss is also less than the sum of LifeStance's two statistically significant price declines on August 12, 2021, of $10.28 per share, and on November 9, 2021, of $3.20 per share, following the two corrective disclosures.

4891-6226-4198.v2

      ii.     the difference between (a) the purchase price per share, minus (b) the sales price per share; or

C.    **retained at the end of August 10, 2022**, the recognized loss per share is the lesser of:

      i.     $3.20 per share,[6] or

      ii.     the difference between (a) the purchase price per share, minus (b) $7.86 per share.[7]

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

66.    The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

67.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

68.    Purchases and sales of LifeStance common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The

---

[5]   The $3.20 per share amount represents LifeStance's statistically significant price decline on November 9, 2021.

[6]   The $3.20 per share amount represents LifeStance's statistically significant price decline on November 9, 2021.

[7]   The $7.86 per share amount equals LifeStance's closing price on August 10, 2022, when the first suit was filed.

4891-6226-4198.v2

receipt or grant of shares of LifeStance common stock by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase or sale of these shares of LifeStance common stock for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of such LifeStance common stock unless (i) the donor or decedent purchased such shares of LifeStance common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of LifeStance common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

69.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero.

70.    In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

71.    LifeStance common stock is the only security eligible for recovery under the Plan of Allocation. With respect to LifeStance common stock purchased or sold through the exercise of an option, the purchase/sale date of the LifeStance common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

72.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

4891-6226-4198.v2

73.    Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the Investor Protection Trust or such other private, nonprofit, non-sectarian 501(c)(3) organization approved by the Court.

74.    Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

75.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

76.     If you purchased LifeStance common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice and Claim Form ("Claims Packet") promptly to such identified beneficial owners; or (b) request additional copies of the Claims Packet from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Claims Packet directly to all such beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Claims Packet mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Claims Packet sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the

- 28 -

above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*LifeStance Securities Settlement*
c/o A.B. Data, Ltd.
PO Box 173090
Milwaukee, WI 53217

Dated: _October 25_, 2023

BY ORDER OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

4891-6226-4198.v2

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————x

NIZAR S. NAYANI, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiff,

        vs.

LIFESTANCE HEALTH GROUP, INC.,
MICHAEL K. LESTER, J. MICHAEL
BRUFF, ROBERT BESSLER, DARREN
BLACK, JEFFREY CRISAN, WILLIAM
MILLER, JEFFREY RHODES, ERIC
SHUEY, KATHERINE WOOD, MORGAN
STANLEY & CO. LLC, GOLDMAN SACHS
& CO. LLC, J.P. MORGAN SECURITIES
LLC, JEFFERIES LLC, TPG CAPITAL BD,
LLC, UBS SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

                        Defendants.

—————————————————————x

Civil Action No. 1:22-cv-06833-JSR

CLASS ACTION

PROOF OF CLAIM AND RELEASE FORM

EXHIBIT 2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the action entitled *Nayani v. LifeStance Health Group, Inc., et al.*, Civil Action No. 1:22-cv-06833-JSR (S.D.N.Y.) (the "Action"),[1] you must complete and, on page _____ below, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.LIFESTANCESECURITIESSETTLEMENT.COM NO LATER THAN** *January 17*, **2024, OR, IF MAILED, BE POSTMARKED NO LATER THAN** *January 17*, **2024, ADDRESSED AS FOLLOWS:**

<div align="center">

*LifeStance Securities Settlement*
c/o A.B. Data, Ltd.
PO Box 173090
Milwaukee, WI 53217
Online submissions: www.LifeStanceSecuritiesSettlement.com

</div>

3.    If you are a member of the Class and you do not timely request exclusion in response to the Notice dated *October 25*, 2023, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

---

[1]    This Proof of Claim and Release Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.LifeStanceSecuritiesSettlement.com.

4882-7851-2518.v2

## II.    CLAIMANT IDENTIFICATION

1.    If you purchased or otherwise acquired shares of LifeStance Health Group, Inc. ("LifeStance") common stock during the period beginning June 10, 2021 through November 8, 2021, inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased LifeStance common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of LifeStance common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or full taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Part II** of this form entitled "Schedule of Transactions in LifeStance Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of LifeStance common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.    The date of covering a "short sale" is deemed to be the date of purchase of LifeStance common stock.  The date of a "short sale" is deemed to be the date of sale.

5.    Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN LIFESTANCE COMMON STOCK.**

6.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at (877) 884-3360 or info@lifestancesecuritiessettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## **PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                                    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                            MI    Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                                                    State

ZIP/Postal Code

Foreign Country (only if not USA)                          Foreign County (only if not USA)

Social Security Number (last four digits only)  Taxpayer Identification Number (last four digits only)

OR

Telephone Number (home)                          Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts)        Pension Plan                    Trust
Corporation                                                    Estate
IRA/401K                                                        Other _____ (please specify)

- 4 -

4882-7851-2518.v2

**PART II:   TRANSACTIONS IN LIFESTANCE COMMON STOCK**

**1. PURCHASES DURING THE CLASS PERIOD** – Separately list each and every purchase of LifeStance common stock from after the opening of trading on June 10, 2021 through and including the close of trading on August 10, 2022.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**2. SALES DURING THE CLASS PERIOD** – Separately list each and every sale/disposition of common stock from after the opening of trading on June 10, 2021 through and including the close of trading on August 10, 2022.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. HOLDINGS ON DAY INITIAL COMPLAINT WAS FILED ON** – August 10, 2022. If none, write "0" or "zero."  (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

1.    By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the

- 5 -

releases set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible LifeStance common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in LifeStance common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.    As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiff's Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of LifeStance common stock that occurred during the Class Period and the number of shares of common stock held by me (us) to the extent requested.

- 6 -

5.    I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2024

_____
Signature of Claimant

_____
Type or print name of Claimant

_____
Signature of Joint Claimant, if any

_____
Type or print name of Joint Claimant

_____
Signature of person signing on behalf
of Claimant

_____
Type or print name of person signing
on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g.,
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.    Please sign this Claim Form.

2.    DO NOT USE RED PEN OR HIGHLIGHTER ON THE CLAIM FORM OR SUPPORTING DOCUMENTATION.

3.    Attach only copies of supporting documentation as these documents will not be returned to you.

4.    Keep a copy of your Claim Form for your records.

5.    If you desire an acknowledgement of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6.    If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _January 17_, 2024, ADDRESSED AS FOLLOWS:**

*LifeStance Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
PO Box 173090
Milwaukee, WI 53217
Online submissions: www.LifeStanceSecuritiesSettlement.com

4882-7851-2518.v2

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

NIZAR S. NAYANI, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiff,

    vs.

LIFESTANCE HEALTH GROUP, INC.,
MICHAEL K. LESTER, J. MICHAEL
BRUFF, ROBERT BESSLER, DARREN
BLACK, JEFFREY CRISAN, WILLIAM
MILLER, JEFFREY RHODES, ERIC
SHUEY, KATHERINE WOOD, MORGAN
STANLEY & CO. LLC, GOLDMAN SACHS
& CO. LLC, J.P. MORGAN SECURITIES
LLC, JEFFERIES LLC, TPG CAPITAL BD,
LLC, UBS SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

                           Defendants.

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:22-cv-06833-JSR

CLASS ACTION

SUMMARY NOTICE OF PENDENCY OF
CLASS ACTION, PROPOSED
SETTLEMENT, AND MOTION FOR
ATTORNEYS' FEES AND EXPENSES

EXHIBIT 3

4893-8430-2214.v2

TO:   ALL PERSONS AND ENTITIES WHO OR WHICH PURCHASED OR OTHERWISE ACQUIRED LIFESTANCE HEALTH GROUP, INC. ("LIFESTANCE") COMMON STOCK IN AND/OR TRACEABLE TO LIFESTANCE'S INITIAL PUBLIC OFFERING ON OR ABOUT JUNE 10, 2021 THROUGH NOVEMBER 8, 2021 ("CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiff, on behalf of himself and all members of the proposed Class, and LifeStance, Michael K. Lester, J. Michael Bruff, Robert Bessler, Darren Black, Jeffrey Crisan, William Miller, Jeffrey Rhodes, Eric Shuey, and Katherine Wood (the "Individual Defendants" and, together with LifeStance, the "LifeStance Defendants"), and Morgan Stanley & Co., LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Jefferies LLC, TPG Capital BD, LLC, UBS Securities LLC, and William Blair & Company, L.L.C. (the "Underwriter Defendants" and, together with the LifeStance Defendants, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $50,000,000 (the "Settlement").

A hearing will be held before the Honorable Jed S. Rakoff on January 24, 2024, at 4:00 p.m., in Courtroom 14B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation of Settlement, dated October 13, 2023; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing without providing another notice. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to the Settlement

- 1 -

website, www.LifeStanceSecuritiesSettlement.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT**. If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www.LifeStanceSecuritiesSettlement.com, or by contacting the Claims Administrator at:

*LifeStance Securities Litigation*
c/o A.B. Data, Ltd.
PO Box 173090
Milwaukee, WI 53217
www.LifeStanceSecuritiesSettlement.com
(877) 884-3360

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

Robbins Geller Rudman & Dowd LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
settlementinfo@rgrdlaw.com
(800) 449-4900

If you are a member of the Class, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than*** *January* 17, *2024*. If you are a member of the Class and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

4893-8430-2214.v2

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than*** _January 3_, **2024**. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than*** _January 3_, **2024**.

### PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.

DATED: _October 25_, 2023        BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF NEW YORK

4893-8430-2214.v2