# EXHIBIT 7

# Compendium of Unreported Cases

*Arkansas Teacher Ret. Sys. & Fresno Cnty. Emps.' Ret. Assoc. v. Bankrate, Inc.*,
No. 13-cv-7183 (JSR), slip op. (S.D.N.Y. Nov. 25, 2014)……………………………………..1

*City of St. Clair Shores Police & Fire Ret. Sys. v. Credit Suisse Grp. AG*,
No. 1:21-cv-03385-NRB, slip op. (S.D.N.Y. May 11, 2023)…………………………………..2

*Construction Laborers Pension Trust for Southern California v. CBS Corp.*,
No. 18-CV-7796 (VEC), slip op. (S.D.N.Y. Nov. 7, 2022)…………………………………....3

*In re Nielsen Holdings Plc Sec. Litig.*,
No. 1:18-cv-07143-JMF, slip op. (S.D.N.Y. July 21, 2022)…………………………………...4

*In re Silvercorp Metals, Inc. Sec. Litig.*,
No. 12-cv-9456 (JSR), slip op. (S.D.N.Y. Feb. 13, 2015)…………………………………...5

# TAB 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM and FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated, | Case No. 13-cv-7183 (JSR) |
| Plaintiffs, | **ECF CASE** |
| v. | |
| BANKRATE, INC. et al., | |
| Defendants. | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/25/14

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on November 21, 2014 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement dated September 17, 2014 (ECF No. 73-1) (the "Amended

Case 1:13-cv-07183-JSR Document 87 Filed 11/25/14 Page 2 of 4

Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Amended Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of __25__ % of the Settlement Fund, net of Court-awarded expenses, and $__194,426.83__ in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

5. Lead Counsel shall be paid 50% of the attorneys' fees awarded and 100% of the approved expenses immediately upon entry of this Order. Payment of the balance of the attorneys' fees awarded shall be made to Lead Counsel when distribution of the Net Settlement Fund to claimants has been very substantially completed.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $18,000,000 in cash that has been funded into escrow pursuant to the terms of the Amended Stipulation, and that numerous

2

Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)    The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiffs, who are institutional investors that oversaw the prosecution and resolution of the Action;

(c)    Copies of the Notice were mailed to over 35,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $300,000, and there were no objections to the requested attorneys' fees and expenses;

(d)    Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)    The Action raised a number of complex issues;

(f)    Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g)    Lead Counsel devoted over 5,100 hours, with a lodestar value of approximately $2,485,000, to achieve the Settlement; and

(h)    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.    Lead Plaintiff Arkansas Teacher Retirement System is hereby awarded $ 4,270.22 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

3

8. Lead Plaintiff Fresno County Employees' Retirement Association is hereby awarded $ __850.67__ from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Amended Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Amended Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __21st__ day of __November__, 2014.

_____
The Honorable Jed S. Rakoff
United States District Judge

#843639

4

# TAB 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

CITY OF ST. CLAIR SHORES POLICE AND :   Civil Action No. 1:21-cv-03385-NRB
FIRE RETIREMENT SYSTEM, Individually :
and on Behalf of All Others Similarly Situated, :   CLASS ACTION
: 
                  Plaintiff, :   [PROPOSED] ORDER AWARDING
:   ATTORNEYS' FEES AND EXPENSES AND
vs. :   AN AWARD TO LEAD PLAINTIFF
:   PURSUANT TO 15 U.S.C. §78u-4(a)(4)
CREDIT SUISSE GROUP AG, THOMAS :
GOTTSTEIN, DAVID R. MATHERS, LARA :
J. WARNER and BRIAN CHIN, :
: 
                  Defendants. :
: 

——————————————————— x

This matter having come before the Court on May 11, 2023, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of September 12, 2022 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel attorneys' fees of 27.5% of the Settlement Amount, plus expenses in the amount of $19,656.48, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

- 1 -

5.     The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶7.2 thereof, which terms, conditions, and obligations are incorporated herein.

6.     In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)     the Settlement has created a fund of $32,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b)     over 53,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 27.5% of the Settlement Amount and for expenses in an amount not to exceed $50,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c)     Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(d)     Lead Counsel pursued the Litigation entirely on a contingent basis;

(e)     the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f)     had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

(g)     public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(h)     the attorneys' fees and expenses awarded are fair and reasonable.

- 2 -

7.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $1,290 to Lead Plaintiff Sheet Metal Workers Pension Plan of Northern California for the time it spent directly related to its representation of the Class.

8.      Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _May 11, 2023_

_Naomi Reice Buchwald_
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

- 3 -

# TAB 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/07/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CONSTRUCTION LABORERS PENSION :
TRUST FOR SOUTHERN CALIFORNIA, :
GENE SAMIT and JOHN LANTZ, individually :
and on behalf of all others similarly situated, :      18-CV-7796 (VEC)
    :
    Plaintiffs, :      ORDER AWARDING
    :      ATTORNEYS' FEES AND
    -against- :      EXPENSES AND AN
    :      AWARD TO LEAD
CBS CORPORATION and LESLIE MOONVES, :      PLAINTIFF PURSUANT
    :      TO 15 U.S.C. §78u-4(a)(4)
    Defendants. :

---------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

This matter having come before the Court on November 3, 2022, on the motion of Lead

Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff (the "Fee

Motion"), the Court, having considered all papers filed and proceedings conducted herein, having

found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully

informed of the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and

Agreement of Settlement dated April 15, 2022 (the "Stipulation"), and all capitalized terms used,

but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters

relating thereto, including all members of the Settlement Class who have not timely and validly

requested exclusion.

1

3.      Notice of Lead Counsel's Fee Motion was given to all Settlement Class Members who could be located with reasonable effort.  The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel $3,665,337.73 in attorneys' fees and $354,821.57 in expenses, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  For the reasons stated at the November 3, 2022 hearing, the Court does not award The Rosen Law Firm, P.A. $102.42 in expenses for online legal and document retrieval fees, and does not award attorneys' fees or expenses to Johnson Fistel, LLP, which has not appeared as counsel to any Plaintiff in this case or the related action *Lantz v. CBS Corp. et al.*, No. 18-CV-8978 (VEC) (S.D.N.Y. filed Oct. 1, 2018). The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5.      The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶7.2 thereof, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)     the Settlement has created a fund of $14,750,000 in cash that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b)     at least 170,310 copies of the Notice were disseminated to potential Settlement Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $500,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Settlement Class Members;

(c)     Lead Counsel pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)     Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

(e)     Lead Counsel pursued the Action entirely on a contingent basis;

(f)     the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

(h)     Lead Plaintiff's Counsel represented that they have devoted over 5,000 hours, with a lodestar value of $4,618,837.50, to achieve the Settlement;

(i)     public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j)     the attorneys' fees and expenses awarded are fair and reasonable.

3

7.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $2,250 to Lead Plaintiff Construction Laborers Pension Trust for Southern California for the time its Administrator Robert Glaza spent representing the Settlement Class.  For the reasons stated at the November 3, 2022 hearing, the Court declines to award $20,005.46 in legal fees for its outside counsel.

8.      Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

Date:  **November 7, 2022**  
      **New York, New York**

                   **VALERIE CAPRONI**  
                   **United States District Judge**

# TAB 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NIELSEN HOLDINGS PLC SECURITIES LITIGATION | Civil Action No. 1:18-cv-07143-JMF |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on July 20, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses, including awards to Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of March 15, 2022 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort, and they were given the opportunity to object by June 29, 2022. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been two objections to Lead Counsel's request for attorneys' fees. *See* ECF Nos. 146-9, 147, 155. One was submitted by Mr. Larry Killion. ECF Nos. 146-9 and 147. He does not object to the expense requests. Additionally, the Court received a letter from Ms. Monica Bohlman, objecting to the proposed fee award. ECF No. 155. The Court has considered the arguments raised by Mr. Killion, as well as his proposed fee schedule, and the arguments raised by Ms. Bohlman, but for the reasons stated on the record during the fairness hearing , and under the circumstances of this case, their objections are overruled.

5. Lead Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $18,037,433.00, plus interest at the same rate earned by the Settlement Fund (*i.e.,* 25% of the Settlement Fund, minus litigation expenses of $850,266.93) and $850,266.93 in payment of litigation expenses, plus accrued interest, which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a substantial fund of $73,000,000 in cash that

2

has been paid into escrow pursuant to the terms of the Stipulation, and that numerous Settlement

Class Members who submit valid Claim Forms will benefit from the Settlement that occurred

because of the efforts of counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by Plaintiffs, sophisticated institutional investors that oversaw the prosecution and resolution of the Action;

(c) 273,687 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and litigation expenses in an amount not to exceed $1,100,000, and they were given an opportunity to object;

(d) The Action required the navigation of highly challenging and complex issues spanning Nielsen's business, the data analytics industry, accounting practices, privacy regulations, and complicated falsity, market efficiency and loss causation issues;

(e) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g) The attorneys' fees awarded and litigation expenses to be paid from the Settlement Fund are fair and reasonable under the circumstances of this case and consistent with awards made within this District;

(h) Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

3

(i)     Plaintiffs' Counsel expended slightly more than 17,200 hours with a lodestar value of $10,382,315.75, to achieve the Settlement, representing a substantial effort.

7.     Lead Plaintiff the Public Employees' Retirement System of Mississippi is hereby awarded $17,750 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

8.     Named plaintiff Monroe County Employees' Retirement System is hereby awarded $5,625 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

9.     Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application, including that of Lead Counsel, shall in no way disturb or affect the finality of the Judgment.

10.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED this   20th   day of   July   , 2022

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

5

**TAB 5**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE SILVERCORP METALS, INC. SECURITIES LITIGATION | : : : : : : : : : : : : : | Case No. 12-cv-9456 (JSR) **CLASS ACTION** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #: _____
DATE FILED: 2/13/15

 **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

**WHEREAS:**

(A)     This Action[1] was originally commenced on or about December 28, 2012. Plaintiffs

Charles A. Burnes and Dale Hachiya were appointed as Lead Plaintiffs on April 15, 2013, and the

Court approved their choice of counsel, Pomerantz Grossman Hufford Dahlstrom & Gross, n/k/a

Pomerantz LLP.  An Amended Complaint was filed June 11, 2013, asserting claims under Sections

10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5

promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5)

against Silvercorp, Feng, and Tang.

(B)     By order entered August 8, 2013, which the Court reaffirmed in a memorandum

entered July 1, 2014, the motion to dismiss Feng and Tang was granted, and Lead Plaintiffs' GAAP

claim against Silvercorp was dismissed, but Silvercorp's motion to dismiss was otherwise denied.

---

[1] Capitalized terms herein shall have the same definitions as set forth in the Stipulation and Agreement of Settlement (the "Stipulation").

(C) On October 23, 2014, Lead Plaintiffs, acting on behalf of themselves and a proposed Settlement Class, entered into a Stipulation with Settling Defendants to settle this Action on the terms provided therein.

(D) Pursuant to the Preliminary Approval Order entered on November 12/2014, this Court scheduled a Settlement Hearing for February 9, 2015, at 4:00 p.m., to, *inter alia*, determine: (a) whether the proposed Settlement was fair, reasonable, and adequate, and should be approved by the Court; and (b) whether a judgment substantially in the form hereof should be entered herein (the "Final Approval Hearing").

(E) The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice.

(F) Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on February 9, 2015 and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3.     For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities that purchased Silvercorp common stock on the NYSE market between May 20, 2009 and September 13, 2011 (both dates inclusive). Excluded from the Settlement Class are Defendants, the current officers and directors of Silvercorp, the former officers and directors of Silvercorp, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

4.     Also excluded from the Settlement Class are all persons and/or entities who excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, their names appearing on Exhibit A hereto.  They are not bound by this Order and Final Judgment (the "Judgment"), and may not make any claim with respect to or receive any benefit from the Settlement.  Such excluded persons and/or entities may not pursue any Settlement Class Claims on behalf of those who are bound by this Judgment.

5.     The Court affirms its finding that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies the above Settlement Class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Based on the finding that Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court affirms its appointment of Lead Plaintiffs as the class representatives for the Settlement Class. The Court finds that Lead Counsel have fairly and adequately represented the interests of the Settlement Class, and affirms its appointment of Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7. This Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all implemented in accordance with the terms of the Settlement Stipulation and the Court's Preliminary Approval Order:

(a) Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c) Were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the

- 4 -

Case 1:12-cv-09458-JSR Document 81 Filed 02/13/15 Page 5 of 11

Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

8. The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

9. The Settlement set forth in the Stipulation is fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class taking into account, *inter alia*, the benefits to the Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation. It shall be consummated in accordance with the terms and provisions therein, and the Lead Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10. The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11. Upon the Effective Date, Lead Plaintiffs and Settlement Class Members (whether or not they submit a Proof of Claim or share in the Net Settlement Fund), on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Settlement Class Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Settlement Class Claims.

12. Upon the Effective Date, Settling Defendants, on behalf themselves and their heirs, executors, administrators, insurers, reinsurers, and assigns, and any person(s) they represent, shall

be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Defendant Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

13. The Settlement Consideration having been paid to the Escrow Account by Settling Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.

14. The Settling Defendants and all former defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Settling Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Judgment, whether or not it becomes Final, and any statements made or proceedings taken pursuant to it:

(a) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties.

(b) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission

- 6 -

with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiffs.

(c)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment, provided, however, that, the Released Parties, the Lead Plaintiffs, and any Settlement Class Member may use it to effectuate the liability protection granted them by the Stipulation and may file this Judgment in any action brought against them to support an argument, defense, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith-settlement, judgment bar, reduction, or any theory of claim or issue preclusion (or similar argument, defense, or counterclaim);

(d)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties that the Settlement Consideration represents the amount which could or would have been received after trial;

- 7 -

(e)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendants or any former defendants in this Action have any merit, or that damages recoverable in this Action would not have exceeded the Settlement Fund; and

(f)     Is not, shall not be deemed to be, and may not be argued to be or offered or received as evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

15.     No person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 48 of the Stipulation, are not materially inconsistent with this Judgment, and do not materially limit the rights of the Settlement Class Members under the Stipulation. This Court finds that during the course of this Action, all Parties, Lead Counsel and counsel to the Settling Defendants at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18.     Lead Counsel are awarded attorneys' fees in the amount of three million five hundred thousand U.S. dollars (USD$3,500,000.00) and reimbursement of expenses, including experts' fees and expenses, in the amount of two hundred twenty-six thousand, nine hundred thirty-three U.S. dollars and ninety-three cents (USD$226,933.93), such amounts to be paid from out of the Settlement Fund. Lead Plaintiffs Dale Hachiya and Charles A Burnes are awarded the sum of twelve thousand five hundred U.S. dollars (USD$12,500.00) each, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

19.     The attorneys' fees and expenses awarded herein shall be payable from the Settlement Fund, 50% payable ten (10) business days after entry of this Judgment and 50% payable upon distribution of the Settlement fund proceeds to the Class.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and

reimbursement of expenses in the Action; and (d) all parties for the purpose of construing, enforcing and administering the Settlement.

21. This Action and all Settlement Class Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

22. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Southern District of New York on ___2/11___, 2015.

_____
THE HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

- 10 -

Exhibit A

Persons Excluded From The Settlement

(1)     Richard G. Byerly, 3315 Cargill Street, Pittsburgh, PA 15219;

(2)     Dmitry I. Kamenev, 1075 Myrtle Street, Apt. 13, Los Alamos, NM 87544.