UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

NIZAR S. NAYANI, Individually and on
Behalf of All Others Similarly Situated,

                         Plaintiff,

        vs.

LIFESTANCE HEALTH GROUP, INC.,
MICHAEL K. LESTER, J. MICHAEL
BRUFF, ROBERT BESSLER, DARREN
BLACK, JEFFREY CRISAN, WILLIAM
MILLER, JEFFREY RHODES, ERIC
SHUEY, KATHERINE WOOD, MORGAN
STANLEY & CO. LLC, GOLDMAN SACHS
& CO. LLC, J.P. MORGAN SECURITIES
LLC, JEFFERIES LLC, TPG CAPITAL BD,
LLC, UBS SECURITIES LLC, and WILLIAM
BLAIR & COMPANY, L.L.C.,

                     Defendants.

---------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:22-cv-06833-JSR

CLASS ACTION

REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF: (1) LEAD
PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT AND APPROVAL OF PLAN
OF ALLOCATION; AND (2) LEAD
COUNSEL'S MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND EXPENSES
AND AN AWARD TO LEAD PLAINTIFF
PURSUANT TO 15 U.S.C. §77z-1(a)(4)

4856-4526-2235.v1

Lead Plaintiff Nizar S. Nayani, on behalf of himself and the Class, and Lead Counsel respectfully submit this memorandum of law in further support of: (i) Lead Plaintiff's motion for final approval of the Settlement and approval of the Plan of Allocation; and (ii) Lead Counsel's motion for an award of attorneys' fees and expenses and an award to Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4).[1]

## I.      INTRODUCTION

The proposed Settlement resolves this Action in its entirety in exchange for a cash payment of $50,000,000. As detailed in Lead Plaintiff's and Lead Counsel's opening final approval papers (ECF 88-92), the Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations, and represents a very favorable result for the Class in light of the substantial challenges that Lead Plaintiff would have faced in proving liability and damages.

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing over 17,400 copies of the Notice and Claim Form (together, "Notice Package") to potential Class Members and nominees. In response to this notice program, no Class Member has objected to any aspect of the Settlement, Plan of Allocation, or fee and expense request. In addition, there has been only one request for exclusion from the Class.[2] As explained further below, the reaction of the Class further

---

[1]     All capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation of Settlement (ECF 84-1) and the Declaration of Michael G. Capeci in Support of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §77z-1(a)(4) ("Capeci Decl." or "Capeci Declaration"). ECF 92. Citations are omitted and emphasis is added throughout unless otherwise noted.

[2]     The request for exclusion is invalid because it does not provide any evidence that the opt out request was made by a Class Member.

4856-4526-2235.v1

demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and award to Lead Plaintiff are fair and reasonable, and warrant approval.

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE MOTIONS

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the motions is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the lack of any objections from the Class and only one invalid opt-out provides additional support for approval of the motions.

Pursuant to the Court's Preliminary Approval Order, more than 17,400 copies of the Notice Package have been mailed to potential Class Members and their nominees. *See* Supplemental Declaration of Rochelle J. Teichmiller ("Supp. Teichmiller Decl."), dated January 12, 2024, ¶¶3-7, submitted herewith. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $700,000, plus interest on both amounts, and that Lead Plaintiff may seek an award in an amount not to exceed $7,000 pursuant to 15 U.S.C. §77z-1(a)(4) in connection with his representation of the Class. *See* Notice at 3, 8.

The Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses and request for an award to Lead Plaintiff, their right to exclude themselves from the Class, and the January 3, 2024 deadline for doing so. *See id.* at 2. The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Package, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *PR Newswire*. *See* ECF 92-2 (Declaration of Rochelle J. Teichmiller, dated December 18, 2023), ¶9.

- 2 -

In addition, the Claims Administrator established a case-specific website that provided, and continues to provide, information and links to relevant documents concerning the Settlement. *Id.*, ¶11.

As noted above, following this robust notice program, no Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses or award to Lead Plaintiff. Supp. Teichmiller Decl., ¶11. Only one request for exclusion was received. *Id.*, ¶10 (attaching the lone invalid request for exclusion).

The absence of objections, and lack of valid requests for exclusion, support a finding that the Settlement is fair, reasonable, and adequate. Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . . objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement."); *In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'"); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

Notably, no institutional investors have objected to the Settlement or requested exclusion. The absence of objections by institutional investor Class Members is further evidence of the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL*

- 3 -

4856-4526-2235.v1

*Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at \*10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported final approval of the settlement).

The lack of objections from institutional or individual Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class should also be considered with respect to Lead Counsel's application for an award of attorneys' fees and expenses and an award to Lead Plaintiff. The absence of any objections to the requested fees and expenses and award to Lead Plaintiff supports a finding that these requests are fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (finding that the lack of any objections to the fee request supported its approval). In particular, the lack of any objections by institutional investors supports approval of the fee and expense request and award to Lead Plaintiff, as this Court has recognized. *See In re Bisys Sec. Litig.*, 2007 WL 2049726, at \*1 (S.D.N.Y. July 16, 2007) (Rakoff, J.) (the lack of objections from institutional investors supported the approval of the fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive"); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of

- 4 -

4856-4526-2235.v1

investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request).

## III.   CONCLUSION

For the foregoing reasons, and the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, Lead Plaintiff respectfully requests that the Court approve the Settlement, the Plan of Allocation, and the application for fees and expenses and an award to Lead Plaintiff.  Proposed orders are submitted herewith.

DATED:  January 17, 2024          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARK T. MILLKEY
MICHAEL G. CAPECI
BRENT E. MITCHELL


s/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mmillkey@rgrdlaw.com
mcapeci@rgrdlaw.com
bmitchell@rgrdlaw.com

- 5 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
JONAH H. GOLDSTEIN (admitted *pro hac vice*)
SCOTT H. SAHAM (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jonahg@rgrdlaw.com
scotts@rgrdlaw.com

Lead Counsel for Lead Plaintiff

4856-4526-2235.v1