O1OZZNIZC-NK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NIZAR S. NAYANI,
individually and on behalf of
all others similarly situated

                    Plaintiffs,

          v.                          22-cv-6833 (JSR)

LIFESTANCE HEALTH GROUP, INC.,

                                      Fairness Hearing

                    Defendant.
------------------------------x

                                      New York, N.Y.
                                      January 24, 2024
                                      2:00 p.m.

Before:

                    HON. JED S. RAKOFF,

                                      District Judge

                         APPEARANCES

ROBBINS GELLER RUDMAN & DOWD, LLP
      Attorneys for Plaintiffs
BY:  SAMUEL H. RUDMAN
BY:  MICHAEL G. CAPECI
BY:  ELLEN GUSIKOFF STEWART


ROPES & GRAY,  LLP
      Attorneys for Defendant
BY:  MARTIN J. CRISP
BY:  ANNE E. CONROY


DAVIS POLK & WARDWELL LLP
      Attorneys for the Underwriter
BY:  BRIAN S. WEINSTEIN
BY:  ESTHER C. TOWNES

O1OZZNIZC-NK

(Case called)

MR. RUDMAN:  Good afternoon, your Honor.

Samuel Rudman, Robbins, Geller, Rudman & Dowd, for the plaintiff.

MR. CAPECI:  Good afternoon, your Honor.

Michael Capeci, Robbins, Geller, Rudman & Dowd, for the plaintiff.

MS. STEWART:  Good afternoon, your Honor.

Ellen Gusikoff Stewart for Robbins, Geller on behalf of the lead plaintiff.

THE COURT:  Good afternoon.

MR. CRISP:  Good afternoon, your Honor.

Martin Crisp of Ropes & Gray, on behalf of the LifeStance defendants.

MS. CONROY:  Anne Conroy from Ropes & Gray, on behalf of the LifeStance defendants.

MR. WEINSTEIN:  Good afternoon, your Honor.

Brian Weinstein, from Davis Polk, for the underwriter defendants.

MS. TOWNES:  Good afternoon, your Honor.

Esther Townes, from Davis Polk, also on behalf the underwriters.

THE COURT:  Hi.  Good afternoon, everyone.

So we're here for the proposed final approval of the class action settlement.  I have carefully studied the

settlement and applied innumerable factors that are set forth, not just in the roles but in the various cases that set forth the kinds of considerations.  And with the exception of two questions, everything looks fine, and I don't really need to hear much in the way of further discussion.  The two questions are, one relates to attorneys' fees and one relates to expenses.

So I normally, and maybe I should have flagged this in advance, want to see the actual time sheets of the attorneys so that I can evaluate the total.  Lots and lots of work was done here and that was very impressive and helps to support the claim for 25 percent since I have to compare the lodestar calculation with the percentage calculation, but I like to see what everyone did on a daily basis because then I get a much better idea of whether there was unnecessary duplication, whether there was stuff being done by three people that could have been done by two and so forth.  So I'll need to have counsel send me their time sheets.

The other question is with respect to expenses.  It's the same thing.  You've sort of given me a summary of the expenses but there's a big item for travel.  So I need to know a lot more of the specifics.  I need to know, did you fly first class -- I almost said did you fly in Clarence Thomas' private plane, but that would be an inappropriate thing to say.

But I just to see those two things.  And I'm sure that

O1OZZNIZC-NK

after seeing them, I will almost certainly approve everything you've proposed because it all seems reasonable.

So I do want to do that, double-check.

So how quickly can you get me those documents?

MR. RUDMAN:  A day, two days.

MS. STEWART:  I would say maybe by Monday.

MR. RUDMAN:  Monday.

THE COURT:  Monday is fine.

Really, that all the questions that I have.

Was there anything that any counsel wanted to raise?

MR. RUDMAN:  Judge, on expenses, do you want the invoices or do you just want our internal sheet?

THE COURT:  Internal sheet is okay as long as it specifies.

MR. RUDMAN:  You won't have any first-class travel. We have very strict policies.

THE COURT:  I'm so disappointed, but I'm not surprised.  And, fortunately, the big firms that are your adversaries don't have to submit their expense reports.  So that will be fine.

MR. RUDMAN:  We're happy to send them to you Monday.

The only thing I did want to say, your Honor, is to note that it is 16 months and a couple of weeks since this case was first started and in my, I guess now somewhat lengthy career, the fastest securities case we have ever done, with

O1OZZNIZC-NK

what I believe is an outstanding result.

THE COURT:  Well, come back next year, as I'm sure you will, and we'll see if we can beat that record.

Very good.  Thank you.

Anything anyone on the defense side wanted to say?

MR. CRISP:  No, your Honor.

THE COURT:  Very good.

MR. WEINSTEIN:  No, your Honor.

THE COURT:  That's it.  Thanks very much.

And after I've reviewed that, I will certainly sign the orders.  Unless a find a problem, I'll sign the orders by Tuesday or Wednesday of next week.

MR. RUDMAN:  We're just going to send it to you, right, your Honor?

THE COURT:  Yes, not for distribution.

Now, you might want to send it to Law360 so they can do the appropriate argument.

MR. RUDMAN:  Can we send it over by hand, Judge?  Is that okay?

THE COURT:  Yes.

MR. RUDMAN:  Okay.  Perfect.  Thank you very much.

oOo