UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
NIZAR S. NAYANI, Individually and on : Civil Action No. 1:22-cv-06833-JSR
Behalf of All Others Similarly Situated, :
: CLASS ACTION
Plaintiff, :
: [PROPOSED] ORDER AWARDING
vs. : ATTORNEYS' FEES AND EXPENSES AND
: AN AWARD TO LEAD PLAINTIFF
LIFESTANCE HEALTH GROUP, INC., : PURSUANT TO 15 U.S.C. §77z-1(a)(4)
MICHAEL K. LESTER, J. MICHAEL :
BRUFF, ROBERT BESSLER, DARREN :
BLACK, JEFFREY CRISAN, WILLIAM :
MILLER, JEFFREY RHODES, ERIC :
SHUEY, KATHERINE WOOD, MORGAN :
STANLEY & CO. LLC, GOLDMAN SACHS :
& CO. LLC, J.P. MORGAN SECURITIES :
LLC, JEFFERIES LLC, TPG CAPITAL BD, :
LLC, UBS SECURITIES LLC, and WILLIAM :
BLAIR & COMPANY, L.L.C., :
:
Defendants. :
:
---------------------------------------------------------------- x

This matter having come before the Court on January 24, 2024, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated October 13, 2023 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. There have been no objections to Lead Counsel's request for attorneys' fees and expenses.

5. The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, of which 50% is payable to Lead Counsel upon entry of this Order, and 50% is payable to Lead Counsel when the Net Settlement is distributed to Authorized Claimants. Lead Counsel is also awarded litigation expenses

of $571,894.58, plus interest at the same rate earned by the Settlement Fund, which is payable to Lead Counsel upon entry of this Order. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

6. In making this award of fees and expenses to Lead Counsel to be paid from the Settlement Fund, pursuant to the terms and condition of the Stipulation, the Court has considered and found that:

(a) the Settlement has created a fund of $50,000,000 in cash, and numerous Class Members who submit valid Proof of Claim and Release Forms will benefit from the Settlement created by Lead Counsel;

(b) the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Action;

(c) over 17,400 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $700,000, plus interest on both amounts;

(d) Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Lead Counsel pursued the Action entirely on a contingent basis;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

- 3 -

    (h)    Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (i)    public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

    (j)    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

7.    Pursuant to 15 U.S.C. §77z-1(a)(4), the Court awards $5,970.90 to Lead Plaintiff Nizar S. Nayani for the time and expenses he spent directly related to his representation of the Class.

8.    Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

DATED this 30th day of January, 2024

_____
THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE